UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO. 8:24-cr-68-KKM-TGW

TIMOTHY BURKE.
_____/

# ORDER

THIS CAUSE came to be heard upon the Motion for Protective Order (Doc. 33). The defendant has filed two responses to which the government has filed a reply (see Docs. 39, 51, 52). An in-person hearing occurred on June 27, 2024. Further, supplemental memoranda was provided.

As discussed at the hearing, this matter involves three categories of information, for which the government seeks to obtain a protective order. Thus, category one is personal identifying information ("PII"). As discussed at the hearing, PII is clearly governed and protected by federal law. Accordingly, a protective order is appropriate for that information.

Category two is trade secrets or confidential commercial information. As I noted at the hearing, this type of information is frequently sought to be protected by a protective order. Importantly, in the past I have determined with such information that some of it was due to be protected

while some of it was not. Thus, the defendant may, if he chooses, object in a motion to any trade secret or confidential information that the government has deemed needs to be protected. The government may file a response in opposition in the accordance with the Local Rules.

The third category of information is "contraband or fruits of the identified crimes" (Doc. 52, p. 6). This is information or items that the government asserts the defendant illegally stole or intercepted. At the hearing, the government argued that the defendant should not be permitted to publish these items given the fact that he, allegedly, obtained them illegally. The defendant refutes that assertion. Thus, I instructed the parties to provide supplemental memoranda on this issue, which both parties have filed.

The defendant, as he did at the hearing, avers in his supplemental memorandum that the items at issue are not "contraband" because he did not illegally steal or intercepted them. Thus, the defendant did not put forth any case law that would support the notion that he has a right to publish the items that he, allegedly, illegally stole or intercepted. As aptly stated by the government, the defendant has "no property rights in the fruits of [his] crime" and no case law has been provided to state otherwise (Doc. 63, p. 11). As discussed at the hearing, the government's protective

order does not preclude the defendant from viewing these items; rather, it merely requires that his review of these items be supervised and that he may not, in essence, take these items with him. Of course, the purpose of that limitation is to prevent the defendant from publishing these items—which the defendant clearly confirmed he has, at least, considered doing. Accordingly, a protective order is appropriate for the information in category three as well.

It is, therefore, upon consideration,

ORDERED:

1. That the Motion for Protective Discovery Order (Doc. 33) be, and the same is hereby, **GRANTED**. As indicated, as to the information in category two, the defendant may object in a motion to any trade secret or confidential information that the government has deemed needs to be protected, to which the government may respond in accordance with the Local Rules.

2. That the Clerk is hereby **DIRECTED** to file the attached Protective Order (Doc. 33-1).

3

DONE and ORDERED at Tampa, Florida, this 24th day of July, 2024.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE