UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:24-cr-00068-KKM-TGW |
| v. | REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INDICTMENT |
| TIMOTHY BURKE | |

Timothy Burke respectfully submits this reply brief in support of his motion to dismiss various charges in the Indictment. [1]

**Expectation of Privacy Is A Missing Element of the Offense of "Interception" of Oral Communications, and "Not Publicly Accessible" Is A Missing Element in the "Interception" of Electronic Communications**

The Indictment charges that Burke used a device to "intercept" (acquire the contents of) wire, oral and electronic communications. However, for "oral communications" this is not a crime unless *the grand jury finds*, and the *indictment alleges* that the communication was "uttered by a person exhibiting an expectation that such communication is not subject to interception under

---

[1] Whether an indictment sufficiently alleges a statutorily prescribed offense is a question of law. *Rodriguez v. Ritchey,* 556 F.2d 1185, 1191 n. 22 (5th Cir.1977), *cert. denied,* 434 U.S. 1047 (1978); *United States v. Steele,* 117 F.3d 1231, 1233 (11th Cir.), *reh'g en banc granted, opinion vacated,* 129 F.3d 1462 (11th Cir. 1997), and *on reh'g,* 147 F.3d 1316 (11th Cir. 1998).

1

circumstances justifying such expectation." 18 USC 2510(2).[2] This is an *element of the offense* without which there is no crime. Simply reciting that the communication was "oral, wire and electronic" is insufficient. While the government asserts that the Indictment "tracks the statutory language" in fact, it only tracks s*ome of the statutory language,* omitting key parts with key elements.[3] "A grand jury can perform its function of determining probable cause and returning a true bill only if *all elements of the offense* are contained in the indictment." *United States v. Sanchez,* 269 F.3d 1250, 1314 (11th Cir. 2001)(Barkett, J. concurring).

With respect to "intercepting *electronic* communications," the offense only occurs if the grand jury alleges that the electronic communications were not "configured to be readily accessible to the public" 18 USC 2511(2)(g)(i) -- "intercepting" public

---

[2] *Nafziger v. Gospel Crusade, Inc.,* No. 8:19-CV-2511-MSS-TGW, 2021 WL 2963833, at *2 (M.D. Fla. May 4, 2021)(plaintiff has burden of alleging and showing privacy expectation); *Molodecki v. Robertson Display, Inc.*, No. 8:00-CV-2469-T-17F, 2002 WL 34421226, at *2 (M.D. Fla. Sept. 10, 2002); *United States v. Chavez,* No. 1:19-CR-76-LMM-CCB-1, 2022 WL 18231783, at *3 (N.D. Ga. Nov. 18, 2022), *report and recommendation adopted,* No. 119CR00076LMMCCB, 2023 WL 158898 (N.D. Ga. Jan. 10, 2023); *Smith v. Shuttle Serv. Mia, In*c., No. 18-23610-CIV, 2020 WL 13420542, at *3 (S.D. Fla. Mar. 18, 2020)('plaintiff must plead factual content that gives rise to a reasonable inference that the plaintiff had a justifiable expectation of privacy in the oral communications intercepted.")

[3] See, *e.g., United States v. Chang,* No. 1:21-CR-109-AT, 2024 WL 2218696, at *5 (N.D. Ga. Mar. 1, 2024("[t]he Court thus cannot infer that the grand jury returned the charges only after finding probable cause to support all of the necessary elements of the crimes,... and the Indictment must be dismissed as insufficient); *United States v. Pena,* 684 F.3d 1137, 1147 (11th Cir. 2012)(for an indictment to be sufficient, it must present the essential elements of the charged offense"); "Unless every element of an offense appears in the indictment, it is impossible to assure the defendant that a grand jury properly determined probable cause of the offense."*United States v. Outler,* 659 F.2d 1306, 1311 (5th Cir. 1981).*Accord, United States v. Fern,* 155 F.3d 1318, 1324 (11th Cir. 1998); *United States v. Gayle,* 967 F.2d 483, 485 (11th Cir.1992) (en banc), *cert. denied,* 507 U.S. 967 (1993);

or accessible communications is not a crime, and the Indictment *omits a key element of the crime.* Unlike "defenses" to an unlawful interception, like consent of a party,[4] the grand jury must find and charge that the "intercepted" communications themselves were not "readily accessible," [5] and the accused does not have to prove accessibility. [6] The indictment makes no such charge.

**The Indictment Charges As Crimes Activities Which Are Constitutionally Protected Speech**

---

[4] *See, Thompson v. Dulaney*, 838 F. Supp. 1535, 1543 (D. Utah 1993); *Valentine v. WideOpen W. Fin.*, LLC, 288 F.R.D. 407, 413 (N.D. Ill. 2012)(consent is an affirmative defense to ECPA); *Brown v. Google LLC,* 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021)(it is Google's burden to prove consent.); *In re Pharmatrak, Inc.*, 329 F.3d 9, 19 (1st Cir. 2003)

[5] Live Face on Web, LLC v. Tweople, Inc., No. 6:14-CV-44-ORL-22TBS, 2014 WL 12611359, at *3 (M.D. Fla. Sept. 29, 2014)(in complaint that "URL hacking" violated the statute, noting "the SCA does not provide a cause of action for "acts of individuals who 'intercept' or 'access' communications that are otherwise readily accessible by the general public" and requiring fact finding.); *Trump v. Clinton*, 626 F. Supp. 3d 1264, 1317 (S.D. Fla. 2022)("Plaintiff does not dispute the public nature of this data, and it would appear difficult to maintain an SCA claim based on public internet data.) *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1200 (2022) ("Congress wanted to protect electronic communications that are configured to be private." (citation omitted))."); *In re Innovatio IP Ventures, LLC Pat. Litig.*, 886 F. Supp. 2d 888, 892 (N.D. Ill. 2012)("The question is not, however, whether the networks are "readily accessible to the general public," but instead whether the network is configured in such a way so that the electronic communications sent over the network are readily accessible."); *MCGIP, LLC v. Does 1-14*, No. 11 C 2887, 2011 WL 13552528, at *3 (N.D. Ill. July 26, 2011)(intercepting communications through a BitTorrent site lawful because "it appears that such file sharing is readily accessible to the general public, and accordingly is not protected under the ECPA").*Jones v. Carranza*, No. 3:22-CV-00494-ART-CSD, 2023 WL 11830748, at *5 (D. Nev. Aug. 17, 2023)(police monitoring social media posts regarding a suspect involved in burglaries lawful because sites "configured such that the electronic communication is readily accessible to the general public.")

[6] The grand jury alleges (par. 8) that the "StreamCo" *website* was "designed to limit access .. via a secured password-protected website" *but not that a password was required to access the "communications"* allegedly intercepted - which it was not. Par. 9-10 of the Indictment allege that the live streams allegedly "intercepted" had unique URL's (BID's) were "stolen" but never asserts that the live videos were not on a server that was configured to be readily accessible to the public - an essential but missing element of the offense. Indeed, the "configuration" component is not addressed at all in the indictment. The grand jury must allege not just that the website addresses were "secret" but also that they were configured to not be "readily accessible" to people who knew the address. Orin S. Kerr, Norms of Computer Trespass, 116 Colum. L. Rev. 1143, 1164–65 (2016) ("A hard-to-guess URL is still a URL, and the information posted at that address is still posted and accessible to the world.")

3

In *Bartniki*, the Court held that, with respect to the "disclosure" of the contents of unlawfully intercepted communications statute, a reporter who publishes such content to the public has a First Amendment right to do so, and cannot lawfully be prosecuted for such actions. [7]

Here, the grand jury has charged a reporter with doing exactly that, *likely without ever having been told that Burke was a reporter*, or that the live feeds were broadcast to Media Matters and Vice News, or that Bartnicki eschewed the criminality of these actions. By removing Burke's status as a journalist (or likely not informing the grand jury of this fact), the government seeks to avoid the clear dictate of *Bartniki* that such disclosures of truthful information to the public are not only not a crime, but cannot be made into a crime under the Constitution. The government is correct that, under the facts of *Bartniki*, there was no evidence that the journalist himself "intercepted" the offending communications. [8] However, Mr. Burke faces criminal - not civil -- charges (where the rule of lenity applies) in the "disclosure" counts NOT for the unlawful <u>interception</u> itself, but for the act of what the Supreme Court called "pure speech." While the Supreme Court noted

---

[7] Under the specific provision of 18 USC 2511(1)(c), there is no distinction between a defendant who intentionally disclosed communications that they intercepted, or that they procured to be intercepted. The offense relates only to their knowledge of the interception - not how that knowledge was acquired.

[8] As the Third Circuit noted, "this case focuses exclusively on the portions of the Wiretapping Acts that create causes of action for civil damages against those who use or disclose intercepted communications and who had reason to know that the information was received through an illegal interception." *Bartnicki v. Vopper*, 200 F.3d 109, 116 (3d Cir. 1999)

that Voepper was not the source of the intercepted communication, its holding that the "disclosure" offense was directed at pure speech of truthful and newsworthy information did not depend on this finding, and there is no reason to so limit it. [9]   It's not that a journalist may commit a crime -- it is that, when a journalist [10] engages in an act which is protected by the First Amendment, even if that act is precluded by statute, the statute fails.  The "disclosure crime" here is telling the world about what Kanye West said on Fox News, within the ambit of *Bartnicki*.

Even when an Indictment tracks the statutory language, where it purports to charge conduct rejected by the Supreme Court, the Indictment is invalid on its face. [11]

**The Government's Theory is Predicated on *VanBuren***

---

[9] Moreover, of course, since the interception counts fail to assert key elements that would make the interception unlawful, the disclosure counts similarly fail if the interception was not at least in the Indictment, sufficiently alleged to have been unlawful.

[10] In *Bartnicki*, the Court did not rely primarily on Voepper's status as a journalist, but rather on the fact that the alleged criminal "disclosure" at issue related to "the full and free dissemination of information concerning public issues" *Id.* 532 U.S. at 518, and referred to Voepper not as a journalist but as a "Media defendant," an appellation that similarly enures to Mr. Burke.

[11] This term alone, see, e.g., *Fischer v. United States,* 144 S. Ct. 2176, 2179 (2024)(18 U.S.C. § 1512(c)(1) does not cover January 6 attacks to U.S. Capitol); *Snyder v. United States*, 144 S. Ct. 1947, 1948 (2024)(18 U.S.C. § 201(b) does not cover post-action gratuities); *Counterman v. Colorado,* 600 U.S. 66, (2023), (Colo. Rev. Stat. § 18–3–602(1)(c) requires evidence of intent to threaten); *Dubin v. United States,* 599 U.S. 110 (2023) (aggravated identity theft under 18 U.S.C. § 1347 requires actual misuse of identity); *United States v. Hansen*, 599 U.S. 762  (2023)(8 U.S.C. § 1324(a)(1)(A)(iv) cannot constitutionally apply to protected speech activities of advocating unlawful immigration); *Twitter, Inc. v. Taamneh,* 598 U.S. 471 (2023)(18 U.S.C. § 2333 cannot constitutionally be applied to activities which do not constitute "substantial assistance" and which are otherwise protected speech).

The "hacking" counts under 18 USC 1030(a)(2) relate to allegations that Burke broke into the computer of LiveU.tv (not specifically named) and obtained "information" - the addresses for the live streams he is alleged to have viewed and downloaded.  The *VanBuren* defendant, a police officer, was charged under the same provision of 18 USC 1030(a)(2), but for "exceeding the scope of authorized access" rather than for "accessing [a computer] without authorization."  However, as the Magistrate Judge noted in the search warrant itself, the CFAA offense relates to  "downloading information without authorization," not "hacking" - precisely the kind of activity that *Van Buren* was erroneously convicted for. [12] Burke's alleged "crime" is receiving the list of live streams "without permission" by using a demo password published online by its owner.  While not identical to *Van Buren's* download of Georgia Police files for personal use "without permission" it is closely analogous.

**The Motion Does Not Improperly Raise Factual Issues**

The Motion to Dismiss is directed at the face of the Indictment itself.  While it notes that the oral communications allegedly "intercepted" were made at a television studio in front of cameras, this was simply to illustrate the fact that the grand jury was never told that they had to find probable cause to believe that the

---

[12] This interpretation of *VanBuren* leads to an anomalous result.  A person who exceeds their permission to access or use a computer, and obtains information they are not entitled to obtain, is guilty of no offense under *VanBuren* and other cases.  But a person who "accesses a computer" without specific permission and obtains information they are entitled to have, or obtains public information, is a felon.

communications were intended to be "private," and that the Indictment therefore fails to allege this crucial element. So too the omission of the element of "readily accessible," substituting instead an allegation that the web addresses accessed were "secret," but not that they were not "readily accessible." Additionally, the grand jury was likely never informed that Burke was a journalist entitled to First Amendment protection for "disclosure" and publication of truthful newsworthy content. In short, the Court need make no factual findings to conclude that the Indictment deliberately omits key elements of the offenses charged. As such, Counts 8 through 14 of the Indictment related to violations of the wiretap and SCA statutes should be DISMISSED.

Respectfully submitted,

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553

*s/Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted *Pro hac vice*

COUNSEL FOR TIMOTHY BURKE

## CERTIFICATE OF SERVICE

I hereby certify that on **August 16, 2024**, a true and correct copy of the foregoing document is being electronically filed and will be furnished via CM/ECF to: Jay Trezevant, Esquire, U.S. Attorney's Office, Middle District of Florida, Tampa Division, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602 at jay.trezevant@usdoj.gov.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
