UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                          CASE NO.: 8:24-cr-00068-KKM-TGW

**TIMOTHY BURKE**
_____/

## JOINT MOTION TO CONTINUE TRIAL

**COME NOW**, Defendant, TIMOTHY BURKE, and UNITED STATES OF AMERICA, by and through their undersigned Counsel, and move this Honorable Court to continue the October 21, 2024 trial term in this matter, pursuant to Title 18, United States Code 3161(h)(7). The grounds for this Motion are as follows:

1. On February 15, 2024, a Grand Jury in the Middle District of Florida returned an Indictment against the Defendant. (Doc. 1).

2. In Count One, the Grand Jury charged that beginning on an unknown date, but no later than in or around February 22, 2022, and continuing into May 2023, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke, did knowingly and volunteering combine, conspire, confederate, and agree with Conspirator 2 and other persons, both known and unknown to the Grand Jury, to commit the following offenses against the United States:

  a. to intentionally access a protected computer without authorization to obtain information therefrom, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii);

  b. to intentionally intercept, endeavor to intercept, and procure any person to intercept and endeavor to intercept, a wire, oral, and electronic communication, in violation of 18 U.S.C. § 2511(1)(a) and (4)(a); and

  c. to intentionally disclose, and endeavor to disclose, to any other person the contents of any wire, oral, and electronic communication, knowing and having reason to know that the information was illegally obtained through the interception of a wire, oral, and electronic communication, in violation of 18 U.S.C. § 2511(1)(c) and (4)(a).

All in violation of 18 U.S.C. Section 371.

In Counts Two and Three, the Grand Jury charged that on or about September 8, 2022, and September 14, 2022, respectively, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke, intentionally accessed a protected computer used in and affecting interstate and foreign commerce and communication, namely, the NSL FTP server located at ftp://ftp01.NSL.Com, without authorization, and thereby obtained

information from that protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2), and 18 U.S.C. § 2.

In Count Four, the Grand Jury charged that on or about August 22, 2022, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke, intentionally accessed a protected computer used in and affecting interstate and foreign commerce and communication, namely, the StreamCo-Net, without authorization, and thereby obtained information from that protected computer: (a) in furtherance of a criminal act, in violation of 18 U.S.C. § 2511(1)(a); (b) in furtherance of a criminal act, in violation of 18 U.S.C. § 2511(1)(c); and (c) for the purpose of commercial advantage and private gain in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii), and 18 U.S.C. § 2.

In Counts Five through Seven, the Grand Jury charged that on or about August 23, 2022, August 24, 2022, and September 13, 2022, respectively, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke, intentionally accessed a protected computer used in and affecting interstate and foreign commerce and communication, namely, the StreamCo-Net, without authorization, and thereby obtained information from that protected computer in furtherance of a criminal act, in violation of 18 U.S.C. § 2511(1)(a), in violation of 18 U.S.C. § 1030(a)(2)(C) and

(c)(2)(B)(ii), and 18 U.S.C. § 2.

In Counts Eight through Twelve, the Grand Jury charged that on or about August 23, 2022, September 1, 2022, September 3, 2022, September 28, 2022, and October 6, 2022, respectively, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke, intentionally intercepted, endeavored to intercept, and procured another person to intercept and to endeavor to intercept, the contents of a wire, oral, and electronic communication as it was occurring, by means of a device, namely a computer in violation of 18 U.S.C. § 2511(1)(a), and 18 U.S.C. § 2.

In Counts Thirteen and Fourteen, the Grand Jury charged that on or about October 10, 2022, April 24, 2023, respectively, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke, intentionally disclosed, and endeavored to disclose, to another person, the contents of a wire, oral, and electronic communication, knowing and having reason to know that the information was obtained through the interception of a wire, oral, and electronic communication, in violation of 18 U.S.C. § 2511(1)(a), in violation of 18 U.S.C. § 2511(1)(c), and 18 U.S.C. § 2.

3. Arraignment began on March 11, 2024 (Doc. 17) but was continued to April 2, 2024 (Doc. 19) so counsel could be secured. Mr. Burke waived arraignment upon filing of counsel's notice of appearance. (Doc. 24,

25, and 26)

  3. Mr. Burke is not incarcerated.

  4. This matter is set for a status conference on September 16, 2024, Pretrial Conference on October 7, 2024, and a date-certain trial date of October 21, 2024 (Doc 42). Following entry of a protective order in this case on July 24, 2024, Doc. 69, the United States, on August 12, 2024, produced to the defense a second significant volume of discovery. The parties are still collaboratively working to achieve an exchange of a logical copy of Mr. Burke's RAID array server as it was constructed at the time of the May 8, 2023 search warrant at his residence. A 20 TB hard drive has been provided to the government and was obtained today from the government. Now the defense will need a significant amount of time to review the hard drive and have any experts review identified relevant materials. Given the volume of discovery, the need for computer forensic examination of the mirrored drives, the desire to free the Court's time when being properly prepared for trial by October seems impracticable, the desire to free up witnesses for other important activities, and the impact the discovery may have on the need for pretrial motion practice, the parties respectfully and jointly request that the trial date be struck and the matter set for a status conference in October to assess the progress of the case at that

time.

5. This present Motion is submitted in good faith and without any intention to cause unnecessary delay or inconvenience to any party. The parties agree the ends of justice would be served by the granting of the motion to continue the trial and outweigh the best interest of the public and the defendant in a speedy trial, in accordance with 18 U.S.C. Section 3161(h)(7)(A) and (B).

6. A Waiver of Speedy Trial through March 2025 will be filed.

## MEMORANDUM OF LAW

"Because of the great latitude that must be afforded a trial judge in scheduling matters, a trial court has broad discretion in ruling on requests for continuances. [citation omitted]." See *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir.1985).

**WHEREFORE**, the parties request that the trial date of October 21, 2024, be struck from the calendar, and that the Pretrial Conference presently scheduled for October 7, 2024, be reset as a Status Conference. To the extent the Court is inclined to reschedule the trial for a particular Trial Term or to a particular date certain, the parties request the trial be set for January or February 2025.

Respectfully Submitted,

*s/Michael P. Maddux*
Michael P. Maddux, P.A.
Florida Bar No.: 0964212
2102 West Cleveland Street
Tampa, Florida 33606
Attorney for Defendant
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail:mmaddux@madduxattorneys.com

*s/Jay G. Trezevant*
*Jay G. Trezevant*
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa St., Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Email: jay.trezevant@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **22nd** day of **August 2024**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire