UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 8:24-cr-68-KKM-TGW

TIMOTHY BURKE

## UNITED STATES' SUR-REPLY

The United States of America hereby files this sur-reply to defendant Timothy Burke's *Reply Brief in Support of Defendant's Motion to Suppress* (the "Reply"). Doc. 77.

On July 26, 2024, the United States submitted the *United States' Opposition to Burke's Motion to Suppress* (the "Response"). Doc. 72. In explaining why it was irrelevant to a determination of probable cause concerning a violation of 18 U.S.C. § 2511(1)(a) whether individuals participating in an intercepted interview were in the same location, the submitted Response, on page 20, explained that the affidavit articulated violations of both *wire communications* and *electronic communications* (two of the three disjunctive possibilities). The United States' Response in this context included the statement (emphasis added):

> "Under the Wiretap Act, that intercepted audio/video transmission contained *both wire* (human voice) and *electronic communications* (images and other electronic information) and amounted to a violation of § 2511(1)(a).

The United States' explanation also included a note reference to the definitions of "wire communication" and "electronic communication" under § 2510(1), (18), and (12).

On August 16, 2024, Burke filed his Reply. Doc. 77. In arguing that the magistrate judge was not fully informed about the elements of § 2511(1)(a), the Reply, on pages six and seven, included what was represented to be the above quotation but exchanged the word "*oral*" for "*wire*" (emphasis added):

> [u]nder the Wiretap Act, that intercepted audio/video transmission contained ***both oral*** (human voice) and ***electronic communications*** (images and other electronic information) and amounted to a violation of § 2511(1)(a).

The Reply then included a note reference to the definition of "oral communication" under § 2510(2), as well as argument about "oral communications." That exchange of term could lead to unnecessary confusion regarding the United States' argument.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

By:   */s/Jay G. Trezevant*
    Jay G. Trezevant
    Assistant United States Attorney
    Florida Bar No. 0802093
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone:   (813) 274-6000
    Facsimile:   (813) 274-6358
    E-mail: jay.trezevant@usdoj.gov

    */s/Adam J. Duso*
    Adam J. Duso
    Assistant United States Attorney
    Florida Bar No. 1026003
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone:   (813) 274-6000
    Facsimile:   (813) 274-6358
    E-mail: adam.duso@usdoj.gov

U.S. v. Timothy Burke                              Case No. 8:24-cr-68-KKM-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Michael Maddux, Esq.
    Mark Rasch, Esq.

    */s/ Jay G. Trezevant*
    Jay G. Trezevant
    Assistant United States Attorney