# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                              **CASE NO.: 8:24-cr-00068-KKM-TGW**

**TIMOTHY BURKE**

_____/

### DEFENDANT TIMOTHY BURKE'S MEMORANDUM OF LAW
### REGARDING THE APPLICATION OF
### SNOW v DIRECTV and U.S. v. McCANN

A person who acquires the contents of a communication clearly commits no crime if any party to that communication has expressly or impliedly consented to the acquisition of the communication. [1] The statute broadly prohibits the "acquisition of communications." The paramount objective of the Wiretap Act is to protect the privacy of certain communications. *Gelbard v. United States*, 408 U.S. 41, 48 (1972).   Thus, communications which are either public, in a public place, publicly broadcast, readily accessible to the public, or made with no expectation of privacy are not covered by the statute.  To make "acquiring communications" a crime therefore, the grand jury must find and allege that the communication is, in some way, private and the interception "wrongful" and non-consensual.

---

[1] 18 USC 2511 (2)(d).

A simple scenario illustrates the unworkable nature of making "consent" an affirmative defense.  Apple's new Airpod acts as a hearing aid - the use of a "device" to "acquire the contents" of a communication.  The government's interpretation would make this a felony subject to an affirmative defense.  Making consent a defense would, in most cases, obviate the purpose of the statute - to protect private communications -- and would turn ordinary activities like having a phone call, listening to the radio, watching TV or surfing the web into felonies - it would "do violence" to the statute.

There are three scenarios where the Courts have suggested that proof of consent could be a "defense" to otherwise valid claims of violation of the wiretap/eavesdropping statute. (1) where the government has already proven some form of "wrongful" interception, and the defendant asserts that a "defense" of consent should be presented; (2) where the government or proponent of evidence seeks to introduce a recorded conversation, and must prove that the conversation was recorded lawfully;[2] or (3) where an Internet platform asserts that

---

[2] 18 U.S. Code § 2515 prohibits the introduction in evidence of unlawfully intercepted communications.  As such, it is the burden of the proponent of such evidence to demonstrate that the interception was lawful. *United States v. Napier*, 451 F.2d 552, 553 (5th Cir.1971), *United States v. Davis*, 799 F.2d 1490, 1492 (11th Cir. 1986). See, e.g., Eighth Circuit Pattern Criminal Jury Instruction 2.05 WIRETAP OR OTHER RECORDED EVIDENCE "[You [are about to hear] [have heard] recordings of conversations. These conversations were legally recorded, and you may consider the recordings just like any other evidence.]"

the terms of an end user agreement or license constitutes "notice and consent" to the collection of data - including conversations.[3]  Of these, only the first applies.

*The McArthur Test*

*U.S. v. McArthur*, 108 F.3d 1350, 1353 (11th Cir. 1997) counsels that "where one can omit the exception from the statute without doing violence to the definition of the offense, the exception is more likely an affirmative defense" citing *U.S. v. Outler*, 659 F.2d 1306, 1309-10 (5th Cir. 1981),  noting "where "an exception . . . [is] so necessary to a true definition of the offense . . . the elements of the crime are not fully stated without the exception." [4] *McArthur* also suggests looking at the structure of the statute, its history and purpose, and which party is in a better position to present evidence to determine if something is an element or a defense. *Id.*

**No "Consent" Provisions**

The structure of Title III/ECPA is to broadly prohibit "interception" of "oral, wire, or electronic" communications - defined as "acquiring the content of

---

[3] *Heerde v. Learfield Commc'ns,* LLC, No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874, at *8 (C.D. Cal. July 19, 2024);  *Brown v. Google* LLC, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021); *In re Pharmatrak, Inc.*, 329 F.3d 9, 19 (1st Cir. 2003); I*n re TikTok, Inc. In-App Browser Priv. Litig.*, No. 24 C 2110, 2024 WL 4367849, at *8 (N.D. Ill. Oct. 1, 2024); *Doe v. Meta Platforms, Inc.,* 690 F. Supp. 3d 1064, 1077–78 (N.D. Cal. 2023), *motion to certify appeal denied*, No. 22-CV-03580-WHO, 2024 WL 4375776 (N.D. Cal. Oct. 2, 2024). *Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2011 WL 13100240, at *3 (S.D. Fla. Aug. 26, 2011)

[4] *Accord*, *U.S. v. Cook*, 84 U.S. (17 Wall.) 168, 21 L.Ed. 538 (1872), some "exceptions" are so closely intertwined with the definition of the offense that the government must allege them in the indictment even if the exception is in a separate clause.

these communications." For *oral communications*, the government must allege and prove <u>definitionally</u> that they were "uttered by a person exhibiting[5] an expectation that such communication is not subject to interception under circumstances justifying such expectation."[6]

Wire and electronic communications have no such "reasonable expectation of privacy" element, but rather (for electronic communications at least), in a provision added as part of the ECPA after the *McCann* holding, [7] applies only to communications that were not "configured to be readily accessible to the public."[8] It was this provision that the Court in *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320-21 (11th Cir. 2006) held had to be pleaded and proven [9] because "Congress did not

---

[5] *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1319 (11th Cir. 2017)(privacy expectation must be affirmatively "exhibited" -- that is displayed.)

[6] 18 USC 2510(2).  This is different from, but related to consent, as this applies only to oral communications, and express or implied consent obviates any expectation of privacy.  Thus, the government must plead and prove with respect to "oral" communications that there was no consent to the acquisition and that the parties reasonably expected the communication not to be acquired.

[7] "[T]he ECPA was written prior to the advent of the Internet and the World Wide Web. As a result, the existing statutory framework is ill-suited to address modern forms of communication" *U.S. v. Steiger*, 318 F.3d 1039, 1047 (11th Cir. 2003), citing *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 875 (9th Cir. 2002)

[8] S. REP. 99-541, 18, 1986 U.S.C.C.A.N. 3555, 3572  "it is permissible to intercept electronic communications made through an electronic communication system configured so that the communication is 'readily accessible to the general public….[t]he term 'configure' is intended to establish an objective standard of design configuration for determining whether a system receives privacy protection."(emphasis added)Accord, *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 875 (9th Cir. 2002)

[9] *Snow* dealt with the exclusion in 18 USC 2511(2)(g)(i) that provides that it is not an offense to acquire the contents of an electronic communication *configured to be readily accessible to the public*. The Court held that the Plaintiff had the burden of alleging and proving that the "intercepted" communication was not "readily accessible."  *Stirling Int'l Realty, Inc. v. Soderstrom*, No. 6:14-CV-

4

intend to criminalize or create civil liability for acts of individuals who "intercept" or "access" communications that are otherwise readily accessible by the general public." [10] Indeed, as *Snow* noted, this must be an element of the offense, because without it having been plead and proven, the statute puts anyone who clicks on links on the Internet at peril of prosecution. [11]

**Consent Provisions**

As Congress noted in passing the ECPA: "Virtually all concede that the use of wiretapping or electronic surveillance techniques by private unauthorized hands has little justification *where communications are intercepted without the consent*

---

1109-ORL-40, 2015 WL 2354803, at *5 (M.D. Fla. May 15, 2015)"liability cannot be imposed under the SCA where the electronic communication at issue was readily accessible to the public."

[10] This differs from "consent" because a communication can be lawfully intercepted even if inadvertently configured to be readily accessible - the issue is how it is configured, not whether such configuration was intended, or indeed whether the contents are private. *In re Innovatio IP Ventures, LLC Pat. Litig.*, 886 F. Supp. 2d 888, 892 (N.D. Ill. 2012)("The question is not, however, whether the networks are "readily accessible to the general public," but instead whether the network is configured in such a way so that the electronic communications sent over the network are readily accessible.")

[11] See, e.g., *Davis v. HDR Inc.*, 652 F. Supp. 3d 1087, 1089–90 (D. Ariz. 2023), appeal dismissed, No. 23-15233, 2023 WL 5367499 (9th Cir. May 10, 2023); *Live Face on Web, LLC v. Tweople, Inc.*, No. 6:14-CV-44-ORL-22TBS, 2014 WL 12611359, at *3 (M.D. Fla. Sept. 29, 2014); *Ehling v. Monmouth-Ocean Hosp. Serv. Cor*p., 961 F. Supp. 2d 659, 668 (D.N.J. 2013)("The touchstone of the Electronic Communications Privacy Act is that it protects private information. The language of the statute makes clear that the statute's purpose is to protect information that the communicator took steps to keep private.) *Combier v. Portelos*, No. 17-CV-2239 (MKB), 2018 WL 3302182, at *13 (E.D.N.Y. July 5, 2018), report and recommendation adopted, No. 17CV2239MKBRLM, 2018 WL 4678577 (E.D.N.Y. Sept. 29, 2018), aff'd, 788 F. App'x 774 (2d Cir. 2019)("The touchstone of the [SCA] is that it protects private information."); *MCGIP, LLC v. Does 1-14*, No. 11 C 2887, 2011 WL 13552528, at *2 (N.D. Ill. July 26, 2011)("Based on the allegations in the complaint, it appears that defendants' alleged file-sharing activities were readily accessible to the public."); *Kimbrell v. Twitter, Inc.*, No. 18-CV-04144-PJH, 2019 WL 634647, at *4 (N.D. Cal. Feb. 14, 2019)("the[complaint] appears to allege that Twitter intercepted, eavesdropped on, or surveilled "@realDonaldTrump's" public tweets in order to ban its followers. The Wiretap Act, however, specifically excludes such public communications from its purview.")

*of one of the participants.*"[12]  Thus, when considering recording, eavesdropping, or wiretapping of private communications, Congress included a provision applicable to oral, wire or electronic communications that made it clear that the statute did not apply *where a party had consented* to the acquisition of the contents of the communication. [13]  It was this provision at issue in *U.S. v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972) which can be limited both on its facts and its procedural posture. [14]  The Fifth Circuit affirmed the District Court's refusal to instruct the jury on consent because there was no evidence of consent noting that, "[i]f the appellants believed that they came within the consent exception it was incumbent upon them to prove this fact." *Id.* at 162.  In *McCann*, there was *simply not an issue of consent*. There was <u>no challenge to the charging document</u> for failing to allege that the interceptions were nonconsensual.

---

[12] 1968 U.S.C.C.A.N. 2112, 2156. Accort, U.S. v. Smith, 978 F.2d 171, 175 (5th Cir. 1992) "Title III essentially prohibits the nonconsensual interception of "wire," "oral," and "electronic" communication without prior judicial approval." U.S. v. Townsend, 987 F.2d 927, 929 (2d Cir. 1993)("jury had to find that he "intentionally" intercepted the conversations of third parties *without their knowledge or consent.*"); *Briggs v. American Air Filter Co., Inc.,* 630 F. 2d 41(5th Cir.,1980); *Watkins v. LM Berry & Co.,* 704 F. 2d 577, 581 (11th Cir., 1983). *US v. Mathis*, 96 F. 3d 1577, 1583 (11th Cir., 1996).

[13] "Congress intended the consent requirement to be construed broadly." *U.S. v. Amen,* 831 F.2d 373, 378 (2d Cir. 1987); *U.S. v. Willoughby,* 860 F.2d 15, 19 (2d Cir.1988), cert. denied, 488 U.S. 1033, 109 S.Ct. 846, 102 L.Ed.2d 978 (1989); *Watkins v. L.M. Berry & Co.,* 704 F.2d 577, 581 (11th Cir.1983); *Griggs-Ryan v. Smith,* 904 F.2d 112, 116 (1st Cir. 1990)

[14] *McCann* involved allegations that, as part of an inter-familial dispute over corporate ownership, parties hired investigators to wiretap other family members.  The defendants were arrested with wiretapping equipment and recordings in their car.

Compare the facts of *McCann* to those here.  The "communications" Mr. Burke is alleged to have intercepted and disclosed were made between participants in a television studio, wearing microphones, which was taped for broadcast.[15]  Not only is a claim that the participants could reasonably expect that their conversations were not being recorded dubious at best,[16]  there is evidence - either not presented to or ignored by the grand jury - that participants like Kanye West or Tucker Carlson knew they were being recorded and consented to such recordings.[17]  Consent and privacy are critical issues here.[18]

Several subsequent courts have refused to follow *McCann*, either expressly or impliedly.  In *Consumer Electronic Products v. Sanyo Elec., Inc.*, 568 F.Supp. 1194, 1196 (D.Colo.1983) and *By–Prod Corporation v. Armen–Berry Co.*, 668 F.2d 956 (7th

---

[15] The test is not whether they expected that *Mr. Burke* would not acquire the contents, but that the contents would not be recorded at all. See, e.g., *Nafziger v. Gospel Crusade, Inc., No. 8:19-CV-2511-MSS-TGW, 2021 WL 2963833, at *2 (M.D. Fla. May 4, 2021)*(Civil case interpreting identical provision in Fla. Stat. § 934.03; plaintiff has burden of showing privacy expectation).

[16] See, e.g. *Wesley v. WISN Div.-Hearst Corp.*, 806 F. Supp. 812, 815 (E.D. Wis. 1992)(traffic reporter impliedly consented to recording "hot mic" in studio she did not know was on). Accord, *U.S. v. Curtis*, 513 F. App'x 823, 826 (11th Cir. 2013)(recording was proper where no reasonable expectation of privacy); *Kosch v. Traverse City Area Pub. Sch.*, 662 F. Supp. 3d 774, 785 (W.D. Mich. 2023), aff'd sub nom. *Kosch v. Traverse City Area Public Schools,, et al.*, No. 23-1354, 2024 WL 3549589 (6th Cir. July 26, 2024)(recording "hot mic" not a crime); *Peruto v. Roc Nation,* 385 F. Supp. 3d 384, 388 (E.D. Pa. 2019)(even where subject did not know his on camera remarks were being recorded, he never went "off the record" or removed the microphone, so he consented to the recording).

[17] Consent implied where call made "knowing that it would be monitored."" *U.S. v. Jones*, 839 F.2d 1041, 1050 (5th Cir. 1988)

[18] Indeed, it was at a minimum reasonable for Mr. Burke to assume that the participants consented to having their communications recorded - and under *Bartnicki v. Vopper*, 532 U.S. 514 (2001), it would be incumbent on the government to allege and show that, when he "disclosed" the contents of the communications, he reasonably believed that the recordings were not consensually made.

7

Cir.1982) the courts in civil cases explained that the plaintiff asserting that the communication was intercepted unlawfully had the burden of alleging and proving this fact.  Accord, *Kassap v. Seitz*, 315 Md. 155, 168, 553 A.2d 714, 720 (1989) distinguishing *McCann* and citing the above cases noting:

> In each of these cases, the court read the one-party consent exception in conjunction with the general prohibitions of 18 U.S.C. § 2511(1). [E]ach court treated the one-party consent provision as qualifying the scope of the general prohibitions and thus "viewed [it] as [an] aspect ... of the basic definition of the violation rather than as a so-called affirmative defense exception...." [19]

Removing the requirement that the grand jury find and allege that the "interception" be done without express or implied consent would do precisely what the Eleventh Circuit criticized in *Snow*.  It would "do violence" to the statute by permitting the wiretap law to become something that it is not - a broad prohibition on acquiring the contents of communications - and would improperly

---

[19] We could find no pattern jury instructions for 18 USC 2511 or Florida Code 934.03. California instructions for Pen. Code, §§ 632, 637.2 (an all party consent state, like Florida but unlike the federal provision) provides that the government must prove 1. That [defendant] intentionally [eavesdropped on/recorded] [victim]'s conversation by using an electronic device; 2. That [victim] had a reasonable expectation that the conversation was not being overheard or recorded; [and] 3. That [defendant] did not have the consent of all parties to the conversation to [eavesdrop on/record] it…; Judicial Council Of California Civil Jury Instruction 1809; *Steven Ades & Hart Woolery v. Omni Hotels Mgmt. Corp.*, No. 2:13-CV-02468-CAS, 2014 WL 4627271, at *11 (C.D. Cal. Sept. 8, 2014).

place the burden on the defendant to show that their conduct was not wrongful, rather than making the government prove that what defendant did was a crime.

### **Remedy**

The indictment must be dismissed as insufficient.  Under Rule 7, the Indictment is deficient because the grand jury has not alleged facts from which it can be concluded that the communications allegedly intercepted were (1) intercepted from people exhibiting a reasonable expectation of privacy; (2) obtained from a server that was not configured to be generally accessible to the public; and, (3) made without the express or implied consent of any of the participants. [20]  This deficiency cannot be cured with a Bill of Particulars, as it fails to allege an essential element of the offense.  The Indictment as structured, must be dismissed, but the dismissal does not need to be with prejudice unless the Court

---

[20]"The sufficiency of a criminal indictment is determined from its face." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir.2004) (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992)). "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir.2003) (internal quotation marks omitted). "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." *Id.* (internal quotation marks omitted). "Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (internal quotation marks omitted). *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)

finds that the original or new indictment was brought for improper or vexatious purposes. We suspect, however, that the issue of dismissal with or without prejudice will be moot, as a properly charged grand jury, based on the facts, cannot find probable cause to believe that the conversations at questions were private, and that the parties in front of the cameras did not consent to having their conversations recorded.

Respectfully submitted,

**_s/Michael P. Maddux_**
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553
Email: mmaddux@madduxattorneys.com
        ctonski@madduxattorneys.com

**_s/Mark D. Rasch_**
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted _Pro hac vice_


COUNSEL FOR TIMOTHY BURKE

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 13th day of December 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.


s/*<u>Michael P. Maddux</u>*
Michael P. Maddux, Esquire