UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:24-cr-68-KKM-TGW

TIMOTHY BURKE

**UNITED STATES' SUPPLEMENTAL MEMORANDUM OF LAW**

This memorandum is submitted pursuant to this Court's November 18, 2024 Order, directing the parties to provide supplemental briefing that addresses how the decisions in *United States v. McCann*, 465 F.2d 147 (5th Cir. 1972) and *Snow v. DirecTV, Inc.*, 450 F.3d 1314 (11th Cir. 2006) inform the determination of whether the "readily accessible" exception found in 18 U.S.C. § 2511(2)(g)(i) is an element of the offense of intercepting electronic communications under 18 U.S.C. § 2511(1)(a)[1] or an affirmative defense. Doc. 87. This memorandum therefore supplements both the United States' *Response in Opposition to Defendant's Motion to Dismiss Indictment* ("United States' Response in Opposition"), Doc. 71, and oral argument on November 12, 2024, explaining that the "consent" and "readily accessible" exceptions listed in § 2511(2) are affirmative defenses to a charge brought under § 2511(1), Doc. 71 at 10-12, and need not be negated in the indictment.

---

[1] Per § 2511(1)(a): ". . . any person who—intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication[,] shall be punished . . . ."

As explained below, this Circuit's controlling precedent in *McCann* holds that the § 2511(2) exceptions are affirmative defenses that need not be alleged in an indictment charging a violation under § 2511(1)(a). *McCann*, 465 F.2d at 162. That holding binds this Court. To the extent *Snow* contradicts *McCann*—and the United States submits that it does—"the earlier panel decision controls." *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 n.2 (11th Cir. 2006); *accord Walker v. Mortham*, 158 F.3d 1177, 1188-89 (11th Cir. 1998) (following the "earliest case" rule to resolve intra-circuit splits). Moreover, the Eleventh Circuit in *United States v. Kloess*, 251 F.3d 941, 945-46 (11th Cir. 2001) reiterated the holding in *McCann* in a slightly different context, when applying this Circuit's *McArthur* framework. *See United States v. McArthur*, 108 F.3d 1350, 1353-54 (11th Cir. 1997). And *Kloess* expressly followed *McCann*, as it was obligated to do. *Kloess*, 251 F.3d at 945.

This memorandum also responds to the Court's oral Order near the conclusion of the November 12, 2024 hearing, directing briefing by the parties regarding whether a grant of Burke's Motion to Dismiss, Doc. 64, in full or in part, can be made with or without prejudice. As explained below, the defendant's Motion to Dismiss raises no arguments or allegations that would support dismissal with prejudice of the indictment or any charged count therein.

    A. Eleventh Circuit Law Bars Reliance on Proffered "Facts" in a Motion to Dismiss an Indictment.

The United States continues to dispute the proffered "facts" contained within Burke's Motion to Dismiss, claiming that the communications at issue in this case

were "publicly and readily accessible." *See, e.g.*, Doc. 64 at 11. As addressed in the United States' Response in Opposition, this Circuit bars such reliance upon proffered "facts" in a motion to dismiss to conclude that an indictment is defective. Doc. 71 at 4–10. The language of the indictment properly tracks the pertinent statutory language and states valid charges. The defendant will have ample opportunity at trial to challenge or develop facts in defense of the charged conduct.

      B.  <u>Per *McCann*, it is Not Necessary to Negate the Exceptions Listed in § 2511</u>.

In *McCann*, the defendant and his co-defendant were convicted of violations of 18 U.S.C. § 2511(1)(a) for the illicit interception of telephone conversations, obtained using a mechanical recording device attached to the telephone lines at the victim's home. On appeal, McCann contended that the trial court had committed reversible error by not dismissing the indictment against the appellants because the indictment "did not negate all the statutory exceptions listed in 18 U.S.C. § 2511." *McCann*, 465 F.2d at 162. The appellate court found no merit to McCann's contention, clarifying that "it was not necessary to recite in the indictment that the interceptions were made without consent." *Id.* The *McCann* court cited to the Supreme Court decision in *McKelvey v. United States*, 260 U.S. 353, 357 (1922), explaining (emphasis added):

> It was not necessary to recite in the indictment that the interceptions were made without consent. ***If the appellants believed that they came within the consent exception it was incumbent upon them to prove this fact.*** As was said in *McKelvey v. United States*, 'an indictment . . . founded on a general provision defining the elements of an offense, . . . ***need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere*** and . . . it is incumbent upon one who relies on such an exception to set it up and establish it.'

3

*Id.* (internal citations omitted).

Although the appellate court in *McCann* specifically addressed the "consent" exception to a charge brought under § 2511(1)(a), the rationale of its decision extends to the other exceptions listed in § 2511(2)(a) through (j), which are drafted using the same language and phrasing. And *McCann*'s holding is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) ("We hold that the decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit."). A later panel cannot contravene a published-opinion holding and establish different precedent. *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court."); *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong."). And "district courts in this Circuit must apply our caselaw when addressing issues of federal law." *Drazen v. Pinto*, 74 F.4th 1336, 1340-41 (11th Cir. 2023). Thus, to the extent the holding in *McCann* cannot be squared with the later holding in *Snow*, *McCann* controls. *Burke-Fowler*, 447 F.3d at 1323 n.2 (following the "earliest case" rule to resolve intra-circuit splits). The indictment returned against

Burke need not negative all the listed § 2511(2) exceptions—which include the "readily accessible" exception at issue here—in the counts charging violations of § 2511(1)(a), namely Counts Eight through Twelve.[2] Those counts properly track the pertinent statutory language and are legally sufficient.

  C. This Circuit's *McArthur* Framework Embraces *McKelvey* and *McCann*.

  Moreover, application of this Circuit's *McArthur* framework confirms that the exceptions to the Wiretap Act listed in § 2511(2)(a) through (j) are properly categorized as potential "affirmative defenses," not as elements of a crime charged under § 2511(1). In *McArthur*, the Eleventh Circuit set forth a three-part inquiry to use in determining whether an exception to a criminal offense is an element of a crime or an affirmative defense:

> To determine whether an exception to a criminal offense is an element of the crime or an affirmative defense, we undertake a three-part inquiry. We begin with the language and structure of the statute. Next, we examine the legislative history of the provision. *United States v. Laroche*, 723 F.2d 1541, 1543 (11th Cir.) (following *United States v. Mayo*, 705 F.2d 62 (2d Cir.1983)), *cert. denied*, 467 U.S. 1245, 104 S.Ct. 3521, 82 L.Ed.2d 829 (1984). Finally, we decide whether the defendant or the government is better situated to adduce evidence tending to prove or disprove the applicability of the exception. *United States v. Jackson*, 57 F.3d 1012, 1016 (11th Cir.), *cert. denied*, 516 U.S. 970, 116 S.Ct. 432, 133 L.Ed.2d 346 (1995).

*Id.* at 1353. The Court then noted two interpretive presumptions that guide the Court in making these distinctions:

> With regard to the language and structure of the statute, we are guided by two interpretive presumptions. First, a narrow proviso to a more general statutory offense is more likely to be an affirmative defense than an element of the offense. As the Supreme Court has stated, 'an indictment ... founded on a

---

[2] Nor would such exceptions come into play in addressing Counts Thirteen and Fourteen, which charge violations of 18 U.S.C. § 2511(1)(c).

> general provision defining the elements of an offense ... need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere. ...' *McKelvey v. United States*, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922). A second, but related, rule is that where one can omit the exception from the statute without doing violence to the definition of the offense, the exception is more likely an affirmative defense. Thus, in *United States v. Outler*, 659 F.2d 1306, 1309–10 (5th Cir. Unit B Oct. 1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 665 (1982), we explained that where 'an exception ... [is] so necessary to a true definition of the offense ... the elements of the crime are not fully stated without the exception.'

*Id*. The Eleventh Circuit has consistently affirmed the use of the *McArthur* framework for determining whether an exception is an element or an affirmative defense.

Notably, in *Kloess*, 251 F.3d 941, the Eleventh Circuit used the three-part *McArthur* inquiry to determine that an exception listed in 18 U.S.C. § 1515(c) was an affirmative defense to conduct charged under 18 U.S.C. § 1512(b)(3),[3] rather than an element of the offense. There, the Eleventh Circuit stated that construction of a statute "must begin, and often should end as well, with the language of the statute itself." *Id*. at 944 (citing to *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997)). The appellate court then considered § 1515(c), listing the pertinent exception, and explained:

> Congress, however, routinely creates exceptions to criminal liability for various offenses. Most of these exceptions do not contain language indicating that they are affirmative defenses rather than elements of the offenses.

---

[3] In accordance with § 1512(b)(3), "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings[,] shall be fined under this title or imprisoned not more than 20 years, or both." Section 1515(c) provides an exception under the pertinent chapter—18 U.S.C. Chapter 73 (Obstruction of Justice)— for the provision "of lawful, bona fide, legal representation services in connection with or anticipation of an official proceeding."

6

> Nevertheless, the courts generally interpret them as affirmative defenses. *See, e.g., McArthur*, 108 F.3d at 1353 (no posting of notice exception to crime of possession of firearm in federal facility; . . . *United States v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972) (consent exception to illegal wiretap) . . .. We do not find the absence of such language dispositive.

*Id.* at 945. Applying the *McArthur* framework, this Circuit in *Kloess* observed that § 1512(b)(3) "is a broad prohibition against *anyone* who knowingly and willfully" violates that provision, and that § 1515(c) "is a narrow exception to the general prescription." *Id.* Per the appellate court, that statutory structure:

> suggests that it is not an element of the crime [charged]. *See McCann*, 465 F.2d at 162 (indictment alleging unlawful interception of wire communications need not charge statutory exceptions found in distinct clause of statute).

*Id.* The Eleventh Circuit thereafter identified the impracticability of negating § 1515(c) whenever the government charged a defendant with a crime listed under § 1512(b)(3) or other provision within 18 U.S.C. Chapter 73 and concluded that the structure of the statute led to the conclusion that § 1515(c) is not an element of the crime stated in § 1512(b)(3). *Id.* at 945-46.

Applying *McCann*, *McArthur*, and *Kloess* to the arguments raised in *Burke's* Motion to Dismiss, the numerous exceptions to the Wiretap Act—§ 2511(2)(a) through (j)—are narrow provisos to the broad prohibition under § 2511(1)(a) against the intentional interception, endeavoring to intercept, or procuring another person to intercept or endeavor to intercept, any wire, oral, or electronic communication. And a defendant charged under § 2511(1)(a) is better equipped to prove that an exception within § 2511(2) is available and to take advantage of that exception. *See, e.g., Kloess*, 251 F.3d at 946. Moreover, it is nonsensical to propose that the government must

7

negatively allege as elements, and then disprove, the collection of narrow exceptions, ranging from the rights of service providers, the authority of the Federal Communications Commission (FCC), the exclusion of certain radio bands, and exceptions under the Foreign Intelligence Surveillance Act (FISA).[4] Further, these exceptions can be omitted from § 2511(1)(a) without doing violence to the definition of the offense. As a result, the listed exceptions are properly considered as affirmative defenses rather than elements of the offenses. Burke's claim in his Motion to Dismiss that these affirmative defenses must be pleaded as necessary elements is without merit and should be rejected.

    D. *Snow* is a Later Decision That Does Not Control Here.

In *Snow*, federal civil plaintiff Snow sued defendant DirecTV, Inc. under the civil provisions of the Stored Communications Act (18 U.S.C. § 2701 et seq.), for purportedly accessing an electronic bulletin board contained on a website hosted by plaintiff Snow without authorization. The Stored Communications Act is a distinct subpart of the Electronic Communications Privacy Act of 1986 ("ECPA"), of which the Wiretap Act is also a subpart. The two subparts share a common set of definitions and exceptions, one shared exception being the "readily accessible"

---

[4] In addition to the collection of exceptions contained within § 2511(2)(a) through (2)(j), additional exceptions exist in the context of interception by law enforcement (18 U.S.C. § 2518(1)–(4)), interception of communications from enumerated devices such as tone-only pagers or tracking devices (18 U.S.C. § 2510(12)), interception by equipment used by providers of wire or electronic communication services in the ordinary course of business (18 U.S.C. § 2510(5)), and interceptions by certain classes of aviation and transportation authorities related to the function of their agencies (*see* 6 U.S.C. § 124n(a) and 49 U.S.C. § 20107(c)(4)). In total, the United States identified 24 such exceptions to the general provisions of the Wiretap Act.

exception, codified at 18 U.S.C. § 2511(2)(g). After the trial court dismissed the civil complaint for failure to state a claim, Snow appealed.

In 2006, the Eleventh Circuit in *Snow*—without mentioning, distinguishing, or purporting to overrule *McKelvey*, *McCann*, *McArthur*, or *Kloess*—upheld the dismissal, explaining that the failure of a federal civil complaint to affirmatively plead that the communications at issue were not "readily accessible" was a sufficient basis to dismiss the complaint. *Snow*, 450 F.3d at 1320-21. The Court continued:

> [g]iven the [World Wide Web's] ubiquitous and public nature, it becomes increasingly important in cases concerning electronic communications available through the Web for a plaintiff to demonstrate that those communications are not readily accessible. . . . Thus, the requirement that the electronic communication not be readily accessible by the general public is material and essential to recovery under the [Stored Communications Act].

*Id*. at 1321.

The indictment charged in this federal criminal case is governed under Fed. R. Crim. P. 7 and applicable Eleventh Circuit law, and so should be distinguished from the ruling in *Snow* concerning the sufficiency of a civil complaint. To the extent that *Snow* contradicts the holdings in *McCann, McArthur*, and *Kloess*—and the United States submits that it does—"the earlier panel decision[s] control[]." *Burke-Fowler*, 447 F.3d at 1323 n.2. The exceptions listed in § 2511(2) are properly categorized as affirmative defenses and not elements of crimes charged under § 2511(1).

E. Any Dismissal With Prejudice Would be Erroneous Under the Circumstances Presented Here.

Near the conclusion of the November 2024 hearing, this Court directed the parties to provide a supplemental brief regarding whether a grant of Burke's Motion

to Dismiss, Doc. 64, in full or in part, can be made with or without prejudice. As a general proposition, "federal courts possess the power and duty to dismiss federal indictments obtained in violation of the Constitution or laws of the United States." *United States v. Pabian*, 704 F.2d 1533, 1536 (11th Cir. 1983). However, the supervisory powers of a district judge allow the judge to impose the extreme sanction of an indictment with prejudice only in extreme situations. *United States v. Campagnuolo*, 592 F.2d 852, 864-865 (5th Cir. 1979). Thus, absent demonstrable prejudice, dismissal is inappropriate, even in a case of egregious prosecutorial misconduct. *United States v. Merlino*, 595 F.2d 1016, 1018 (5th Cir. 1979); *and see United States v. Esformes*, 60 F.4th 621, 632-634 (11th Cir. 2023). Here, the Motion to Dismiss raises no arguments or allegations that would support dismissal with prejudice of the indictment or any charged count therein.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  /s/ *Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

/s/ *Adam J. Duso*
Adam J. Duso
Assistant United States Attorney
Florida Bar No. 1026003
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: adam.duso@usdoj.gov

U.S. v. Timothy Burke                           Case No. 8:24-cr-68-KKM-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Michael Maddux, Esq.
> Mark Rasch, Esq.

> */s/ Jay G. Trezevant*
> Jay G. Trezevant
> Assistant United States Attorney