UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE
_____/

**MOTION TO FILE MOTION TO DISMISS OUT OF TIME**

The Defendant, **TIMOTHY BURKE**, by and through the undersigned Counsel and pursuant to Federal Rule of Criminal Procedure 12( c)(2), moves for this Honorable Court to enter an Order allowing Defendant to file the Motion to Dismiss, out of time, and as support states as follows:

1.  On February 15, 2024, a Grand Jury in the Middle District of Florida returned an Indictment against the Defendant and one (1) other individual. (Doc. 1).

2.  In Count One, the Grand Jury charged that beginning on an unknown date, but no later than in or around February 22, 2022, and continuing into May 2023, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke, did knowingly and volunteering combine, conspire, confederate, and agree with Conspirator 2 and other persons, both

known and unknown to the Grand Jury, to commit the following offenses against the United States:

    a.    to intentionally access a protected computer without authorization to obtain information therefrom, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii);

    b.    to intentionally intercept, endeavor to intercept, and procure any person to intercept and endeavor to intercept, a wire, oral, and electronic communication, in violation of 18 U.S.C. § 251l(1)(a) and (4)(a) ; and

    c.    to intentionally disclose, and endeavor to disclose, to any other person the contents of any wire, oral, and electronic communication, knowing and having reason to know that the information was illegally obtained through the interception of a wire, oral, and electronic communication, in violation of 18 U.S.C. § 251 l(1)(c) and (4)(a).

All in violation of 18 U.S.C. Section 371.

In Counts Two and Three, the Grand Jury charged that on or about September 8, 2022, September 14, 2022, respectively, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke intentionally accessed a protected computer used in affecting interstate and foreign commerce and communication, namely, the NSL FTP server located at [ftp://ftp01.NSL.Com](ftp://ftp01.NSL.Com), without authorization, and thereby obtained information from that protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2), and 18 U.S.C. § 2.

In Count 4, the Grand Jury charged that on or about August 22, 2022, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke intentionally accessed a protected computer used in and affecting interstate and foreign commerce and communication, namely, the StreamCo-Net, without authorization, and thereby obtained information from that protected computer: (a) in furtherance of a criminal act, in violation of 18 U.S.C. § 2511(1)(a); (b) in furtherance of a criminal act, in violation of 18 U.S.C. § 2511 (l)(c); and (c) for the purpose of commercial advantage and private gain in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii), and 18 U.S.C. § 2.

In Counts five through Seven, the Grand Jury charged that on or about August 23, 2022, August 24, 2022 and September 13, 2022, respectively, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke intentionally accessed a protected computer used in and affecting interstate and foreign commerce and communication, namely, the StreamCo-Net, without authorization, and thereby obtained information from that protected computer in furtherance of a criminal act, in violation of 18 U.S.C. § 2511(l)(a), in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii), and 18 U.S.C. § 2.

In Counts eight through twelve, the Grand Jury charged that on or about August 23, 2022, September 1, 2022, September 3, 2022, September 28, 2022, and October 6, 2022, respectively, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke intentionally intercepted, endeavored to intercept, and procured another person to intercept and to endeavor to intercept, the contents of a wire, oral, and electronic communication as it was occurring, by means of a device, namely a computer in violation of 18 U.S.C. § 2511(1)(a), and 18 U.S.C. § 2.

In Counts Thirteen and Fourteen, the Grand Jury charged that on or about October 10, 2022, April 24, 2023, respectively, in the Middle District of Florida, and elsewhere, the Defendant, Timothy Burke intentionally disclosed, and endeavored to disclose, to another person, the contents of a wire, oral, and electronic communication, knowing and having reason to know that the information was obtained through the interception of a wire, oral, and electronic communication, in violation of 18 U.S.C. § 2511(1)(a), in violation of 18 U.S.C. § 2511(1)(c), and 18 U.S.C. § 2.

3. Arraignment began on March 11, 2024 (Doc. 17) but was continued to April 2, 2024 (Doc. 19) so counsel could be secured. Mr. Burke waived arraignment upon filing of counsel's notice of appearance. (Doc. 24, 25, and 26)

4. On April 2, 2024, the Honorable Thomas G. Wilson issued a Pretrial Discovery Order and Notice of Trial and Status Conference. The Order states that a motion attacking the sufficiency of the Indictment or seeking a bill of particulars shall be filed within fourteen (14) days of the arraignment and all other motions and memoranda concerning matters not covered by the Order must be filed within thirty (30) days after receipt of the Government's Rule 16(a) discovery. (Doc. 27)

5. This Honorable Court granted the first motion to continue the deadlines to June 16, 2024. (Doc. 30) Defense Counsel moved at the status conference to extend the deadline to July 1, 2024 which this Honorable Court granted. (Doc. 42) Defense Counsel moved for an additional fourteen (14) day extension until July 15, 2024, which was granted. (Doc 61)

6. Defense Counsel has uncovered further legal issues with the Indictment which are addressed in Defendant's Motion to Dismiss Counts on Duplicity Pursuant to F.R. Crim. P. 8(a). (Exhibit A)

7. This request is made in good faith and not for the purpose of undue delay. Granting this motion will not prejudice any party.

8. Trial Counsel for the United States, Jay G. Trezevant, Esquire, does object to the relief sought in this motion and the attached Motion to Dismiss.

**WHEREFORE**, for all the reasons stated above and any others that appear to this Court, Mr. Burke by and through the undersigned Counsel moves this Honorable Court to allow the filing of the attached Motion to Dismiss, out of time.

## MEMORANDUM OF LAW

The District Court has inherent power to control the workings of its docket and manage its case load in an efficient manner that satisfies the ends of justice. "Because of the great latitude that must be afforded a trial judge in scheduling matters, a trial court has broad discretion in ruling on requests for continuances." *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir.1985) (citation omitted).

Respectfully Submitted,

*/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar No.: 0964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 33606
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: mmaddux@madduxattorneys.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **3rd day of January 2025**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

                                              */Michael P. Maddux*
                                              Michael P. Maddux, Esquire