UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE

_____/

### DEFENDANT'S MOTION TO DISMISS COUNTS ON DUPLICITY PURSUANT TO F.R. CRIM. P. 8(a)

The indictment, in Counts 8-12, and Counts 13 and 14 charges that Burke intercepted or disclosed the contents of communications which were simultaneously "oral, wire *and* electronic."[1] This creates a legal impossibility, as <u>oral communications</u> are defined as those which are <u>not electronic,</u> and <u>electronic communications</u> are defined as those which are <u>not oral or wire</u>.

Thus, the grand jury has found probable cause to believe that these communications are simultaneously oral and not electronic, and electronic, and not oral or wire. These are not simply different "ways" to violate the wiretap statute - like "intercepting" "endeavoring to intercept" or "procuring someone to intercept…" Rather, they reflect different crimes with different elements, different

---

[1] The indictment does not allege that some of the communications "intercepted" were "oral" and some "electronic" and some "wire." It alleges that ALL of the communications were "oral, wire and electronic" communications.

1

defenses, different standards of proof, different evidentiary rules, different suppression standards, and different characteristics. Nor can the government at trial "choose" which of the offenses it wishes to instruct the jury on based on the evidence at trial. It must, under F.R.Crim.P. 7 and 8 and U.S. Const. Amend V, delineate which of these offenses it wishes to prosecute.

A count is duplicitous if it charges two or more separate and distinct offenses. *See United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997). A duplicitous count poses three risks: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." *Id.* In the instant case, not only are the charges duplicitous, they are mutually inconsistent.

18 USC 2511 prohibits the "interception" (using a device to acquire the contents) of certain communications. As provided in 18 USC 2510(2) an "oral communication" means "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception[2] under

---

[2] The test is not whether they expected that Mr. Burke would not acquire the contents, but that the contents would not be recorded at all. See, e.g., *Nafziger v. Gospel Crusade, Inc.*, No. 8:19-CV-2511-MSS-TGW, 2021 WL 2963833, at *2 (M.D. Fla. May 4, 2021)(Civil case interpreting identical provision in Fla. Stat. § 934.03; plaintiff has burden of showing privacy expectation); *Molodecki v. Robertson Display, Inc.*, No. 8:00-CV-2469-T-17F, 2002 WL 34421226, at *2 (M.D. Fla. Sept. 10, 2002); *United States v. Chavez,* No. 1:19-CR-76-LMM-CCB-1, 2022 WL 18231783, at *3 (N.D. Ga. Nov. 18, 2022), *report and recommendation adopted,* No. 119CR00076LMMCCB, 2023 WL 158898 (N.D. Ga. Jan. 10, 2023).

circumstances justifying such expectation, but such term does not include any electronic communication." The government must plead and prove that this communication was made with such an expectation of privacy. *US v. McKinnon*, 985 F. 2d 525, 356 (11th Cir. 1993). Unlawfully intercepted "oral communications" are not admissible in court. 18 USC 2515. Moreover, the statute prohibits the interception of "oral communications" with no established nexus to interstate or international commerce.

Under 18 USC 2510(1), a "wire communication" means "any aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception." For wire communications, no "expectation of privacy" need be established, but a nexus to interstate communications must be established. *Briggs v. Am. Air Filter Co.*, 630 F.2d 414, 417 (5th Cir. 1980).

Finally, as provided by 18 USC 2510(12) an "electronic communication" means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce, but does not include … any wire or oral communication" The suppression rule of 18 USC 2515 does not apply to electronic communications, but an electronic

3

communication must be "intercepted" while in transmission,[3] from a server that is not "configured to be readily accessible to the public." *Snow v. DirecTV, Inc.*, 450 F.3d 1314 (11th Cir. 2006).

**Duplicity Under F.R. Crim. P. 8(a)**

Rule 8(a), F.R.Crim.P., requires that two or more offenses, if contained in the same indictment, be charged "in a separate count for each offense." A count in an indictment is duplicitous if it charges two or more separate and distinct offenses." *United States v. Schlei,* 122 F.3d 944, 977 (11th Cir.1997). "[T]he key issue to be determined is what conduct constitutes a single offense." *United States v. Seher*, 562 F.3d 1344, 1360 (11th Cir. 2009); *United States v. Cannon,* 987 F.3d 924, 950 (11th Cir. 2021). If the Indictment alleged separate <u>means</u> to commit the offense of "interception of oral communications" (e.g., to intercept, attempt to intercept, procure someone to intercept) these disparate <u>means</u> could be in the same Indictment and the same count. *United States v. Miller*, 471 U.S. 130 (1985).

The language of the statute makes it clear that the communications cannot be what the grand jury has alleged -- oral, wire AND electronic. Thus, no meaningful verdict can be rendered on the contradictory indictment. The government cannot so allege, and then wait to see the evidence at trial to

---

[3] *Lopez v. First Union Nat. Bank of Fla.*, 129 F.3d 1186, 1190 (11th Cir. 1997); *United States v. Steiger*, 318 F.3d 1039, 1048 (11th Cir. 2003)("the word "intercept" could not describe identical conduct with respect to both wire and electronic communications, because they were defined differently")

determine which of these offenses the grand jury has charged. "[P]rosecutors generally cannot charge alternatives in the disjunctive." *United States v. Howard*, 742 F.3d 1334, 1343 n.3 (11th Cir. 2014) [4]

**<u>Remedy for Duplicity</u>**

The normal remedies for a defective or duplicitous Indictment is either Bill of Particulars, a compelled election of charges, [5] or a special verdict by the petit jury to ensure unanimity. However, these remedies do not cure the defect in this indictment. The grand jury has simultaneously found probable cause to believe that the communication in question was an oral communication (with an expectation of privacy) and that it is not an oral communication because it is electronic. We cannot tell which of the crimes in 18 USC 2511 make up the charges in the Indictment -- at present, it is all three.

By "electing" to charge Mr. Burke with "intercepting" "oral" communications, (either through election or a Bill of Particulars) the prosecutor

---

[4] *United States v. Joyner,* No. 121CR00339RAHSRW, 2021 WL 6751606, at *6 (M.D. Ala. Nov. 18, 2021), report and recommendation adopted, No. 1:21-CR-339-RAH, 2022 WL 264814 (M.D. Ala. Jan. 27, 2022); *See also United States v. Ganadonegro*, No. CR 09-0312, 2012 WL 844125, at *7 (D.N.M. Mar. 5, 2012) ("If the indictment used the disjunctive, the Court and the parties would not have confidence that the grand jury had, based on the disjunctive 'or,' found probable cause to support a charge on each of the disjunctive terms. The conjunctive form eliminates this potential problem. Indeed, submitting an indictment with disjunctive language to the grand jury creates a risk that no member of the grand jury voted for the indictment to issue on one of the two disjunctive theories in a particular count.")(emphasis added). Thus, the Government's decision to charge in the disjunctive by using the term "and/or" renders the indictment defective.

[5] *United States v. Zwiefelhofer*, No. 2:19-CR-150-SPC-NPM, 2023 WL 3726914, at *3 (M.D. Fla. May 30, 2023) (Chappell, J.)

will be rejecting the grand jury's finding that the communication was "electronic" and therefore was, as a matter of law, "not oral." Similarly, a Bill of Particulars would require the government to choose among separate and inconsistent crimes alleged by the grand jury, and would violate Mr. Burke's right to be charged only by the grand jury. The case must therefore be represented to give the grand jury the opportunity to charge an offense which is not contradicted by the other offense they have charged.

"A defendant can only be convicted of a crime charged in an indictment. This is a "fundamental principle," one based on the Fifth Amendment's grand jury guarantee. *United States v. Keller,* 916 F.2d 628, 633 (11th Cir. 1990). It would indeed be "fundamentally unfair to convict a defendant on charges of which he had no notice." *Id.* Here, the Indictment <u>does not track the key and disparate elements of the alleged inconsistent offenses</u> - interception of oral communications (which requires an allegation of privacy) or interception of electronic communications (which requires the element of configuration). Moreover, the Indictment does not allege facts from which a grand jury finding of these elements can be reasonably inferred. *United States v. Fern*, 155 F.3d 1318, 1324–25 (11th Cir. 1998). Finally and most significantly, no meaningful verdict could be rendered on the existing indictment, and the court could not even charge the jury on the elements of the

offense - because multiple offenses with different and inconsistent elements are charged.

NOW WHEREFORE, the charges of unlawful interception of "wire, oral and electronic communications," as well as the charges of disclosing the contents of unlawfully intercepted "wire, oral or electronic communications" must be DISMISSED as both inconsistent, insufficient and duplicitous.

Respectfully submitted,

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553
Email: mmaddux@madduxattorneys.com
ctonski@madduxattorneys.com

*s/Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted *Pro hac vice*

COUNSEL FOR TIMOTHY BURKE

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of January 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

s/*Michael P. Maddux*
Michael P. Maddux, Esquire