# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.     CASE NO.: 8:24-cr-00068-KKM-TGW

**TIMOTHY BURKE**

_____/

## DEFENDANT TIMOTHY BURKE'S MEMORANDUM ON GOOD CAUSE FOR FILING MOTION TO DISMISS (DOC 92)

Comes Now, Defendant TIMOTHY BURKE, by and through the undersigned counsel, pursuant to F.R. Crim. P. 12(c)(3), and submits this Memorandum to show good cause for filing his Motion to Dismiss (Doc. 92) outside the time limit set by the Court. In support thereof, Mr. Burke states as follows:

On November 18, 2024 the Court requested that the parties simultaneously brief their respective understanding of the law on whether issues like "consent" and whether communications were "reasonably accessible to the general public" were elements of the offenses of unlawful interception of oral, wire, or electronic communications, or whether, under *United States v. McCann*, 465 F.2d 147 (5th Cir. 1972), and *Snow v. DirecTV, Inc.*, 450 F.3d 1314 (11th Cir. 2006), the Court should treat them as affirmative defenses which the defendant would have the burden of

pleading and proving at trial. (Doc. 87).  Burke filed his reply on December 13, 2024 (Doc. 90) and the government filed its opposition simultaneously. (Doc. 91).

The government's response conflated issues and defenses that related solely to the offense of interception of "oral" communications, with defenses and elements of the offenses that related to the interception of "wire" communications, and "electronic" communications.  Indeed, the government asserted that, as a "prior case" *McCann's* interpretation of the consent provisions of 18 USC 2511 under Title III of the 1968 wiretap statute overruled and superseded provisions that would not be passed by Congress for another thirteen years after the *McCann* ruling, and precluded the Eleventh Circuit and this Court from interpreting the Electronic Communications Privacy Act provisions applying to "electronic" communications differently than the *McCann* court had interpreted the consent provisions of the original statue.  (Doc. 91, p. 6-7).

The government's pleading made it clear that the Indictment had conflated three separate and distinct offenses (interception of oral communications, interception of wire communications, and interception of electronic communications) as a single offense -- and significantly for the instant motion for leave to file, that they intended to treat each of the communications allegedly to have been intercepted as simultaneously "oral, wire AND electronic" communications.  Moreover, by asserting that the communications were all three,

2

and that the provisions of 18 USC 2511(2)(a-j) were "affirmative defenses," this raised the question of what jury instructions would the Court be asked to give if these were truly affirmative defenses as the government asserted. Since the offenses are mutually exclusive, the jury instructions regarding an "affirmative defense" of, for example, "readily accessible to the general public" would require an instruction that the communication was an "electronic communication." However, this would also require a finding by the jury that the communication was NOT an oral communication.

Thus, the government's motion on affirmative defenses squarely presented the question of "affirmative defenses to which crime?" and therefore the issue of which of the distinct and inconsistent crimes in the Indictment the government sought to prove. In short, if the Court accepts the government's position that all of the provisions of 18 USC 2511(2)(a-j) are affirmative defenses, and some apply to oral communications, some to wire, and others to electronic communications, then this invariably raises the question posed by the subsequent motion - what are the crimes charged?

In response to the government's position, Mr. Burke filed a Motion to Dismiss portions of the Indictment on the ground that they charged multiple crimes with different defenses in individual counts (Doc. 92), and the government objected (Doc. 93). The Court then asked Mr. Burke to demonstrate why there

was "good cause" for the court to consider the motion at this time. *See, e.g., United States v. Sanders*, No. 8:23-CR-147-KKM-CPT, 2023 WL 8373510, at *3 (M.D. Fla. Dec. 4, 2023) (Mizelle, J.)("I may consider such an untimely motion "if the [defendant] shows good cause.")

Mr. Burke notes that the government's response to the *McCann* briefing itself *raised the issues that necessitated the Motion to Dismiss.* This constituted "good cause" under Fed. R. Crim. P. 12(c)(3). We note here that, in the Eleventh Circuit, courts are loathe to make such a finding, or more accurately, to reverse a District Court's finding of no good cause absent some abuse of discretion. See, *United States v. Tarantino*, No. 22-14074, 2024 WL 3085858, at *7 (11th Cir. June 21, 2024)

However, while issues of duplicity or defects in the Indictment must generally be raised before trial[1] (unless jurisdictional, *United States v. Seher*, 562 F.3d 1344, 1359 (11th Cir. 2009)) there is a practical reason the Court must - even without a defense objection - address and resolve the issues raised by the motion. The crimes alleged in the single counts are not simply duplicitous (two or three crimes in each count), they are inconsistent with each other. The Court will have

---

[1] *United States v. Griffin*, No. 23-11808, 2024 WL 620103, at *2 (11th Cir. Feb. 14, 2024)("Federal Rule of Criminal Procedure 12 provides that certain types of motions, including motions to suppress and some types of motions raising defects in indictments, must be filed before trial. Fed . R. Crim. P. 12(b)(3)(B),(c)")

4

to address that inconsistency (and therefore the impossibility of a conviction on these counts) at some point - in the instant motion, in jury instructions, as a special verdict, or post-trial.  Invariably, Mr. Burke cannot be simultaneously convicted of intercepting the same communication as an "oral" communication and as an "electronic" communication.  The problem here is not simply duplicity - it is impossibility.  A conviction under the instant indictment is an impossibility.  Even if Mr. Burke did not raise the issue before trial at all, the Court would have to address it.  By raising the issue now that it has been identified clearly due to the most recent pleadings in the case, hearing the motion promotes judicial economy and Due Process for Mr. Burke.

In summary, the issues related to the impossibility of the charges were raised and amplified by the government's insistence that the 18 USC 2511(2)(a-j) factors were each affirmative defenses - defenses to different crimes charged in the single counts.  If the Court agrees to the government formulation, the defendant will be forced to present evidence of different defenses depending on the crime actually charged, and with different standards of proof.  The duplicity motion was necessitated by the "affirmative defense" motion, and was timely based on the issues raised in that motion.  Therefore, we posit that "good cause" has been shown for the filing of the motion out of time.

Respectfully submitted,

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553

*s/Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted *Pro hac vice*


COUNSEL FOR TIMOTHY BURKE

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 24th **day of January 2025**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

> */Michael P. Maddux*
> Michael P. Maddux, Esquire