UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:24-cr-68-KKM-TGW

TIMOTHY BURKE

**UNITED STATES' RESPONSE OPPOSING BURKE'S
MOTION TO DISMISS COUNTS ON DUPLICITY**

The United States opposes Burke's *Motion to Dismiss Counts [Eight through Fourteen] on Duplicity Pursuant to F.R. Crim. P. 8(a)* ("Motion to Dismiss"). Doc. 97. As explained below, Burke is wrong. Decades of settled Eleventh Circuit law hold that where, as here, a penal statute prescribes multiple alternative ways in which the statute may be violated and each is subject to the same punishment, the indictment may charge any or all of the acts conjunctively, in a single count. *See, e.g.*, *U.S. v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989). This Court therefore should deny Burke's motion.

**I.   Introduction**

On February 15, 2024, a federal grand jury returned an indictment, charging Burke with conspiracy and related substantive violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(2)(C)) and the Wiretap Act (18 U.S.C. § 2511(1)(a) and (1)(c)). Doc. 1. Pertinent to Burke's Motion to Dismiss, Counts Eight through Twelve charge Burke with intentionally intercepting, and

endeavoring to intercept, the contents of wire, oral, and electronic communications, using a device, in violation of 18 U.S.C. § 2511(a)(1). Counts Thirteen and Fourteen charge Burke with intentionally disclosing, and endeavoring to disclose, the contents of wire, oral, and electronic communications knowing and having reason to know that the contents were obtained through unlawful interceptions,[1] in violation of 18 U.S.C. § 2511(1)(c). Each of the relevant charged counts concerns a particular communication intercepted (Counts Eight through Twelve) or disclosed (Counts Thirteen and Fourteen) on a particular date, and each count is properly alleged in the conjunctive.[2]

## II.     Applicable Eleventh Circuit Law

"A duplicitous indictment charges two or more separate and distinct crimes in a single count." *Burton*, 871 F.2d at 1573 (11th Cir. 1989). In a duplicity challenge, "the key issue to be determined is what conduct constitutes a single offense." *U.S. v. Schlei,* 122 F.3d 944, 977 (11th Cir. 1997). As explained in *U.S. v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972),[3] a case in which the appellant defendants had been convicted of Wiretap Act violations, "[w]here a statute

---

[1] The interceptions violated 18 U.S.C. § 2511(1)(a).

[2] Burke's motion cites to *United States v. Howard*, 742 F.3d 1334, 1343 n.3 (11th Cir. 2014), Doc. 97 at 5, for the proposition that "prosecutors generally cannot charge alternatives in the disjunctive." Here, that concept is irrelevant given that the pertinent charges are alleged in the conjunctive.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, and this fact neither renders the indictment bad for duplicity nor precludes a conviction if only one of the several allegations linked in the conjunctive in the indictment is proven."

In *Burton*, the Eleventh Circuit considered a scenario in which two defendants, Burton and Balogun, had been convicted at trial for one count of embezzlement, in violation of 18 U.S.C. § 641, and one count of conspiracy to embezzle. *Burton*, 871 F.2d at 1570. Appellants argued that the trial court erred as a matter of law when it failed to find that the substantive § 641 count, charging them with *embezzling and converting* money of the United States to their own use or the use of others, was duplicitous because it charged them with two separate and distinctive offenses in one count. *Id*. at 1573. The Eleventh Circuit explained:

> Where a penal statute, such as 18 U.S.C. § 641, prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment, … ***the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense***, and the government may satisfy its burden by proving the defendant, by committing any of the one acts alleged, violated the statute. ***The conjunctive allegations do not render the indictment duplicitous***.

*Id*. (internal citations omitted) (emphasis added). The appellate court continued, noting: "[t]he acts of embezzling and converting government property simply constitute two separate ways in which a violation of [§ 641] may occur, not two separate crimes[,]" and held that the indictment was not duplicitous. *Id*. at 1574.

3

Twenty years later, this circuit ruled likewise in *U.S. v. Seher*, 562 F.3d 1344 (11th Cir. 2009). There, defendants were convicted at trial of three substantive counts charging money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B)-(C).[4] *Id*. at 1350. Appellants argued that the counts were fatally duplicitous and should have been dismissed by the trial court. *Id*. at 1358-1362. Defendants' duplicity argument was premised upon their "assumption that § 1956(a)(3) contain[ed] three different offenses [i.e., promotional money laundering, concealment money laundering, and avoiding a federal transaction reporting requirement], which mean[t] that each of these counts, by referencing subsections (B) and (C) of that provision, charged two different offenses."[5] *Id*. at 1359. The Eleventh Circuit

---

[4] Per § 1956(a)(3): "Whoever, with the intent—(A) to promote the carrying on of specified unlawful activity; (B) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; or (C) to avoid a federal transaction reporting requirement under State or Federal law, conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined … ." Section 1956(a)(3)(B) and (C) have different elements, in that: § 1956(a)(3)(B) requires proof that the defendant engaged in the [attempted] transaction with the intent to promoted the carrying on of specified unlawful activity; and § 1956(a)(3)(C) requires proof that the defendant engaged in the [attempted] transaction with the intent to avoid a transaction-reporting requirement under state or federal law. *See* Eleventh Circuit Pattern Jury Instructions, Criminal Cases (2022 revision).

[5] The Eleventh Circuit reviewed the analysis of sister circuits, particularly that of the Third Circuit in *U.S. v. Navarro*, 145 F.3d 580 (3rd Cir. 1998). In *Navarro*, the indictment conjunctively charged defendants with possessing the three mental states then listed in § 1956(a)(1), namely with promotion, concealment, and avoidance of reporting requirements. *Id*. at 585. The *Navarro* Court determined, in part, that "Congress intended for [the subsections] to be construed as separate means of committing the same offense[.]" *Id*. at 590. The *Navarro* Court noted that point of § 1956 was to "punish a financial transaction involving known illicit proceeds, accomplished for a guilty purpose[,]" *id*. at 592, and "that multiple purposes could satisfy this end does not mean that Congress intended to create multiple offenses." *Id*. The *Navarro* Court noted that there was no clear reason why the three alternative mental states in § 1956(a) could not properly be treated as separate means of committing a single offense, and "no specific unanimity instruction was required." *Id*.

rejected that argument, holding instead that § 1956(a) prescribed multiple alternative ways of committing a money laundering offense. *Id.* at 1362. The Eleventh Circuit explained that even if the appellant defendants were correct that the different subsections required different elements of proof and so are different offenses under the *Blockburger* test,[6] considering them duplicitous would negate the congressional intent to treat § 1956(a) as being a single offense of money laundering with alternative mental states, subject to one punishment. *Id.* Indeed, *Seher* observed that "an alternative reading **would present multiplicity problems** because it would permit a defendant to 'be convicted of two different money laundering offenses based on the same transaction simply because he knew that his prohibited conduct was designed for two unlawful purposes.'" *Id*. (quoting *Navarro*, 145 F.3d at 592, n.6).

The Eleventh Circuit articulated the same principle in a different context in *U.S. v. Felts*, 579 F.3d 1341 (11th Cir. 2009). Appellant Felts had been convicted of money laundering and other crimes. *Id.* at 1342. The substantive money laundering count charged Felts with a violation of 18 U.S.C. § 1956(a)(2)(A) (promotional money laundering) and (B)(i) (concealment money laundering). *Id.* The trial judge instructed the jury that Felts could be found guilty of the substantive money laundering count if the jury determined that Felts had engaged in either promotional or concealment money laundering, in violation of § 1956(a)(2)(A) or

---

[6] *See Blockburger v. U.S.*, 52 S.Ct. 180, 182 (1932). The *Blockburger* test requires the court to examine "whether each provision requires proof of an additional fact which the other does not." *Id.*

(B)(i). *Id*. at 1343. Felts argued that the promotional money laundering and concealment money laundering were two separate offenses and that the trial court erred by submitting the two offenses as a single charge to the jury without using a special verdict form. *Id*. at 1343-44. The Eleventh Circuit clarified, "[c]ourts have repeatedly held that where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count." *Id*. at 1344 (quotation and citations omitted). "Consequently, it is permissible for district courts to submit to a jury 'promotional money laundering' and 'concealment money laundering' as a single charge on a general verdict form." *Id*.

The Eleventh Circuit again addressed duplicity in *U.S. v. Saintvil*, 2023 WL 3644976, *3 (11th Cir. 2023) (unpublished), a case in which appellant defendant Saintvil had been convicted on Count One of the indictment charging bank fraud, under 18 U.S.C. § 1344(1) *and* (2),[7] and other crimes not pertinent here. On appeal, Saintvil argued that the trial court erred in denying his motion to dismiss the indictment as duplicitous. *Id*. at *4. The Eleventh Circuit repeated the rule that "where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count."[8] *Id*. at *4 (quoting *Felts*, 579

---

[7] Per § 1344: "Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises, shall be fined… ."

[8] The Eleventh Circuit also cited to its earlier decision in *Burton*, 871 F.2d at 1573: "Where a penal statute, … prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment … the indictment may charge any or all of the acts conjunctively, in the same count[.]"

F.3d at 1344) (quotation omitted). The Eleventh Circuit elaborated:

> Bank fraud is established under two alternative methods. First, to prove bank fraud under § 1344(1), the government must establish that the defendant (1) intentionally participated in a scheme or artifice to defraud another of money or property; and (2) that the victim of the scheme or artifice was an insured financial institution. Second, to prove bank fraud under § 1344(2), the government must establish (1) that a scheme existed in order to obtain money, funds, or credit in the custody of the federally insured institution; (2) that the defendant participated in the scheme by means of false pretenses, representations or promises, which were material; and (3) that the defendant acted knowingly. Finally, we have held that a conviction can be sustained under either section of the bank fraud statute when the indictment … charge[s] both clauses.

*Id*. (internal citations and quotations omitted). The Eleventh Circuit held that the bank fraud count was not duplicitous, clarifying: "the bank fraud statute provides alternative ways to prove the same offense and that the two subsections can be charged together in one count." *Id*. at *5 (citing to *U.S. v. Dennis*, 237 F.3d 1295, 1303 (11th Cir. 2001); *Felts*, 579 F.3d at 1344; and *Burton*, 871 F.2d at 1573).

### III. Argument

Burke ignores decades of settled Eleventh Circuit law in his argument that, even though § 2511(1)(a) and (1)(c) each prescribe several alternative ways in which the respective provisions may be violated—*e.g.,* for § 2511(1)(a), intentional interception of oral, wire, or electronic communication—and each of the alternative ways is subject to the same punishment, he cannot be charged in the conjunctive with doing so, notwithstanding that each count only concerns ***a particular communication on a particular date***. Doc. 97. As demonstrated above, *McCann*, *Burton*, *Seher*, *Felts*, and *Saintvil* all rejected that argument. And that remains the case

even where the different means of violating the statute involve different elements of proof.⁹ *See, e.g. Seher*, 562 F.3d at 1362.

    Here, a plain reading of § 2511(1)(a) reveals that the statute concerns a single offense of intentionally intercepting a communication and identifies multiple alternative ways in which the statute may be violated. Indeed, considering each of those ways as duplicitous—rather than treating § 2511(1)(a) as a single offense that prescribes alternative ways to commit that offense, subject to one punishment—would present multiplicity problems for Burke. *See, e.g., Seher*, 562 F.3d at 1362. As addressed earlier in this case in a different context, Doc. 72 at 20, under the Wiretap Act, an unlawfully intercepted audio/video transmission likely contains both wire (human voice) and electronic communications (images and other electronic information) and so violates § 2511(1)(a) in at least two ways.¹⁰ Consequently, following Burke's argument and considering *one interception on a particular date and time* of an oral, wire, and electronic communication as duplicitous separate offenses would, at a minimum, permit the United States to charge and convict Burke of one count of intercepting a wire communication (for the human voice), in violation § 2511(1)(a), and a second count of intercepting an electronic communication (for

---

⁹ Indeed, the Supreme Court long ago explained that even the "allegation in a single count of a conspiracy *to commit several crimes* is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" *Braverman v. U.S.*, 63 S.Ct. 99, 102 (1942) (quoting *Frohwerk v. U.S.*, 39 S.Ct. 249, 252 (1919)) (emphasis added).

¹⁰ *See* 18 U.S.C. § 2510(1), (2), (12), and (18), respectively, defining "wire," "oral," "electronic," and "aural" communications.

the images and other electronic information), also in violation of § 2511(1)(a), ***both counts relating to the interception of the same audio/video communication on the same occasion***. Burke is wrong.

### IV.  Conclusion

WHEREFORE, this Court should deny Burke's Motion to Dismiss.

                          Respectfully submitted,

                          SARA C. SWEENEY
                          Acting United States Attorney

By:   */s/ Jay G. Trezevant*
        Jay G. Trezevant
        Assistant United States Attorney
        Florida Bar No. 0802093
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone:  (813) 274-6000
        Facsimile:   (813) 274-6358
        E-mail: jay.trezevant@usdoj.gov

        */s/ Adam J. Duso*
        Adam J. Duso
        Assistant United States Attorney
        Florida Bar No. 1026003
        400 N. Tampa St., Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Email: adam.duso@usdoj.gov

U.S. v. Timothy Burke          Case No. 8:24-cr-68-KKM-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Michael Maddux, Esq.

    Mark Rasch, Esq.


                                        */s/ Jay G. Trezevant*
                                        Jay G. Trezevant
                                        Assistant United States Attorney