UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE,

    Defendant.
_____

## ORDER

A grand jury indicted Timothy Burke for violating various provisions of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C § 1030, and the Wiretap Act, 18 U.S.C. § 2511, and for conspiring to do the same. Indictment (Doc. 1). I denied an omnibus motion to dismiss that indictment. (Doc. 110). Burke again moves to dismiss the indictment on the ground that Counts 8 through 14 are duplicitous. 2d MTD (Doc. 97). For the reasons below, I deny that motion.

I. BACKGROUND

The order denying Burke's first motion to dismiss sets out more fully the allegations against him. *See* (Doc. 110). As relevant here, Counts 8 through 12 charge that Burke "intentionally intercepted, endeavored to intercept, and procured

another person to intercept and to endeavor to intercept, the contents of a wire, oral, and electronic communication as it was occurring" in violation of 18 U.S.C. § 2511(1)(a). Indictment (Counts 8–12) ¶ 2. Counts 13 and 14 charge that Burke "intentionally disclosed, and endeavored to disclose, to another person, the contents of a wire, oral, and electronic communication, knowing and having reason to know that the information was [unlawfully] obtained through the interception of a wire, oral, and electronic communication" in violation of 18 U.S.C. § 2511(1)(c). Indictment (Counts 13–14) ¶ 2.

Burke contends that these six counts are duplicitous and must be dismissed because the statute defines three distinct offenses relating to "wire, oral[,] and electronic" communications. 2d MTD at 1 (emphasis omitted).

## II. LEGAL STANDARD

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). An "indictment is sufficient if it '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v.*

2

*Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002) (quoting *United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir. 1999)). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll,* 105 U.S. 611, 612 (1881)).

An indictment must set out separate offenses in separate counts. FED. R. CRIM. P. 8(a); *see id.* 12(b)(3)(B)(i). Under Rule 8, "[a] count in an indictment is duplicitous if it charges two or more separate and distinct offenses." *United States v. Seher*, 562 F.3d 1344, 1360 (11th Cir. 2009) (quoting *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997)). In a duplicity challenge, "the key issue to be determined is what conduct constitutes a single offense." *Schlei*, 122 F.3d at 977.

### III. ANALYSIS

Burke argues that Counts 8 through 14 are duplicitous and that, because the duplicity is irremediable, the indictment must be dismissed. Burke is twice wrong.

## A. Counts 8 Through 14 Are Not Duplicitous

Burke argues that Counts 8 through 14 are duplicitous because each count charges that he either intercepted or disclosed an illegally intercepted "oral, wire[,] *and* electronic" communication. 2d MTD at 1 (emphasis in the original). In Burke's view, the problem is that the statute defines the terms "oral," "wire," and "electronic" to be (mostly) mutually exclusive. *Id.* An "electronic communication" is defined to exclude "any wire or oral communication." 18 U.S.C. § 2510(12)(A). And an "oral communication" by definition "does not include any electronic communication." *Id.* § 2510(2).[1] Because of this, it is legally impossible for Burke to be guilty of intercepting or disclosing a single "wire, oral, *and* electronic" communication. From that conclusion, Burke infers that § 2511(1)(a) and (1)(c) must each define three separate crimes—one each for wire, oral, and electronic communications.

That inference does not follow. Burke never explains why it must be that mutual exclusivity renders wire, oral, and electronic communications different crimes rather than mutually exclusive ways to commit a single crime. Generally, "[w]here a penal statute . . . prescribes several alternative ways in which the statute may be

---

[1] A communication under the Wiretap Act can be both wire and oral. *Compare* 18 U.S.C. § 2510(1) (defining "wire communication"), *with id.* § 2510(2) (defining "oral communication").

violated and each is subject to the same punishment . . . the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense, and the government may satisfy its burden by proving that the defendant, by committing any one of the acts alleged, violated the statute." *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989) (per curiam); *see also United States v. Howard*, 742 F.3d 1334, 1344 n.3 (11th Cir. 2014) ("Prosecutors can and frequently do . . . charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible."); *United States v. Felts*, 579 F.3d 1341, 1344 (11th Cir. 2009) (per curiam) ("Courts have repeatedly held that 'where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count.' " (quoting *United States v. Bolden*, 325 F.3d 471, 487 n.20 (4th Cir. 2003))).[2] Burke's conclusory assertion that wire, oral,

---

[2] Burke contends in a footnote that the government impermissibly charged the offenses in the disjunctive by using the phrase "and/or," 2d MTD at 5 n.4, an argument somewhat at odds with his claim that the grand jury alleged that he intercepted a communication that was simultaneously "oral, wire, AND electronic," Reply (Doc. 101) at 2. While the government does use the phrase "and/or" to join "wire, oral, and/or electronic video communications" in the conspiracy count, *see, e.g.*, Indictment (Count 1) ¶¶ 1, 3, 22g, 22k, 23i, 23j, the government does not use "and/or" in any of the counts that Burke moves to dismiss in his second motion. As Burke does not explain why the use of "and/or" in Count 1 renders Counts 8 through 14 defective, Burke has not shown that his motion should be granted on that basis.

5

and electronic communications "are not simply different 'ways' to violate the wiretap statute" does not show than the indictment is duplicitous.

More, much of Burke's argument seems to sound not in duplicity but repugnancy. A count in an indictment is repugnant "if there is a 'contradiction between the material allegations' in the count." *United States v. Cisneros*, 26 F. Supp. 2d 24, 52 (D.D.C. 1998) (quoting *United States v. Briggs*, 54 F. Supp. 731, 732 (D.D.C 1944)). Burke argues that because "[t]he language of the statute makes it clear that the communications cannot be what the grand jury has alleged—oral, wire AND electronic," "no meaningful verdict can be rendered on the contradictory indictment." *See* 2d MTD at 4; *see also* Reply (Doc. 101) at 2. Yet as the Second Circuit has persuasively explained, judicial sanction of "the practice of pleading in the conjunctive without requiring that the government prove all possibilities at trial[] undermines the view that the grand jury 'finds' each fact alleged conjunctively in a charge on which the grand jury indicts." *United States v. Ho*, 984 F.3d 191, 211 (2d Cir. 2020). Instead, the grand jury here found merely that probable cause supports each of the conjunctively alleged alternatives individually—not necessarily all of them together. *See Kaley v. United States*, 571 U.S. 320, 328 (2014) ("An indictment fair upon its face, and returned by a properly constituted grand jury, we have

explained, conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged." (cleaned up)). In accordance with long-settled practice, the prosecution may prove those alternatives disjunctively at trial.

### B. Even If Counts 8 Through 14 Are Duplicitous, a Special Verdict Can Cure Any Prejudice

Even if Counts 8 through 14 were duplicitous, duplicity is usually remediable. *See Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963);[3] *United States v. Zwiefelhofer*, No. 2:19-CR-150-SPC-NPM, 2023 WL 3726914, at *3 (M.D. Fla. May 30, 2023). Here, an unanimity instruction and a special verdict form would cure any possible confusion or duplicity that Burke raises. *See United States v. Carrillo*, No. 8:24-CR-0022-KKM-TGW, 2024 WL 4839208, at *2 (M.D. Fla. Nov. 20, 2024). Depending on what evidence the parties introduce at trial a special verdict may ultimately be appropriate, as some of the alternative ways of committing the offenses have their own unique defenses. *See, e.g.*, 18 U.S.C. § 2511(2)(g)(i).

Burke's arguments that any duplicity cannot be remedied are unavailing. Burke first contends that it is impossible to tell "which of the crimes in [18 U.S.C. § 2511]

---

[3] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

make up the charges in the Indictment—at present, it is all three." 2d MTD at 5. Even if § 2511(1)(a) defines three separate offenses, it is plain from the face of the indictment that the grand jury found probable cause to believe Burke committed all three. *See, e.g.*, Indictment (Counts 8–12) ¶ 2 (alleging that Burke "intentionally intercepted, endeavored to intercept, and procured another person to intercept and to endeavor to intercept, the contents of a wire, oral, and electronic communication").

As for Burke's claim that the indictment impermissibly fails to explain that the interception of an oral communication is unlawful only if there is an expectation of privacy, 2d MTD at 6, Burke cites no authority requiring the government to allege the definition of the term "oral communication," nor does he explain how this omission renders duplicity incurable, *see* 18 U.S.C. § 2510(2) (providing "oral communication" for purposes of the Wiretap Act means only oral communications made with an expectation of non-interception under circumstances justifying the expectation); *see also* (Doc. 110) at 28–29 (rejecting this argument). And while Burke says that "the court could not even charge the jury on the elements of the offense [] because multiple offenses with different and inconsistent elements are charged," 2d MTD at 6–7, Burke does not explain why clear jury instructions

8

accompanied by a special verdict form providing that the offenses are mutually exclusive would not cure any duplicity.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that defendant Timothy Burke's Motion to Dismiss (Doc. 97) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 14, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge