UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                         Case No: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE,

    Defendant.
_____

## ORDER

    On May 13, 2025, Timothy Burke moved for the third time to dismiss certain counts of the indictment. Mot. to Dismiss (MTD) (Doc. 119). Burke's motion contains significant misrepresentations and misquotations of supposedly pertinent case law and history. Burke cites the authorities outlined below as saying things that they do not say—and for propositions of fact and law that they do not support. Most egregiously, Burke represents the Eleventh Circuit in *United States Ruiz*, 253 F.3d 634, 636 (11th Cir. 2001) (per curiam), as holding that "a statute that criminalizes otherwise innocent conduct must clearly delineate the line between permissible and prohibited conduct and cannot constitutionally require the defendant to prove facts

that exculpate him." MTD at 19. But *Ruiz* contains no such quote and does not support the stated proposition.

Other examples of non-existent quotes and miscited propositions include:

- Burke's representation that the Fifth Circuit, in *United States v. Gray*, 751 F.2d 733, 735 (5th Cir. 1985), stated that "it is impermissible to require a defendant to prove a negative essential to innocence." *See* MTD at 19–20.
- Burke's citation of *United States v. Green*, 873 F.3d 846 (11th Cir. 2017), for the proposition that "where a statutory exception negates criminal liability, the government must prove that it does not apply." MTD at 20.
- Burke's citation of a House Judiciary Committee Report, H.R. Rep. No. 90-972 (1968), which pertains to "Flammable Fabrics Act Amendments," not any relevant legislation. *See* MTD at 6.
- Burke's representation that the Eleventh Circuit, in *United States v. Tsurkan*, 753 F. App'x 768, 770 (11th Cir. 2018), stated that "[t]he protection of telephone conversations from interception is the primary objective of this legislation," referring to the Wiretap Act. *See* MTD at 7.[1]
- Burke's representation that the Eleventh Circuit, in *United States v. Hasson*, 26 F.4th 610 (11th Cir. 2022), stated that "We construe statutes to avoid constitutional questions if a reasonable alternative interpretation is available." MTD at 17.
- Burke's representation that the Eleventh Circuit, in *Doe v. Miami-Dade County*, 846 F.3d 1180, 1184 (11th Cir. 2017), stated that "the principle of constitutional avoidance 'is strongest where the alternative interpretation avoids intrusion on fundamental constitutional rights.'" MTD at 17.
- Burke's representation that the Eleventh Circuit, in *United States v. McQueen*, 727 F.3d 1144, 1155 (11th Cir. 2013), stated that "the

---

[1] Burke also miscites *Tsurkan*. The correct citation is 742 F. App'x 411 (11th Cir. 2018) (per curiam). The case found at the reporter cite Burke provides also does not include the quoted material. *See Tien v. Red Coats, Inc.*, 753 F. App'x 768, 770 (11th Cir. 2018).

government must prove each element of a charged offense beyond a reasonable doubt," and Burke's representation that the *McQueen* opinion supports the proposition that "ambiguities or omissions in the indictment that hinder the defendant's ability to prepare a defense or avoid future jeopardy violate both the Sixth and Fifth Amendments." MTD at 18.

- Burke's representation that the Eleventh Circuit, in *United States v. Veal*, 153 F.3d 1233, 1246 (11th Cir. 1998), stated that "[w]here Congress has specifically defined a term, courts are not at liberty to ignore the definition and rely on their own or a dictionary's understanding of the term." MTD at 22.

In other parts of his motion, Burke incorrectly attributes quotes to cases or documents that still may otherwise support the proposition, at least in part. For example, Burke quotes the Supreme Court in *Wisconsin Right to Life, Inc. v. FEC*, 546 U.S. 410, 411–12 (2006) (per curiam), as stating that "[a]n as-applied challenge contends that the law is unconstitutional as applied to the challenger's particular speech activity, even though the law may be capable of valid application to other." MTD at 12. Although *Wisconsin Right to Life* briefly touches on "as-applied challenges," it does not include this quote. Other examples of these errors include:

- Burke's citation of a Senate Judiciary Committee Report, S. Rep. No. 90-1097, at 90 (1968), as stating that "The term 'wire communication' is intended to encompass voice communications transmitted through a wire-based system—such as the national telephone system—as these are generally expected to be private." MTD at 7 (emphasis omitted).
- Burke's citation of Senator McClellan, 114 Cong. Rec. 14694 (1968), as stating that "[t]elephone communications . . . are intended by the parties to be private and not to be overheard by strangers." MTD at 8.

3

- Burke's citation of a Senate Judiciary Committee Report, S. Rep. No., 99-541, at 19 (1986), as stating that "[n]othing in this Act is intended to restrict the legitimate acquisition of communications made publicly available or broadcast to the general public." MTD at 8–9.

- Burke's citation of *Harrell v. The Florida Bar*, 608 F.3d 1241, 1253–54 (11th Cir. 2010), as "holding that a statute may be unconstitutional as applied 'where it impermissibly infringes upon a party's First Amendment rights in the circumstances of a particular case.'" MTD at 13.

- Burke's citation of *Harrell*, 608 F.3d at 1259, as standing for the proposition that "[a] statute that does not meaningfully distinguish between invasions of privacy and permitted acquisitions of public speech, and which fails to exempt the press or good-faith journalists, risks invalidation under this standard and acts as 'a real and substantial deterrent to legitimate expression.'" MTD at 15.

- Burke's citation of *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003), as "holding that constructive amendments or vague charges that do not clearly delineate the theory of the prosecution 'impermissibly broaden the possible bases for conviction' and violate the Sixth Amendment." MTD at 18.

There are other miscellaneous problems. For example, Burke attributes to the Ninth Circuit the statement that, regarding the readily accessible exception, "[t]he question is not . . . whether the networks are 'readily accessible to the general public,' but instead whether the network is configured in such a way so that the electronic communications sent over the network are readily accessible." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 875 (9th Cir. 2002); *see* MTD at 9. This quote is real, but not from the Ninth Circuit. Instead, a district court stated it, which is the next case that Burke cites. *See In re Innovatio IP Ventures, LLC Patent Litigation*, 886

4

F. Supp. 2d 888, 892 (N.D. Ill. 2012) ("The question is not, however, whether the networks are 'readily accessible to the general public,' but instead whether the network is configured in such a way so that the electronic communications sent over the network are readily accessible." (emphasis omitted)). But half of the quote Burke attributes to *In re Innovatio IP Ventures* is missing from that case. *See* MTD at 9.

Accordingly, the following is **ORDERED**:

1. The clerk is directed to **STRIKE** Timothy Burke's Second Motion to Dismiss (Doc. 119).

2. Burke may file a new version of this motion—without the above-described citation errors but with proper legal support—no later than **May 19, 2025.** If Burke chooses to refile the motion, he must accompany it with a separate brief, not to exceed five pages, explaining how these unprofessional misrepresentations of legal citations occurred and what counsel will do to avoid filing any similarly unacceptable motions again.

**ORDERED** in Tampa, Florida, on May 15, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

5

F. Supp. 2d 888, 892 (N.D. Ill. 2012) ("The question is not, however, whether the networks are 'readily accessible to the general public,' but instead whether the network is configured in such a way so that the electronic communications sent over the network are readily accessible." (emphasis omitted)). But half of the quote Burke attributes to *In re Innovatio IP Ventures* is missing from that case. *See* MTD at 9.

Accordingly, the following is **ORDERED**:

1. The clerk is directed to **STRIKE** Timothy Burke's Second Motion to Dismiss (Doc. 119).

2. Burke may file a new version of this motion—without the above-described citation errors but with proper legal support—no later than **May 19, 2025.** If Burke chooses to refile the motion, he must accompany it with a separate brief, not to exceed five pages, explaining how these unprofessional misrepresentations of legal citations occurred and what counsel will do to avoid filing any similarly unacceptable motions again.

**ORDERED** in Tampa, Florida, on May 15, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge