UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE
_____/

## RESPONSE TO THE COURT'S ORDER STRIKING DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant, TIMOTHY BURKE, through undersigned counsels, Mark Rasch, Esq., and Michael P. Maddux, Esq., who respectfully submit this response addressing errors contained within Defendant's previously filed Memorandum in Support of Defendant's Motion to Dismiss as called for in this Court's Order (Doc. 124). In support thereof, undersigned counsels state as follows:

1. On May 6, 2025, the Court heard oral arguments on Defendant's Motion for Reconsideration. (Doc 113 & 118) Following the hearing, the Court entered an Order denying the Motion for Reconsideration and allowing the Defendant leave to file a new Motion to Dismiss by May 13, 2025. (Doc 117)

2.      The case has been handled from a team perspective.  With local counsel and counsel out of Maryland, there are geographic logistics to working together.  The mistakes and ill-advised reliance on AI occurred in the crucible of a time deadline to file the motion and a team operating with numerous case commitments in a variety of cases.  As discussed later, better team communication, seeking an extension to file the motion, and full awareness of how the pleading was drafted would have prevented the host of mistakes.

3.      Counsel Rasch assumed the writing responsibilities for the motion given his presentation of the oral arguments at the May 6 hearing.

4.      On May 12, 2025, Attorney Maddux, began a criminal trial in the matter of *USA v. Jamonte Thornton*, 8:24-cr-240-VMC-AAS, charging an 18 U.S.C. 922(g) 15-year minimum mandatory ACCA count. The trial ended on May 14, 2025, at approximately 2:18 PM. (Exhibit A; Clerk's Minutes Entry Day 3).  A not guilty verdict was rendered on May 14, 2025 at 1:49 PM.  The trial and its outcome were counsel's singular focus during this time.

5.      On May 13, 2025, at approximately 8:08 pm, Co-Counsel, Mark Rasch, filed the Motion to Dismiss with the Clerk. (Doc 119)

6. The Motion was not written by or reviewed by Attorney Maddux prior to filing given the trial responsibilities. The signature block form was carried over from previous pleadings in the case. In the future, counsels' signatures will not be added as a matter of form.

7. Both counsels deeply regret and formally apologize to the Court and opposing counsel for the situation before the Court.

8. Counsel Mark Rasch, Esq., assumes sole and exclusive responsibility for these errors and Mr. Burke bears no responsibility for these inaccuracies.

9. Counsel Rasch engaged in substantial legal research and writing to prepare the memorandum. This included the use of Westlaw, Westlaw's AI features, Google, Google Scholar, as well as the "deep research" feature of the Pro version of ChatGPT version 4.5. A combination of these tools produced the final product. In the gristmill of drafting and editing, Westlaw Quick check was used several times, but the final version that had substantial editing due to excessive length was not ultimately put through Westlaw Quick Check.

10. During the editing and revision process, certain corrected and properly verified portions of the memorandum were inadvertently

replaced with portions from multiple earlier drafts which had not undergone verification. This included research, which had not been reviewed, being retained, while arguments and research that had been vetted being deleted. This resulted in the retention of unverified and erroneous citations.

11. Counsel Rasch fully recognizes that the prudent approach, given the size, complexity, and scope of the memorandum, would have been to request additional time from this Honorable Court to complete a final verification and editing process. Counsel regrets not having taken this step and apologizes sincerely for any inconvenience, confusion, and distrust caused to this Court, opposing counsel, and Mr. Burke.

12. There was no intention to mislead the Court or opposing counsel, nor any intention to delay these proceedings or advance arguments or cite cases unsupported by law or precedent. Retaining credibility with this Honorable Court is essential, and both attorneys recognize the seriousness of this obligation. Both attorneys would like to remain on the case.

13. In the future, attorneys will ensure no pleadings are filed without conducting a detailed and manual case law check and will seek

additional time to write pleadings if necessary. The team will consult comprehensively about the state of pleadings prior to filing. Both attorneys realize that candor with the Court is of utmost importance and that systems and processes that fail to preserve it must be guarded against. Both attorneys pledge renewed vigilance and hope to reestablish good standing with the Court.

Respectfully and with Apologies,

s/*Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553
Email:
mmaddux@madduxattorneys.com

s/*Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted *Pro hac vice*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19**th day of May, 2025**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

s/*Michael P. Maddux*
Michael P. Maddux, Esquire