UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:24-cr-68-KKW-TGW

TIMOTHY BURKE

**UNITED STATES' *UNOPPOSED* MOTION
FOR A TWO-WEEK EXTENSION OF TIME
TO RESPOND TO BURKE'S THIRD MOTION TO DISMISS**

The United States of America, pursuant to FED. R. CRIM. P. 45(b), files this *unopposed* motion requesting a two-week extension of time, or through June 16, 2025, to respond to *Defendant's Replacement Memorandum of Law in Support of Motion to Dismiss Counts 8, 9, 10, 11, 12, 13, and 14* ("Burke's Third Motion to Dismiss"). Doc. 125. In support of this unopposed motion, the United States submits the following:

1.      On February 15, 2024, a federal grand jury returned an indictment charging Burke with conspiracy and related substantive violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(2)(C)) and the Wiretap Act (18 U.S.C. § 2511(1)(a) and (1)(c)). Doc. 1. Pertinent to Burke's Third Motion to Dismiss, Counts Eight through Twelve charge Burke with intentionally intercepting, and endeavoring to intercept, the contents of wire, oral, and electronic communications, using a device, in violation of 18 U.S.C. § 2511(a)(1). Counts Thirteen and Fourteen charge Burke with intentionally disclosing, and endeavoring to disclose, the contents of wire, oral, and electronic communications knowing and having

reason to know that the contents were obtained through unlawful interceptions, in violation of 18 U.S.C. § 2511(1)(c).

2. Burke filed his Third Motion to Dismiss on May 19, 2025. Burke's motion argues that, given this Court's determination that the exceptions listed in 18 U.S.C. § 2511(2)—more specifically, the exceptions for "consent" and "readily accessible to the general public" under § 2511(2)(d) and (g)(i), respectively—are affirmative defenses, the Wiretap Act is overbroad and permits an unconstitutional prosecution, primarily violating the Free Speech Clause of the First Amendment. *See* Doc. 125 at 5-10, and Doc. 128 at 3-5. The motion also raises other arguments concerning how the Wiretap Act applies to this case, particularly whether an audio-video stream contains "electronic communications," "wire communications," or both. *Id*.

3. This Court held a hearing on May 20, 2025, to discuss various matters, including Burke's Third Motion to Dismiss. During that hearing, this Court briefly addressed the contours of Burke's motion and identified additional issues that the United States should address in any response to that motion.

4. The Court entered an Order the following day, May 21, 2025, in which the Court reviewed case proceedings and addressed Burke's Third Motion to Dismiss, explaining: "Burke's arguments [in the Third Motion to Dismiss] raise novel questions with potential wide-reaching impact." Doc. 128 at 4. The Court then invited amici curiae to submit briefing no later than June 27, 2025, on the following questions:

(1) Whether a video that contains both a human voice and visual data transmitted over the internet is an electronic communication, a wire communication, or both, as defined by 18 U.S.C. § 2510.

(2) Whether 18 U.S.C. § 2511(1)(a) prohibits a person watching a video on an internet streaming platform or visiting a public-facing webpage, without considering any of the statutory exceptions. If so, whether this interception would be deemed lawful by an exception in 18 U.S.C. § 2511, including whether such a viewer would have consent or would be a "party to the communication," *id*. § 2511(2)(d). If not, why not.

(3) Whether, to avoid the chilling of protected activity, the Free Speech Clause of the First Amendment requires the government, in some cases, to allege in the indictment and to negate at trial a statutory exception to a criminal offense. Specifically, whether the Free Speech Clause requires the government to negate the "readily accessible" statutory exception for electronic communications, 18 U.S.C. § 2511(2)(g)(i), when prosecuting an intentional interception of an electronic communication, *id*. § 2511(1)(a), and the statutory exceptions for "consent" and "a party to the communication," *id*. § 2511(2)(d), when prosecuting an intentional interception of an electronic or wire communication, *id*. § 2511(1)(a).

*Id*. at 4-5.

5.     Given the complex issues and novel questions presented by Burke's Third Motion to Dismiss and the potential wide-reaching impact of any order on that motion, the undersigned is coordinating with multiple Department components and believes, in good faith, that to fully respond and address the issues and questions raised will require a two-week extension of time, or through June 16, 2025.

6.     The United States has consulted with Burke's counsel, Michael Maddux and Mark Rasch, who do not object to the requested two-week extension.

## MEMORANDUM IN SUPPORT

A motion for an extension of time is committed to the sound discretion of the Court. Thus, the Court, for cause shown, may at any time in its discretion order a

3

period enlarged if a request is made prior to the expiration of the period originally prescribed. FED. R. CRIM. P. 45(b). This request is made prior to June 2, 2025, the present deadline to file a response to Burke's Third Motion to Dismiss.

This motion for an extension of time is made in good faith and not for the purpose of unnecessary delay. Rather, as explained above, the United States believes that the requested time is appropriate and necessary to fully consider and respond to the wide-reaching issues raised in Burke's Third Motion to Dismiss and to this Court's questions posed during the May 20, 2025 hearing and in the May 21, 2025 Order.

## **CONCLUSION**

WHEREFORE, the United States of America, moves for an extension of two weeks, or through June 16, 2025, to file its response to Burke's Third Motion to Dismiss.

> Respectfully submitted,
>
> GREGORY W. KEHOE
> United States Attorney
>
> By:   */s/ Jay G. Trezevant*
> Jay G. Trezevant
> Assistant United States Attorney
> Florida Bar No. 2012221
> 400 N. Tampa Street, Suite 3200
> Tampa, Florida 33602-4798
> Telephone:  (813) 274-6000
> Facsimile:   (813) 274-6358
> E-mail: jay.trezevant@usdoj.gov

U.S. v. Timothy Burke                           Case No. 8:24-cr-68-KKW-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael P. Maddux, Esq.
Mark D. Rasch, Esq.

                                         */s/ Jay G. Trezevant*
                                         Jay G. Trezevant
                                         Assistant United States Attorney