UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 8:24-cr-68-KMM-TGW

TIMOTHY BURKE,

    Defendant.
_____/

### UNOPPOSED MOTION FOR EXTENSION OF TIME FOR THE INTERNET ACCOUNTABILITY PROJECT TO FILE BRIEF AS AMICUS CURIAE

Prospective amicus curiae the Internet Accountability Project respectfully requests a 14-day extension of the deadline for filing amicus briefs. The Project requests that the Court set the deadline to **July 11, 2025**, and as support for its request states as follows:

1. On May 19, 2025, Defendant Timothy Burke filed his third motion to dismiss, which raised questions about the constitutionality of the Wiretap Act and its application to an audio-video stream. Doc. 128 at 4–5; *see generally* Doc. 125. At the time, the government's response to Burke's motion was due June 2, 2025. Doc. 129 at 4.

2. Two days later, the Court invited amici curiae to address three questions that Burke's motion raised. The Court asked that amici file briefs by June 27, 2025, more than three weeks after the government's response was due. Doc. 128 at 4.

3. But, on May 28, 2025, the government asked the Court for a

fourteen-day extension for its response to Burke's motion to dismiss. Doc. 129 at 1. The Court granted that motion and reset the deadline for June 16, 2025. Doc. 130 (paperless).

4. Then, on June 11, 2025, the government asked the Court for an additional seven-day extension and to increase the page limit for its response by 10 pages because of the "complex issues and novel questions presented by Burke's" motion. Doc. 131 at 1, 3. The Court granted that motion and reset the deadline for June 23, 2025. Doc. 132 (paperless).

5. Four days before the deadline for amici to file briefs at the Court's invitation, the government filed its response to Burke's motion on June 23, 2025, which was 21 days after the initial deadline. *See generally* Doc. 138.

6. The Project, as a prospective amicus, needed time to assess the government's response before it could decide whether to prepare a brief. In the light of the government's response, the Project believes that a brief from it would aid the Court's decision on these novel, complex, and important issues.

7. Neither the government nor Mr. Burke opposes this motion.

## MEMORANDUM IN SUPPORT

If a party moves before the original filing deadline, the Court may for good cause extend the deadline. FED. R. CRIM. P. 45(b)(1)(A). Good cause exists for the Court to extend the deadline for filing amicus briefs to July 11, 2025. When the Court initially set the deadline, there was enough time

2

for prospective amici like the Project to consider whether to prepare a brief in the light of the government's response. Because the government received an additional three weeks to file its response, the Project needed time to determine whether a brief from it could aid the Court in its decision. The Project wishes to file a brief and contends that a 14-day extension would not cause undue delay or prejudice the parties. An extension would give the Project enough time to prepare a thoughtful brief that supplements the parties' arguments and helps the Court render its decision on these important questions.

## CONCLUSION

WHEREFORE, the Internet Accountability Project moves for 14 additional days, through July 11, 2025, to file a brief as amicus curiae at the Court's invitation.

Dated: June 20, 2025

Respectfully submitted,

By: *Jason Gonzalez*
Jason Gonzalez (FBN: 146854)
**LAWSON HUCK GONZALEZ, PLLC**
215 South Monroe St., Suite 320
Tallahassee, FL 32301
Telephone: (850) 825-4334
jason@lawsonhuckgonzalez.com
marsha@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com

## CERTIFICATE OF SERVICE

3

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Florida Courts CM/ECF, and a copy of said document has been served on all counsel of record this June 26, 2025.

                                    By: */s/ Jason Gonzalez*
                                               Attorney