1          **UNITED STATES DISTRICT COURT**
           **MIDDLE DISTRICT OF FLORIDA**
2               **TAMPA DIVISION**

3   UNITED STATES OF AMERICA,

4                    Plaintiff,

5                         8:24-cr-68-KKM-TGW
                          November 12, 2024
6                         Tampa, Florida
                          9:48 - 10:13 a.m.
7
    TIMOTHY BURKE,
8
                     Defendant.
9   _____/

10

11          **TRANSCRIPT OF STATUS CONFERENCE**
        BEFORE THE HONORABLE KATHRYN K. MIZELLE
12            UNITED STATES DISTRICT JUDGE

13  **APPEARANCES:**

14  For the Government:     JAY TREZEVANT, ESQ.
                           ADAM JOHN DUSO, ESQ.
15                         Assistant U.S. Attorneys
                           400 N. Tampa Street, Suite 3200
16                         Tampa, Florida 33602
                           813/274-6000
17
    For the Defendant:     MICHAEL P. MADDUX, ESQ.
18                         Michael P. Maddux, PA
                           2102 West Cleveland Street
19                         Tampa, Florida 33606
                           813/253-3363
20
    Court Reporter:        Howard W. Jones, RDR, RMR, FCRR
21                         801 N. Florida Avenue, Suite 15A
                           Tampa, Florida 33602
22                         813/301-5024

23

24
    Proceedings reported and transcribed by
25  computer-aided transcription.

**P R O C E E D I N G S**

1

2          (Court called to order.)

3          THE COURT:  Okay.  The next case is 8:24-cr-68,

4    United States vs. Timothy Burke.  And then after that I have

5    three that I'm gonna do telephonically.

6          MR. TREZEVANT:  Good morning, Your Honor, Jay

7    Trezevant for the United States.

8          THE COURT:  Good morning.

9          MR. TREZEVANT:  Your Honor, one matter.  Right

10   before this I believe the Court called Hamilton a little

11   while ago and no one was here.

12         THE COURT:  He has a plea set for tomorrow; is

13   that correct?

14         MR. TREZEVANT:  And Chris Poor, who is handling

15   that case, was notified by email that he did not need to

16   appear today.

17         THE COURT:  Yes.  Great.  Thank you.  The

18   Courtroom Deputy informed me of that and there's no need to

19   have a status.

20         MR. TREZEVANT:  I just didn't want you to wonder

21   where --

22         THE COURT:  No, no, I appreciate that follow-up.

23   I asked someone else too, so thank you.

24         And I set this one later, because I have a couple

25   questions about the pending motions.  So I know that there's

1  two motions before me that are ripe, the motion to dismiss

2  and then the motion to suppress.  My questions actually have

3  to do with the motion to dismiss.

4        I'm sorry, Mr. Maddux, let everyone introduce

5  themselves for the record.

6        MR. MADDUX:  Adam John Duso, also standing in on

7  behalf of the United States.

8        THE COURT:  Okay.

9        MR. MADDUX:  Good morning, Your Honor.  Michael

10  Maddux representing Mr. Burke, along with Mark Rasch, who is

11  up in Maryland, so he's not present today.

12        THE COURT:  Understood.

13        Okay.  With regards to the motion to dismiss, does

14  the government have a position as to the relevance, if any,

15  of the *Snow v. Direct TV, Inc.*, case?  This is one that the

16  Eleventh Circuit was analyzing under the Stored

17  Communications Act and it's in a civil posture and I think

18  most of the cases that have dealt with the readily

19  accessible as needing to be pled are all in civil postures.

20  I didn't see the government respond to it and I just wanted

21  to give you an opportunity to respond.

22        And then while the government is conferring, from

23  defense perspective, I don't think I saw either party deal

24  with the *McCain* decision.  That is an older -- it's an older

25  decision, but it's still binding precedent, and that has to

1    do with the exception for the readily accessible -- wait,

2    no.  Hold on.

3         I'm sorry, that has to do with the exception with

4    or without consent.  That makes it an affirmative defense,

5    and I think defense acknowledged that perhaps in their

6    reply.  But given the statutory similarities between that

7    exception and then the readily accessible, I'm trying to

8    distinguish why it wouldn't also be considered an

9    affirmative defense in light of *McCain*.  So it's kind of --

10        My questions are all about the readily accessible

11   aspect.  My questions for the government are what impact, if

12   any, do the Stored Communications Act decisions that are

13   arising in the civil context for pleading purposes from the

14   plaintiff's side have on the criminal indictment?

15        And then from the defense, what do I do with

16   *McCain* that calls very similar exceptions affirmative

17   defenses?

18        MR. TREZEVANT:  Your Honor, as it relates to the

19   applicability of the *Snow vs. Direct TV* case related to

20   readily accessible, the government would seek that the Court

21   consider our argument as it related to the other affirmative

22   defenses to the extent that we feel that our case is

23   distinguishable from *Snow* in the criminal context and that

24   based on the rules of construction as it relates for an

25   information -- an indictment, my apologies, that it is

1    appropriate that -- to the extent that the defendant has a

2    defense related to readily -- being readily accessible, that

3    that is something that should be pleaded as an affirmative

4    defense rather than as an attack on the indictment.

5         THE COURT:  Does the government know of any jury

6    instructions or cases where the Court has charged the jury

7    with readily accessible as an affirmative defense instead of

8    as part of the elements to be proven by the government?

9         I'm gonna ask the same question for defense.  I'm

10   just wondering if this has come up in a criminal context.

11        MR. TREZEVANT:  Your Honor, I'm not aware at this

12   time of any cases that cite that as part of a jury

13   instruction.

14        THE COURT:  Okay.  Mr. Maddux?

15        MR. MADDUX:  Yes, good morning.  With regard to

16   whether it's an affirmative defense, we believe basically on

17   the nature of the communication, if it's -- if there is

18   consent for the recording of the item that's being

19   transmitted that it is not necessarily an affirmative

20   defense, but it's an element that they have to show that

21   it's not a consensual communication, because it doesn't meet

22   the definitions of the different statutes.

23        THE COURT:  Doesn't *McCain* foreclose that argument

24   for consent, the *United States v. McCain*.  This is a Fifth

25   Circuit 1972 case.  The defendants there argued that it was

1    reversible error to not dismiss the indictment because it

2    didn't get all the statutory exceptions that were listed in

3    18 U.S.C. 2511.  The Circuit rejected that argument and said

4    it's not necessary that the indictment recite that the

5    interceptions were made without consent.

6              So, to me, it seems like still good law.  It's

7    binding precedent here in the Eleventh Circuit that *McCain*

8    forecloses any argument about the consent.  And in light of

9    that, given that the readily accessible looks the same in

10   terms of the statutory posture of how it's articulated, I'm

11   trying to figure out how I can conclude that a different

12   sort of exception would also not likewise be an affirmative

13   defense.

14             MR. MADDUX:  Frankly, Your Honor, I think that's

15   an excellent question.  I would respectfully request like a

16   few more pages to brief that issue in light of how you

17   defined it, because I do think it is very significant.  I

18   mean, 1972, Fifth Circuit, that's, what, pre-Pritchit (ph)?

19   I mean, it's binding, but it's also pre-context of the

20   statute that we're dealing with.  So is it analogous?

21   Completely.

22             But is it the same spirit?  And I would want to go

23   look at some of the underlying statutory language and when

24   they created the statute to see if they intended to sort of

25   hold onto that vestige or if it's a new spirit in light of

1    the current modern nature of these kinds of communications

2    that are gonna be considered.

3            THE COURT:  Okay.  And do you want to address *Snow*

4    and why that should -- I think, if I remember correctly, it

5    was Footnote Five of your reply had a long list of similar

6    cases in the *Snow* precedent line about readily accessible

7    needing to be alleged in a civil complaint.  I didn't see

8    any about criminal indictments.  Did I miss them?

9            MR. MADDUX:  I don't think that you missed them.

10   I would want to go double-check indicative, but I think it's

11   indicative and analogous to show that it needs to be pled.

12           And obviously, you know, our position is as much

13   notice as possible in pleading this out tightly, because

14   like they did in the indictment, there's a lot of specific.

15   I mean, we've got specific places in the internet that are

16   listed and different files.  And so I think the specificity

17   is on the government and it shouldn't be left to

18   interpretation.  And so they need to specifically plead the

19   things addressed in *Snow* to satisfy certainly a criminal

20   indictment.

21           THE COURT:  Okay.  My last question with regards

22   to the motion to dismiss, if I were to grant a motion to

23   dismiss related to the readily accessible exception, whether

24   it's needing to be affirmatively found by the grand jury or

25   an affirmative defense by defense, is this with or without

1    prejudice, or is it up to my discretion?  I think it only

2    applies to the electronic communications too, right?  It's

3    not oral or wire.  But I realize this is mostly electronic,

4    right?

5            MR. TREZEVANT:  Your Honor, in terms of whether or

6    not the Court is bound one way or the other, I don't know

7    that I have that answer for you as I stand here.  Certainly,

8    the United States would argue that it should be without

9    prejudice with an opportunity to essentially cure the

10   defect, if one is found by the Court, and seek another

11   indictment from the grand jury.

12           THE COURT:  Okay.  Would it be helpful for counsel

13   from both sides if I allowed supplemental briefing on these

14   issues so the relevance of *McCain* -- I mean, *McCain*, to me,

15   it seems like binding.  Like it forecloses any argument

16   about consent needing to be alleged in the indictment.  And

17   given the similarities between that and readily accessible,

18   I'm trying to figure out why that wouldn't also be an

19   affirmative defense.

20           But there is the Stored Communications Act civil

21   cases that make it be part of the pleading, burden on the

22   plaintiff.  So there's that issue to be dealt with.

23           And then the last is the remedy with or without

24   prejudice.  Would that be helpful if counsel were given an

25   opportunity?

1          MR. MADDUX:  Yes, Your Honor.

2          MR. TREZEVANT:  Yes, Your Honor.

3          THE COURT:  Okay.  How much time?

4          MR. MADDUX:  Three weeks?

5          MR. TREZEVANT:  Your Honor, three weeks is

6    acceptable.

7          THE COURT:  Okay.  Let me do that then.  Let's

8    see, what is three weeks from today?

9          What if we put it for December 13th?  I think

10   that's more than three weeks, that gives a full month.

11          Is there any objection to that?

12          MR. MADDUX:  No.

13          MR. TREZEVANT:  No, Your Honor.  We would only ask

14   can we define the number of pages, perhaps a cap or a limit

15   on that as it relates to this particular issue?

16          THE COURT:  I don't think it needs more than ten

17   pages, it's a discrete -- I don't want to hear everything

18   that was raised in the motion to dismiss.  The only part

19   that I'm looking for guidance on is the readily accessible.

20          And to the extent that the *McCain* decision, which

21   has to do with consent, bears on that, that's fine, too.  To

22   me, that's the trickiest part of this particular motion.

23          And I didn't find any binding Eleventh Circuit

24   case law on it and I can't find any criminal cases that have

25   been dismissed for failing -- for the grand jury failing to

```
 1   allege readily accessible, or a circuit case telling me that

 2   readily accessible is something that the government must

 3   affirmatively approve instead of an affirmative defense.

 4            MR. TREZEVANT:  Yes, Your Honor.  And to that

 5   extent, I believe the United States, through the briefing

 6   we've provided already, we would argue that the McCain line

 7   of reasoning would apply here and would be on point as to

 8   stand apart from the several civil cases brought forth by

 9   the Snow line.

10            THE COURT:  Okay.  That's what I'm looking for

11   briefing on.  And then like I said, the remedy -- is this

12   with -- do I have discretion with or without prejudice or is

13   it curable through a (inaudible) proceeding or whatnot?

14            Okay.  Ten pages.  That would be due by

15   December 13th, 2024.  And I don't think there's any need for

16   sequencing, just both parties file at the same time.  But

17   those are the issues I'm looking for.

18            With regards to the motion to suppression,

19   Mr. Maddux, the only question I have there is there's a

20   variety of arguments that were raised.  The only one that I

21   think even permits the remedy of suppression would be a

22   general warrant.  Am I wrong about that?  Because the others

23   don't, I believe, give you a right to suppression as the

24   remedy.

25            MR. MADDUX:  A couple of issues.  One, I agree
```

1    that the issue you're talking about does provide for

2    suppression.  But I think under a totality reading, I think

3    you could suppress the results of the search warrant at his

4    residence from the unreasonableness of it.  Because part of

5    what we've argued throughout under a totality is that

6    basically they've overreached in the way they gathered all

7    the information and have gone back and sort of

8    retrospectively looked at all of the information versus they

9    had a pinpoint set of facts and rather than go try to find

10   those facts, they've looked at everything and pulled

11   everything.  I think that's part of what we're arguing is

12   the unreasonable makes it like a general -- the way that

13   they've executed it.  And I think we did argue that.

14         But I do agree that in terms of one of the

15   remedies being complete suppression of the source you said

16   if that is available.

17         THE COURT:  Right.  What I'm getting at, though,

18   is whether the government, you know, properly followed DOJ

19   regs or whatnot.  That doesn't give you a right to

20   suppression, right?

21         MR. MADDUX:  I don't think that it does, but

22   unreasonableness and if they failed to minimize the scope of

23   what they searched and did, then it shows that it was

24   executed as a general warrant and general warrants are a

25   violation of the Fourth Amendment.

```
 1              THE COURT:  So those other arguments are to color
 2    the general warrant lack of particularity argument; is that
 3    correct?
 4              MR. MADDUX:  Yes.
 5              THE COURT:  Got it.  Okay.
 6              Okay.  That was the only question I had with
 7    regards to that motion.
 8              In light of the additional briefing for this case,
 9    and I realize I still have the motion to suppress to rule
10    on, how much of a continuance are the parties seeking?
11              MR. MADDUX:  Your Honor, we've discussed it and a
12    couple things in addition to the pending rulings.  We're
13    thinking about June, and that's because we recently just got
14    two separate 20-terabyte hard drives copied, and we also
15    have another thumb drive with some of the third-party
16    subpoenas and warrants that were issued that we just came
17    into possession of in the last 30 days.  And so there's
18    still a lot to go through.
19              And frankly, I think depending on how we get some
20    of that, I would move for our -- a possible extension of the
21    pretrial deadline, because we might want to file some other
22    motions based on the discovery, because we still are going
23    through that.
24              And the other issue is that Judge Wilson signed a
25    very particular protective order and so we set up a
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

1    workstation at my office where my client comes to review it

2    under supervision.  So you can understand that takes a lot

3    of time.  And he is staged in my paralegal's office so that

4    he has supervision when he's accessing the discovery in the

5    case, which is voluminous.

6          So we hope we can be ready for trial in June

7    depending on the rulings.  That could be pie in the sky too,

8    but I think it's -- we've all said we're available in June

9    and we're all working hard and we're communicating well,

10   it's just a lot of information.

11         THE COURT:  Can you remind me, Mr. Tresevant,

12   about how long you think this trial would last?

13         MR. TREZEVANT:  Two to three weeks, Your Honor.

14         THE COURT:  Two to three weeks?

15         MR. TREZEVANT:  Yes.

16         THE COURT:  Is the government of the view that

17   June is the appropriate date to continue this to?

18         MR. TREZEVANT:  I think so, Your Honor.  There is

19   a tremendous amount.  We have produced it all now pretty

20   much that we know of.

21         There's -- one of the difficulties in reviewing

22   the material is that because so much of it is video, it's a

23   minute-for-minute proposition.  And some of them are --

24   there may only be two -- two hours, half an hour, three

25   hours, whatever, within it that's pertinent, but to review

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

1  it to ensure -- some of the recordings are eight, ten hours,

2  so that it takes a long time to go through it.  Just

3  physically to go through it.  So I think that's fair, but I

4  think that that should be able to happen in June.

5        THE COURT:  Okay.

6        MR. TREZEVANT:  Your Honor, as far as the motions

7  that I -- they've had the charging instruments and others

8  and those have been filed already.  So about just randomly

9  extending deadlines, we would -- we would obviously object

10  to that.

11        THE COURT:  At this point I don't see the need to

12  extend the pretrial deadline.  Defense can file a motion if

13  that becomes relevant after reviewing discovery.

14        I don't have my June calendar pulled up, because

15  that's further out than I anticipated of the trial.

16        Do you want a date certain?

17        MR. TREZEVANT:  We do, Your Honor, because a lot

18  of the witnesses -- I say a lot.  Not a great number, but

19  enough of the witnesses potentially are executives or people

20  with sophisticated forensic knowledge that will need to

21  travel and come into the area to testify.

22        THE COURT:  Okay.

23        MR. TREZEVANT:  And some of them will have

24  counsel, so it's much easier if they know in advance so they

25  can arrange travel.

```
 1              THE COURT:  Okay.  So what if I set it for a date
 2    certain of June -- what is that, the 9th, the second week of
 3    June?
 4              THE DEPUTY CLERK:  Correct, Your Honor.
 5              THE COURT:  Any objection to that?
 6              MR. TREZEVANT:  No, ma'am.
 7              MR. MADDUX:  No, Your Honor.
 8              THE COURT:  Okay.  What I'll do is enter a special
 9    scheduling order, and so we'll have to separately set a time
10    for pretrial conference and deadlines for motions in limine
11    and any Daubert motions and the like so we have plenty of
12    time to resolve that ahead of time.
13              MR. TREZEVANT:  Thank you, Your Honor.
14              THE COURT:  Okay.  Two to three weeks.  So I'll
15    say this has to be concluded, then, by June 27th.  That's
16    the end of the third week.
17              MR. TREZEVANT:  Yes, Your Honor.
18              THE COURT:  Anything else I should be aware of?  I
19    mean, in terms of picking a jury, for example, although I
20    get from the briefing that some of the materials that were
21    taken include high-profile people.  Is that a need to have
22    more jurors?  I mean, they're not gonna be witnesses
23    presumably.
24              MR. TREZEVANT:  They will not -- I would be
25    surprised if they are, but the -- the Court might want to
```

```
 1    bring in some extra into the panel only because there is a
 2    chance that -- the underlying charges are just the charges
 3    themselves, as well as all the conduct, inevitably concerns
 4    individuals that can be viewed potentially as (inaudible)
 5    and could cause issues, so that while we may try to minimize
 6    that, it could still be an issue for some jurors.  I could
 7    see that.
 8              THE COURT:  Mr. Maddux, is that defense's view
 9    too?
10              MR. MADDUX:  Yes, I would agree with that.  And
11    the only other issue I would say, based on the calendar, is
12    if they run through the 27th, we may be presenting evidence
13    and would need a couple of days beyond the 27th if they take
14    all three weeks.
15              MR. TREZEVANT:  Oh, I don't think we would, Your
16    Honor.
17              THE COURT:  I assumed your estimate was for --
18              MR. TREZEVANT:  I would think we would take two
19    and a little, is what I was thinking.
20              THE COURT:  Okay.  I would budget three weeks, but
21    not more.
22              MR. MADDOX:  Okay.
23              MR. TREZEVANT:  Yes, ma'am.
24              THE COURT:  Okay.  We can talk about this more at
25    the pre-pretrial conference, but I like to give the jury
```

```
 1    department a heads-up if there's any special, you know,

 2    requests.

 3              So are you thinking 50 jurors?

 4              MR. TREZEVANT:  Judge, I think perhaps maybe more,

 5    70, 75, something like that.

 6              THE COURT:  Mr. Maddux?

 7              MR. MADDUX:  We agree.

 8              THE COURT:  Okay.  Okay.  Anything else I should

 9    be aware of with this case?  I will, like I said, enter a

10    special scheduling order that will set a pretrial conference

11    date.  If I need to have a hearing on any of the pending

12    motions, I will set that.  I don't anticipate that at this

13    time.

14              Any other reason we should have a status

15    conference before pretrial conference in early May?

16              MR. TREZEVANT:  Your Honor, I always think it's

17    helpful to have 60 days in advance of that just to ensure

18    that everything is on track and everybody is doing what they

19    need to be doing.

20              THE COURT:  Okay.

21              MR. TREZEVANT:  It helps us as well, Your Honor.

22              MR. MADDOX:  April would be great, Your Honor.

23              THE COURT:  Okay.  Let's see if I have -- okay.

24    Let's have a status conference on April 7th.

25              MR. TREZEVANT:  Yes, Your Honor.
```

```
 1              THE COURT:  Okay.  In light of the pending motions

 2    and the defense motion that's not objected to by the

 3    government, I think there's good cause to grant the trial

 4    continuance and, further, that the ends of justice are

 5    served by granting the continuance and outweigh the best

 6    interest of the public and the defendant in speedy trial.

 7              The case is removed from the December -- well,

 8    what was it set on?

 9              MR. TREZEVANT:  January.

10              THE COURT:  The January 2025 trial term, reset for

11    a status on April 7th, 2025, to commence in the trial period

12    beginning June 2nd, 2025.

13              I will set a date certain with a separate

14    scheduling order.  The trial will commence on June 9th,

15    2025.

16              MR. TREZEVANT:  Thank you, Your Honor.  Then

17    excludable times run through when, Your Honor?

18              THE COURT:  Yes, excludable time will run through

19    July 6th, 2025, because I think July 4th is on a Sunday this

20    year.  So that means the 5th is a holiday, right?  No, I

21    have that wrong, I'm sorry.  Excludable time will run

22    through July 7th, 2025.

23              MR. TREZEVANT:  Thank you, Your Honor.

24              THE COURT:  Okay.  Anything else with regards to

25    this case?
```

1        MR. TREZEVANT:  No, Your Honor, not from the

2   United States.

3        MR. MADDUX:  No, Your Honor.

4        THE COURT:  Okay.  Thank you.

5             (Proceedings adjourned.)

```
 1   UNITED STATES DISTRICT COURT )
                                  )
 2   MIDDLE DISTRICT OF FLORIDA   )

 3                   REPORTER TRANSCRIPT CERTIFICATE

 4
          I, Howard W. Jones, Official Court Reporter for the
 5   United States District Court, Middle District of Florida,
     certify, pursuant to Section 753, Title 28, United States
 6   Code, that the foregoing is a true and correct transcription
     of the stenographic notes taken by the undersigned in the
 7   above-entitled matter (Pages 1 through 19 inclusive) and
     that the transcript page format is in conformance with the
 8   regulations of the Judicial Conference of the United States
     of America.

 9

10                            /s   Bill Jones

                              _____
11                            Bill Jones, RDR, RMR, FCRR
                              Official Court Reporter
12                            United States District Court
                              Middle District of Florida
13                            Tampa Division
                              Date:  12/15/24
14

15

16

17

18

19

20

21

22

23

24

25
```

**MR. MADDOX: [2]** 16/22 17/22
**MR. MADDUX: [16]** 3/6 3/9 5/15 6/14 7/9 9/1 9/4 9/12 10/25 11/21 12/4 12/11 15/7 16/10 17/7 19/3
**MR. TREZEVANT: [32]**
**THE COURT: [44]**
**THE DEPUTY CLERK: [1]** 15/4

**/**

**/s [1]** 20/10

**1**

**10:13 [1]** 1/6
**12 [1]** 1/5
**12/15/24 [1]** 20/13
**13th [2]** 9/9 10/15
**15A [1]** 1/21
**18 [1]** 6/3
**19 [1]** 20/7
**1972 [2]** 5/25 6/18

**2**

**20-terabyte [1]** 12/14
**2024 [2]** 1/5 10/15
**2025 [6]** 18/10 18/11 18/12 18/15 18/19 18/22
**2102 [1]** 1/18
**24 [1]** 20/13
**2511 [1]** 6/3
**27th [3]** 15/15 16/12 16/13
**28 [1]** 20/5
**2nd [1]** 18/12

**3**

**30 [1]** 12/17
**3200 [1]** 1/15
**33602 [2]** 1/16 1/21
**33606 [1]** 1/19
**3363 [1]** 1/19

**4**

**400 [1]** 1/15
**4th [1]** 18/19

**5**

**50 [1]** 17/3
**5024 [1]** 1/22
**5th [1]** 18/20

**6**

**60 days [1]** 17/17
**6000 [1]** 1/16
**68 [1]** 2/3
**6th [1]** 18/19

**7**

**70 [1]** 17/5
**75 [1]** 17/5
**753 [1]** 20/5

**7th [3]** 17/24 18/11 18/22

**8**

**801 [1]** 1/21
**813/253-3363 [1]** 1/19
**813/274-6000 [1]** 1/16
**813/301-5024 [1]** 1/22
**8:24-cr-68 [1]** 2/3
**8:24-cr-68-KKM-TGW [1]** 1/5

**9**

**9:48 [1]** 1/6
**9th [2]** 15/2 18/14

**A**

**a.m [1]** 1/6
**able [1]** 14/4
**about [12]** 2/25 4/10 6/8 7/6 7/8 8/16 10/22 11/1 12/13 13/12 14/8 16/24
**above [1]** 20/7
**above-entitled [1]** 20/7
**acceptable [1]** 9/6
**accessible [14]** 3/19 4/1 4/7 4/10 4/20 5/2 5/7 6/9 7/6 7/23 8/17 9/19 10/1 10/2
**accessing [1]** 13/4
**acknowledged [1]** 4/5
**Act [3]** 3/17 4/12 8/20
**actually [1]** 3/2
**ADAM [2]** 1/14 3/6
**addition [1]** 12/12
**additional [1]** 12/8
**address [1]** 7/3
**addressed [1]** 7/19
**adjourned [1]** 19/5
**advance [2]** 14/24 17/17
**affirmative [12]** 4/4 4/9 4/16 4/21 5/3 5/7 5/16 5/19 6/12 7/25 8/19 10/3
**affirmatively [2]** 7/24 10/3
**after [2]** 2/4 14/13
**ago [1]** 2/11
**agree [4]** 10/25 11/14 16/10 17/7
**ahead [1]** 15/12
**aided [1]** 1/25
**all [10]** 3/19 4/10 6/2 11/6 11/8 13/8 13/9 13/19 16/3 16/14
**allege [1]** 10/1
**alleged [2]** 7/8 8/16
**allowed [1]** 8/13
**along [1]** 3/10
**already [2]** 10/6 14/8
**also [6]** 3/6 4/8 6/12 6/19 8/18 12/14
**although [1]** 15/19
**always [1]** 17/16
**Am [1]** 10/22
**Amendment [1]** 11/25
**AMERICA [2]** 1/3 20/8
**amount [1]** 13/19
**analogous [2]** 6/20 7/11
**analyzing [1]** 3/16

**another [2]** 8/10 12/15
**answer [1]** 8/7
**anticipate [1]** 17/12
**anticipated [1]** 14/15
**any [16]** 3/14 4/12 5/5 5/12 6/8 7/8 8/15 9/11 9/23 9/24 10/15 15/5 15/11 17/1 17/11 17/14
**Anything [3]** 15/18 17/8 18/24
**apart [1]** 10/8
**apologies [1]** 4/25
**appear [2]** 2/16
**APPEARANCES [1]** 1/13
**applicability [1]** 4/19
**applies [1]** 8/2
**apply [1]** 10/7
**appreciate [1]** 2/22
**appropriate [2]** 5/1 13/17
**approve [1]** 10/3
**April [3]** 17/22 17/24 18/11
**April 7th [2]** 17/24 18/11
**are [19]** 3/1 3/19 4/10 4/11 4/12 7/2 7/15 10/17 11/24 12/1 12/10 12/22 13/23 14/1 14/19 15/25 16/2 17/3 18/4
**area [1]** 14/21
**argue [3]** 8/8 10/6 11/13
**argued [2]** 5/25 11/5
**arguing [1]** 11/11
**argument [6]** 4/21 5/23 6/3 6/8 8/15 12/2
**arguments [2]** 10/20 12/1
**arising [1]** 4/13
**arrange [1]** 14/25
**articulated [1]** 6/10
**as [23]**
**ask [2]** 5/9 9/13
**asked [1]** 2/23
**aspect [1]** 4/11
**Assistant [1]** 1/15
**assumed [1]** 16/17
**attack [1]** 5/4
**Attorneys [1]** 1/15
**available [2]** 11/16 13/8
**Avenue [1]** 1/21
**aware [3]** 5/11 15/18 17/9

**B**

**back [1]** 11/7
**based [3]** 4/24 12/22 16/11
**basically [2]** 5/16 11/6
**be [34]**
**bears [1]** 9/21
**because [15]** 2/24 5/21 6/1 6/17 7/13 10/22 11/4 12/13 12/21 12/22 13/22 14/14 14/17 16/1 18/19
**becomes [1]** 14/13
**been [2]** 9/25 14/8
**before [4]** 1/11 2/10 3/1 17/15
**beginning [1]** 18/12
**behalf [1]** 3/7

**B**

being **[3]**  5/2 5/18 11/15
believe **[4]**  2/10 5/16 10/5 10/23
best **[1]**  18/5
between **[2]**  4/6 8/17
beyond **[1]**  16/13
Bill **[2]**  20/10 20/11
binding **[5]**  3/25 6/7 6/19 8/15 9/23
both **[2]**  8/13 10/16
bound **[1]**  8/6
brief **[1]**  6/16
briefing **[5]**  8/13 10/5 10/11 12/8 15/20
bring **[1]**  16/1
brought **[1]**  10/8
budget **[1]**  16/20
burden **[1]**  8/21
BURKE **[3]**  1/7 2/4 3/10

**C**

calendar **[2]**  14/14 16/11
called **[2]**  2/2 2/10
calls **[1]**  4/16
came **[1]**  12/16
can **[9]**  6/11 9/14 13/2 13/6 13/11 14/12 14/25 16/4 16/24
can't **[1]**  9/24
cap **[1]**  9/14
case **[13]**  2/3 2/15 3/15 4/19 4/22 5/25 9/24 10/1 12/8 13/5 17/9 18/7 18/25
cases **[7]**  3/18 5/6 5/12 7/6 8/21 9/24 10/8
cause **[2]**  16/5 18/3
certain **[3]**  14/16 15/2 18/13
certainly **[2]**  7/19 8/7
CERTIFICATE **[1]**  20/3
certify **[1]**  20/5
chance **[1]**  16/2
charged **[1]**  5/6
charges **[2]**  16/2 16/2
charging **[1]**  14/7
check **[1]**  7/10
Chris **[1]**  2/14
circuit **[7]**  3/16 5/25 6/3 6/7 6/18 9/23 10/1
cite **[1]**  5/12
civil **[6]**  3/17 3/19 4/13 7/7 8/20 10/8
Cleveland **[1]**  1/18
client **[1]**  13/1
Code **[1]**  20/6
color **[1]**  12/1
come **[2]**  5/10 14/21
comes **[1]**  13/1
commence **[2]**  18/11 18/14
communicating **[1]**  13/9
communication **[2]**  5/17 5/21
communications **[5]**  3/17 4/12 7/1 8/2 8/20

complaint **[1]**  1/23
complete **[1]**  12/15
Completely **[1]**  6/21
computer **[1]**  1/25
computer-aided **[1]**  1/25
concerns **[1]**  16/3
conclude **[1]**  6/11
concluded **[1]**  15/15
conduct **[1]**  16/3
conference **[8]**  1/11 15/10 16/25 17/10 17/15 17/15 17/24 20/8
conferring **[1]**  3/22
conformance **[1]**  20/7
consensual **[1]**  5/21
consent **[7]**  4/4 5/18 5/24 6/5 6/8 8/16 9/21
consider **[1]**  4/21
considered **[2]**  4/8 7/2
construction **[1]**  4/24
context **[4]**  4/13 4/23 5/10 6/19
continuance **[3]**  12/10 18/4 18/5
continue **[1]**  13/17
copied **[1]**  12/14
correct **[4]**  2/13 12/3 15/4 20/6
correctly **[1]**  7/4
could **[5]**  11/3 13/7 16/5 16/6 16/6
counsel **[3]**  8/12 8/24 14/24
couple **[4]**  2/24 10/25 12/12 16/13
COURT **[14]**  1/1 1/20 2/2 2/10 4/20 5/6 8/6 8/10 15/25 20/1 20/4 20/5 20/11 20/12
Courtroom **[1]**  2/18
cr **[2]**  1/5 2/3
created **[1]**  6/24
criminal **[6]**  4/14 4/23 5/10 7/8 7/19 9/24
curable **[1]**  10/13
cure **[1]**  8/9
current **[1]**  7/1

**D**

date **[6]**  13/17 14/16 15/1 17/11 18/13 20/13
Daubert **[1]**  15/11
days **[3]**  12/17 16/13 17/17
deadline **[2]**  12/21 14/12
deadlines **[2]**  14/9 15/10
deal **[1]**  3/23
dealing **[1]**  6/20
dealt **[2]**  3/18 8/22
December **[3]**  9/9 10/15 18/7
December 13th **[2]**  9/9 10/15
decision **[3]**  3/24 3/25 9/20
decisions **[1]**  4/12
defect **[1]**  8/10
defendant **[4]**  1/8 1/17 5/1 18/6
defendants **[1]**  5/25
defense **[18]**  3/23 4/4 4/5 4/9 4/15 5/2 5/4 5/7 5/9 5/16 5/20 6/13 7/25 7/25 8/19 10/3 14/12 18/2

defense's **[1]**  16/8
defenses **[2]**  4/17 4/22
define **[1]**  9/14
defined **[1]**  6/17
definitions **[1]**  5/22
department **[1]**  17/1
depending **[2]**  12/19 13/7
Deputy **[1]**  2/18
did **[5]**  2/15 7/8 7/14 11/13 11/23
didn't **[5]**  2/20 3/20 6/2 7/7 9/23
different **[3]**  5/22 6/11 7/16
difficulties **[1]**  13/21
Direct **[1]**  3/15 4/19
discovery **[3]**  12/22 13/4 14/13
discrete **[1]**  9/17
discretion **[2]**  8/1 10/12
discussed **[1]**  12/11
dismiss **[7]**  3/1 3/3 3/13 6/1 7/22 7/23 9/18
dismissed **[1]**  9/25
distinguish **[1]**  4/8
distinguishable **[1]**  4/23
DISTRICT **[9]**  1/1 1/1 1/12 20/1 20/2 20/5 20/5 20/12 20/12
DIVISION **[2]**  1/2 20/13
do **[16]**  2/5 3/3 4/1 4/3 4/12 4/15 4/15 6/17 7/3 9/7 9/21 10/12 11/14 14/16 14/17 15/8
does **[4]**  3/13 5/5 11/1 11/21
doesn't **[3]**  5/21 5/23 11/19
doing **[2]**  17/18 17/19
DOJ **[1]**  11/18
don't **[12]**  3/23 7/9 8/6 9/16 9/17 10/15 10/23 11/21 14/11 14/14 16/15 17/12
double **[1]**  7/10
double-check **[1]**  7/10
drive **[1]**  12/15
drives **[1]**  12/14
due **[1]**  10/14
DUSO **[2]**  1/14 3/6

**E**

early **[1]**  17/15
easier **[1]**  14/24
eight **[1]**  14/1
either **[1]**  3/23
electronic **[2]**  8/2 8/3
element **[1]**  5/20
elements **[1]**  5/8
Eleventh **[3]**  3/16 6/7 9/23
else **[4]**  2/23 15/18 17/8 18/24
email **[1]**  2/15
end **[1]**  15/16
ends **[1]**  18/4
enough **[1]**  14/19
ensure **[2]**  14/1 17/17
enter **[2]**  15/8 17/9
entitled **[1]**  20/7
error **[1]**  6/1

**ESQ [3]**  1/14 1/14 1/17
**essentially [1]**  8/9
**estimate [1]**  16/17
**even [1]**  10/21
**everybody [1]**  17/18
**everyone [1]**  3/4
**everything [4]**  9/17 11/10 11/11
  17/18
**evidence [1]**  16/12
**example [1]**  15/19
**excellent [1]**  6/15
**exception [5]**  4/1 4/3 4/7 6/12 7/23
**exceptions [2]**  4/16 6/2
**excludable [3]**  18/17 18/18 18/21
**executed [2]**  11/13 11/24
**executives [1]**  14/19
**extend [1]**  14/12
**extending [1]**  14/9
**extension [1]**  12/20
**extent [4]**  4/22 5/1 9/20 10/5
**extra [1]**  16/1

**F**

**facts [2]**  11/9 11/10
**failed [1]**  11/22
**failing [2]**  9/25 9/25
**fair [1]**  14/3
**far [1]**  14/6
**FCRR [2]**  1/20 20/11
**feel [1]**  4/22
**few [1]**  6/16
**Fifth [2]**  5/24 6/18
**figure [2]**  6/11 8/18
**file [3]**  10/16 12/21 14/12
**filed [1]**  14/8
**files [1]**  7/16
**find [3]**  9/23 9/24 11/9
**fine [1]**  9/21
**Five [1]**  7/5
**FLORIDA [9]**  1/1 1/6 1/16 1/19
  1/21 1/21 20/2 20/5 20/12
**follow [1]**  2/22
**follow-up [1]**  2/22
**followed [1]**  11/18
**Footnote [1]**  7/5
**foreclose [1]**  5/23
**forecloses [2]**  6/8 8/15
**foregoing [1]**  20/6
**forensic [1]**  14/20
**format [1]**  20/7
**forth [1]**  10/8
**found [2]**  7/24 8/10
**Fourth [1]**  11/25
**frankly [2]**  6/14 12/19
**full [1]**  9/10
**further [2]**  14/15 18/4

**gathered [1]**  12/6
**general [5]**  10/22 11/12 11/24 11/24
  12/2
**get [3]**  6/2 12/19 15/20
**getting [1]**  11/17
**give [4]**  3/21 10/23 11/19 16/25
**given [4]**  4/6 6/9 8/17 8/24
**gives [1]**  9/10
**go [6]**  6/22 7/10 11/9 12/18 14/2
  14/3
**going [1]**  12/22
**gone [1]**  11/7
**gonna [4]**  2/5 5/9 9/2 15/22
**good [6]**  2/6 2/8 3/9 5/15 6/6 18/3
**got [5]**  7/15 12/5 12/13
**government [13]**  1/14 3/14 3/20
  3/22 4/11 4/20 5/5 5/8 7/17 10/2
  11/18 13/16 18/3
**grand [3]**  7/24 8/11 9/25
**grant [2]**  7/22 18/3
**granting [1]**  18/5
**great [3]**  2/17 14/18 17/22
**guidance [1]**  9/19

**H**

**had [4]**  7/5 11/9 12/6 14/7
**half [1]**  13/24
**Hamilton [1]**  2/10
**handling [1]**  2/14
**happen [1]**  14/4
**hard [2]**  12/14 13/9
**has [9]**  2/12 3/25 4/3 5/1 5/6 5/10
  9/21 13/4 15/15
**have [28]**
**he [4]**  2/12 2/15 13/3 13/4
**he's [2]**  3/11 13/4
**heads [1]**  17/1
**heads-up [1]**  17/1
**hear [1]**  9/17
**hearing [1]**  17/11
**helpful [3]**  8/12 8/24 17/17
**helps [1]**  17/21
**here [4]**  2/11 6/7 8/7 10/7
**high [1]**  15/21
**high-profile [1]**  15/21
**his [1]**  11/3
**hold [2]**  4/2 6/25
**holiday [1]**  18/20
**Honor [31]**
**HONORABLE [1]**  1/11
**hope [1]**  13/6
**hour [1]**  13/24
**hours [3]**  13/24 13/25 14/1
**how [7]**  6/10 6/11 6/16 9/3 12/10
  12/19 13/12
**Howard [2]**  1/20 20/4

**I'll [2]**  15/8 15/14
**I'm [14]**  2/5 3/4 4/3 4/7 5/9 5/9 5/11
  6/10 8/18 9/19 10/10 10/17 11/17
  18/21
**impact [1]**  4/11
**inaudible [2]**  10/13 16/4
**Inc [1]**  3/15
**include [1]**  15/21
**inclusive [1]**  20/7
**indicative [2]**  7/10 7/11
**indictment [9]**  4/14 4/25 5/4 6/1 6/4
  7/14 7/20 8/11 8/16
**indictments [1]**  7/8
**individuals [1]**  16/4
**inevitably [1]**  16/3
**information [4]**  4/25 11/7 11/8
  13/10
**informed [1]**  2/18
**instead [2]**  5/7 10/3
**instruction [1]**  5/13
**instructions [1]**  5/6
**instruments [1]**  14/7
**intended [1]**  6/24
**interceptions [1]**  6/5
**interest [1]**  18/6
**internet [1]**  7/15
**interpretation [1]**  7/18
**introduce [1]**  3/4
**is [60]**
**issue [7]**  6/16 8/22 9/15 11/1 12/24
  16/6 16/11
**issued [1]**  12/16
**issues [4]**  8/14 10/17 10/25 16/5
**it [51]**
**it's [23]**
**item [1]**  5/18

**J**

**January [2]**  18/9 18/10
**January 2025 [1]**  18/10
**JAY [2]**  1/14 2/6
**JOHN [2]**  1/14 3/6
**Jones [4]**  1/20 20/4 20/10 20/11
**JUDGE [3]**  1/12 12/24 17/4
**Judicial [1]**  20/8
**July [3]**  18/19 18/19 18/22
**July 4th [1]**  18/19
**July 6th [1]**  18/19
**July 7th [1]**  18/22
**June [11]**  12/13 13/6 13/8 13/17
  14/4 14/14 15/2 15/3 15/15 18/12
  18/14
**June 27th [1]**  15/15
**June 2nd [1]**  18/12
**June 9th [1]**  18/14
**jurors [3]**  15/22 16/6 17/3
**jury [8]**  5/5 5/6 5/12 7/24 8/11 9/25
  15/19 16/25

**just [11]**  2/20 3/20 5/10 10/16 12/13 12/16 13/10 14/2 14/8 16/2 17/17
**justice [1]**  18/4

**K**

**KATHRYN [1]**  1/11
**kind [1]**  4/9
**kinds [1]**  7/1
**KKM [1]**  1/5
**know [8]**  2/25 5/5 7/12 8/6 11/18 13/20 14/24 17/1
**knowledge [1]**  14/20

**L**

**lack [1]**  12/2
**language [1]**  6/23
**last [4]**  7/21 8/23 12/17 13/12
**later [1]**  2/24
**law [2]**  6/6 9/24
**left [1]**  7/17
**let [2]**  3/4 9/7
**Let's [3]**  9/7 17/23 17/24
**light [6]**  4/9 6/8 6/16 6/25 12/8 18/1
**like [11]**  6/6 6/15 7/14 8/15 8/15 10/11 11/12 15/11 16/25 17/5 17/9
**likewise [1]**  6/12
**limine [1]**  15/10
**limit [1]**  9/14
**line [3]**  7/6 10/6 10/9
**list [1]**  7/5
**listed [2]**  6/2 7/16
**little [2]**  2/10 16/19
**long [3]**  7/5 13/12 14/2
**look [1]**  6/23
**looked [2]**  11/8 11/10
**looking [3]**  9/19 10/10 10/17
**looks [1]**  6/9
**lot [6]**  7/14 12/18 13/2 13/10 14/17 14/18

**M**

**ma'am [2]**  15/6 16/23
**MADDUX [8]**  1/17 1/18 3/4 3/10 5/14 10/19 16/8 17/6
**made [1]**  6/5
**make [1]**  8/21
**makes [2]**  4/4 11/12
**Mark [1]**  3/10
**Maryland [1]**  3/11
**material [1]**  13/22
**materials [1]**  15/20
**matter [2]**  2/9 20/7
**may [4]**  13/24 16/5 16/12 17/15
**maybe [1]**  17/4
**McCain [10]**  3/24 4/9 4/16 5/23 5/24 6/7 8/14 8/14 9/20 10/6
**me [8]**  2/18 3/1 6/6 8/14 9/7 9/22 10/1 13/11

**mean [6]**  6/18 6/19 7/15 8/14 15/19 15/22
**means [1]**  18/20
**meet [1]**  5/21
**MICHAEL [3]**  1/17 1/18 3/9
**MIDDLE [4]**  1/1 20/2 20/5 20/12
**might [2]**  12/21 15/25
**minimize [2]**  11/22 16/5
**minute [2]**  13/23 13/23
**miss [1]**  7/8
**missed [1]**  7/9
**MIZELLE [1]**  1/11
**modern [1]**  7/1
**month [1]**  9/10
**more [7]**  6/16 9/10 9/16 15/22 16/21 16/24 17/4
**morning [4]**  2/6 2/8 3/9 5/15
**most [1]**  3/18
**mostly [1]**  8/3
**motion [13]**  3/1 3/2 3/3 3/13 7/22 7/22 9/18 9/22 10/18 12/7 12/9 14/12 18/2
**motions [8]**  2/25 3/1 12/22 14/6 15/10 15/11 17/12 18/1
**move [1]**  12/20
**Mr. [7]**  3/4 3/10 5/14 10/19 13/11 16/8 17/6
**Mr. Burke [1]**  3/10
**Mr. Maddux [5]**  3/4 5/14 10/19 16/8 17/6
**Mr. Tresevant [1]**  13/11
**much [6]**  7/12 9/3 12/10 13/20 13/22 14/24
**must [1]**  10/2
**my [10]**  3/2 4/10 4/11 4/25 7/21 8/1 13/1 13/1 13/3 14/14

**N**

**nature [2]**  5/17 7/1
**necessarily [1]**  5/19
**necessary [1]**  6/4
**need [10]**  2/15 2/18 7/18 10/15 14/11 14/20 15/21 16/13 17/11 17/19
**needing [4]**  3/19 7/7 7/24 8/16
**needs [2]**  7/11 9/16
**new [1]**  6/25
**next [1]**  2/3
**no [12]**  2/11 2/18 2/22 2/22 4/2 9/12 9/13 15/6 15/7 18/20 19/1 19/3
**not [16]**  2/15 3/11 5/11 5/19 5/21 6/1 6/4 6/12 8/3 8/6 14/18 15/22 15/24 16/21 18/2 19/1
**notes [1]**  20/6
**notice [1]**  7/13
**notified [1]**  2/15
**November [1]**  1/5
**now [1]**  13/19
**number [2]**  9/14 14/18

**O**

**object [1]**  14/9
**objected [1]**  18/2
**objection [2]**  9/11 15/5
**obviously [2]**  7/12 14/9
**office [2]**  13/1 13/3
**Official [2]**  20/4 20/11
**Oh [1]**  16/15
**okay [29]**
**older [2]**  3/24 3/24
**one [10]**  2/9 2/11 2/24 3/15 8/6 8/10 10/20 10/25 11/14 13/21
**only [7]**  8/1 9/13 9/18 10/19 10/20 12/6 13/24 16/1 16/11
**opportunity [3]**  3/21 8/9 8/25
**oral [1]**  8/3
**order [5]**  2/2 12/25 15/9 17/10 18/14
**other [7]**  4/21 8/6 12/1 12/21 12/24 16/11 17/14
**others [2]**  10/22 14/7
**our [4]**  4/21 4/22 7/12 12/20
**out [6]**  6/11 7/13 8/18 14/15
**outweigh [1]**  18/5
**overreached [1]**  11/6

**P**

**PA [1]**  1/18
**page [1]**  20/7
**pages [5]**  6/16 9/14 9/17 10/14 20/7
**panel [1]**  16/1
**paralegal's [1]**  13/3
**part [7]**  5/8 5/12 8/21 9/18 9/22 11/4 11/11
**particular [3]**  9/15 9/22 12/25
**particularity [1]**  12/2
**parties [2]**  10/16 12/10
**party [2]**  3/23 12/15
**pending [4]**  2/25 12/12 17/11 18/1
**people [2]**  14/19 15/21
**perhaps [3]**  4/5 9/14 17/4
**period [1]**  18/11
**permits [1]**  10/21
**perspective [1]**  3/23
**pertinent [1]**  13/25
**ph [1]**  6/18
**physically [1]**  14/3
**picking [1]**  15/19
**pie [1]**  13/7
**pinpoint [1]**  11/9
**places [1]**  7/15
**plaintiff [2]**  1/4 8/22
**plaintiff's [1]**  4/14
**plea [1]**  2/12
**plead [1]**  7/18
**pleaded [1]**  5/3
**pleading [3]**  4/13 7/13 8/21
**pled [2]**  3/19 7/11
**plenty [1]**  15/11
**point [2]**  10/7 14/11

**P**

Poor [1]  2/14
position [2]  3/14 7/12
possession [1]  12/17
possible [2]  7/13 12/20
posture [2]  3/17 6/10
postures [1]  3/19
potentially [2]  14/19 16/4
pre [3]  6/18 6/19 16/25
pre-context [1]  6/19
pre-pretrial [1]  16/25
pre-Pritchit [1]  6/18
precedent [3]  3/25 6/7 7/6
prejudice [4]  8/1 8/9 8/24 10/12
present [1]  3/11
presenting [1]  16/12
presumably [1]  15/23
pretrial [6]  12/21 14/12 15/10 16/25
17/10 17/15
pretty [1]  13/19
Pritchit [1]  6/18
proceeding [1]  10/13
Proceedings [2]  1/24 19/5
produced [1]  13/19
profile [1]  15/21
properly [1]  11/18
proposition [1]  13/23
protective [1]  12/25
proven [1]  5/8
provide [1]  11/1
provided [1]  10/6
public [1]  18/6
pulled [2]  11/10 14/14
purposes [1]  4/13
pursuant [1]  20/5
put [1]  9/9

**Q**

question [5]  5/9 6/15 7/21 10/19
12/6
questions [4]  2/25 3/2 4/10 4/11

**R**

raised [2]  9/18 10/20
randomly [1]  14/8
Rasch [1]  3/10
rather [2]  5/4 11/9
RDR [2]  1/20 20/11
readily [15]  3/18 4/1 4/7 4/10 4/20
5/2 5/2 5/7 6/9 7/6 7/23 8/17 9/19
10/1 10/2
reading [1]  11/2
ready [1]  13/6
realize [2]  8/3 12/9
reason [1]  17/14
reasoning [1]  10/7
recently [1]  12/13
recite [1]  6/4
record [1]  3/5

recording [1]  5/18
recordings [1]  5/14/1
regard [1]  5/15
regards [5]  3/13 7/21 10/18 12/7
18/24
regs [1]  11/19
regulations [1]  20/8
rejected [1]  6/3
related [4]  4/19 4/21 5/2 7/23
relates [3]  4/18 4/24 9/15
relevance [2]  3/14 8/14
relevant [1]  14/13
remedies [1]  11/15
remedy [4]  8/23 10/11 10/21 10/24
remember [1]  7/4
remind [1]  13/11
removed [1]  18/7
reply [2]  4/6 7/5
reported [1]  1/24
Reporter [4]  1/20 20/3 20/4 20/11
representing [1]  3/10
request [1]  6/15
requests [1]  17/2
reset [1]  18/10
residence [1]  11/4
resolve [1]  15/12
respectfully [1]  6/15
respond [2]  3/20 3/21
results [1]  11/3
retrospectively [1]  11/8
reversible [1]  6/1
review [2]  13/1 13/25
reviewing [2]  13/21 14/13
right [8]  2/9 8/2 8/4 10/23 11/17
11/19 11/20 18/20
ripe [1]  3/1
RMR [2]  1/20 20/11
rule [1]  12/9
rules [1]  4/24
rulings [2]  12/12 13/7
run [1]  16/12 18/17 18/18 18/21

**S**

said [5]  6/3 10/11 11/15 13/8 17/9
same [4]  5/9 6/9 6/22 10/16
satisfy [1]  7/19
saw [1]  3/23
say [3]  14/18 15/15 16/11
scheduling [3]  15/9 17/10 18/14
scope [1]  11/22
search [1]  11/3
searched [1]  11/23
second [1]  15/2
Section [1]  20/5
see [7]  3/20 6/24 7/7 9/8 14/11 16/7
17/23
seek [2]  4/20 8/10
seeking [1]  12/10
seems [2]  6/6 8/15
separate [2]  12/14 18/13

separately [1]  5/9
sequencing [1]  10/16
served [1]  18/5
set [10]  2/12 2/24 11/9 12/25 15/1
15/9 17/10 17/12 18/8 18/13
several [1]  10/8
should [7]  5/3 7/4 8/8 14/4 15/18
17/8 17/14
shouldn't [1]  7/17
show [2]  5/20 7/11
shows [1]  11/23
side [1]  4/14
sides [1]  8/13
signed [1]  12/24
significant [1]  6/17
similar [2]  4/16 7/5
similarities [2]  4/6 8/17
sky [1]  13/7
Snow [7]  3/15 4/19 4/23 7/3 7/6 7/19
10/9
so [30]
some [10]  6/23 12/15 12/19 12/21
13/23 14/1 14/23 15/20 16/1 16/6
someone [1]  2/23
something [3]  5/3 10/2 17/5
sophisticated [1]  14/20
sorry [3]  3/4 4/3 18/21
sort [3]  6/12 6/24 11/7
source [1]  11/15
special [3]  15/8 17/1 17/10
specific [2]  7/14 7/15
specifically [1]  7/18
specificity [1]  7/16
speedy [1]  18/6
spirit [2]  6/22 6/25
staged [1]  13/3
stand [2]  8/7 10/8
standing [1]  3/6
STATES [15]  1/1 1/3 1/12 2/4 2/7
3/7 5/24 8/8 10/5 19/2 20/1 20/5 20/5
20/8 20/12
status [5]  1/11 2/19 17/14 17/24
18/11
statute [2]  6/20 6/24
statutes [1]  5/22
statutory [4]  4/6 6/2 6/10 6/23
stenographic [1]  20/6
still [6]  3/25 6/6 12/9 12/18 12/22
16/6
Stored [3]  3/16 4/12 8/20
Street [2]  1/15 1/18
subpoenas [1]  12/16
Suite [2]  1/15 1/21
Sunday [1]  18/19
supervision [2]  13/2 13/4
supplemental [1]  8/13
suppress [3]  3/2 11/3 12/9
suppression [6]  10/18 10/21 10/23
11/2 11/15 11/20
surprised [1]  15/25

## T

take [2]  16/13 16/18
taken [2]  15/21 20/6
takes [2]  13/2 14/2
talk [1]  16/24
talking [1]  11/1
TAMPA [7]  1/2 1/6 1/15 1/16 1/19 1/21 20/13
telephonically [1]  2/5
telling [1]  10/1
ten [3]  9/16 10/14 14/1
terabyte [1]  12/14
term [1]  18/10
terms [4]  6/10 8/5 11/14 15/19
testify [1]  14/21
TGW [1]  1/5
than [5]  5/4 9/10 9/16 11/9 14/15
thank [6]  2/17 2/23 15/13 18/16 18/23 19/4
that [131]
that's [14]  5/18 6/14 6/18 9/10 9/21 9/22 10/10 11/11 12/13 13/25 14/3 14/15 15/15 18/2
their [1]  4/5
them [4]  7/8 7/9 13/23 14/23
themselves [2]  3/5 16/3
then [11]  2/4 3/2 3/22 4/7 4/15 8/23 9/7 10/11 11/23 15/15 18/16
there [8]  5/17 5/25 8/20 9/11 10/19 13/18 13/24 16/1
there's [10]  2/18 2/25 7/14 8/22 10/15 10/19 12/17 13/21 17/1 18/3
these [2]  7/1 8/13
they [16]  5/20 6/24 6/24 7/14 7/18 11/6 11/8 11/22 11/23 14/24 14/24 15/24 15/25 16/12 16/13 17/18
they're [1]  15/22
they've [4]  11/6 11/10 11/13 14/7
things [2]  7/19 12/12
think [31]
thinking [3]  12/13 16/19 17/3
third [2]  12/15 15/16
third-party [1]  12/15
this [22]
those [4]  10/17 11/10 12/1 14/8
though [1]  11/17
three [11]  2/5 9/4 9/5 9/8 9/10 13/13 13/14 13/24 15/16 16/14 16/20
through [11]  10/5 10/13 12/18 12/23 14/2 14/3 16/12 18/17 18/18 18/22 20/7
throughout [1]  11/5
thumb [1]  12/15
tightly [1]  7/13
time [11]  5/12 9/3 10/16 13/3 14/2 15/9 15/12 15/12 17/13 18/18 18/21
times [1]  18/17
TIMOTHY [2]  1/7 2/4
Title [1]  20/5

today [3]  2/16 3/1 9/8
tomorrow [1]  4/12
too [5]  2/23 8/2 9/21 13/7 16/9
totality [2]  11/2 11/5
track [1]  17/18
transcribed [1]  1/24
transcript [3]  1/11 20/3 20/7
transcription [2]  1/25 20/6
transmitted [1]  5/19
travel [2]  14/21 14/25
tremendous [1]  13/19
Tresevant [1]  13/11
TREZEVANT [2]  1/14 2/7
trial [8]  13/6 13/12 14/15 18/3 18/6 18/10 18/11 18/14
trickiest [1]  9/22
true [1]  20/6
try [2]  11/9 16/5
trying [3]  4/7 6/11 8/18
TV [2]  3/15 4/19
two [8]  3/1 12/14 13/13 13/14 13/24 13/24 14/15 14/16 16/18

## U

U.S [1]  1/15
U.S.C [1]  6/3
under [4]  3/16 11/2 11/5 13/2
underlying [2]  6/23 16/2
undersigned [1]  20/6
understand [1]  13/2
Understood [1]  3/12
UNITED [15]  1/1 1/3 1/12 2/4 2/7 3/7 5/24 8/8 10/5 19/2 19/6 20/5 20/5 20/8 20/12
unreasonable [1]  11/12
unreasonableness [2]  11/4 11/22
up [7]  2/22 3/11 5/10 8/1 12/25 14/14 17/1
us [1]  17/21

## V

variety [1]  10/20
versus [1]  11/8
very [3]  4/16 6/17 12/25
vestige [1]  6/25
video [1]  13/22
view [2]  13/16 16/8
viewed [1]  16/4
violation [1]  11/25
voluminous [1]  13/5
vs [2]  2/4 4/19

## W

wait [1]  4/1
want [8]  2/20 6/22 7/3 7/10 9/17 12/21 14/16 15/25
wanted [1]  3/20
warrant [4]  10/22 11/3 11/24 12/2
warrants [2]  11/24 12/16
was [11]  2/11 2/15 3/16 5/25 7/5

9/18 11/23 12/6 16/17 16/19 18/8
way [3]  8/6 11/6 11/12
we [29]
we'll [1]  15/9
we're [6]  6/20 11/11 12/12 13/8 13/9 13/9
we've [5]  7/15 10/6 11/5 12/11 13/8
week [2]  15/2 15/16
weeks [9]  9/4 9/5 9/8 9/10 13/13 13/14 15/14 16/14 16/20
well [4]  13/9 16/3 17/21 18/7
were [4]  6/2 6/5 7/22 8/24 10/20 12/16 15/20
West [1]  1/18
what [16]  4/11 4/15 6/18 9/8 9/9 9/10 11/5 11/11 11/17 11/23 15/1 15/2 15/8 16/19 17/18 18/8
whatever [1]  13/25
whatnot [2]  10/13 11/19
when [3]  6/23 13/4 18/17
where [3]  2/21 5/6 13/1
whether [4]  5/16 7/23 8/5 11/18
which [2]  9/20 13/5
while [3]  2/11 3/22 16/5
who [2]  2/14 3/10
why [3]  4/8 7/4 8/18
will [10]  14/20 14/23 15/24 17/9 17/10 17/12 18/13 18/14 18/18 18/21
Wilson [1]  12/24
wire [1]  8/3
within [1]  13/25
without [6]  4/4 6/5 7/25 8/8 8/23 10/12
witnesses [3]  14/18 14/19 15/22
wonder [1]  2/20
wondering [1]  5/10
working [1]  13/9
workstation [1]  13/1
would [27]
wouldn't [2]  4/8 8/18
wrong [2]  10/22 18/21

## Y

year [1]  18/20
Yes [12]  2/17 5/15 9/1 9/2 10/4 12/4 13/15 15/17 16/10 16/23 17/25 18/18
you [24]
you're [1]  11/1
your [33]