UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE
_____/

DEFENDANT TIMOTHY BURKE'S REPLY REGARDING "ORDINARY COURSE OF BUSINESS" EXCLUSION UNDER 18 USC 2510(5)(a)

The government claims that the wiretap statute is not constitutionally overbroad because it only "prohibits the intentional acquisition [of a communication], using a device not used *'in the ordinary course of business'*" by an "authorized user" and "therefore does not implicate First Amendment conduct and does not burden our Freedom of Speech at all." (Doc. 138, p. 4-5). The government seems to suggest that casual Netflix or Facebook entertainment users are exempt from prosecution because they will be using any acquisition device in the "ordinary course of business," (Doc. 138 p. 8-9) and because such a user "does not have the requisite *mens rea* for an illegal wiretap." (Doc. 138 p. 19) The statute's overbreadth arises not because persons exercising First Amendment rights cannot be convicted, but because they can be prosecuted under the overbroad statute. If using a device in the ordinary course of business  is merely

1

*another affirmative defense*, it permits the prosecution of millions of casual users who use "devices" to acquire the contents of a streaming communication containing the human voice, and forces them to prove at trial an exception to the statute which bans all acquisitions of wire communications. *Watkins v. L.M. Berry & Co.*, 704 F.2d 577, 582 (11th Cir. 1983)(each intercepted communication must be acquired in the ordinary course of business); Accord *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014)(Yahoo's burden to show consent to acquisition). Indeed, the "device" exclusion does the opposite of what the government posits - it ensures that people like Mr. Burke, who used a "device" (his computer) to access a server (Stream-Co) in the ordinary course of his business, is not criminally liable, while millions of casual users with no business purpose could be subject to prosecution.

The "business purpose"exclusion excludes the use of a device which is "furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of *its* business" 18 USC 2510(5)(a)(i)(emphasis added).  The government appears to read this to mean that a Netflix subscriber who connects to the service is at no peril if they do so in accord with the "ordinary course" of Netflix business.  This is not the case.  The exclusion applies when the device is used to further *the user's* business purpose -- not that of the streaming service, as the history of the statute notes:

2

> Subsection 101(a)(4) of the Electronic Communications Privacy Act amends existing section 2510(5) of Title 18 to clarify that telephone equipment provided by the user and connected to the facilities of a service provider is not an "electronic, mechanical, or other device," provided that it is used in the ordinary course *of the user's business*.

S. Rep. No. 99-541, at 13 (1986) (emphasis added). [1] Such a reading is consistent with the normal rules of statutory construction.

Burke's access to StreamCo is alleged to have been <u>in furtherance of his own business purposes;</u> the Indictment says he acted "for purposes of <u>commercial</u> advantage *and* (not or) private financial gain," (Doc. 1, p. 19), that he was paid $1,500.00, (Doc. 1, p. 23) and that he used the same work-related computers the government seeks to forfeit because they were used in the acquisition. *Id.* If the communications acquired were, as the indictment suggests, downloadable by anyone with the correct URL (Doc. 1, Par. 9-10, described as a series of numbers and letters generated by an algorithm) Burke, like anyone else, is "duly authorized by the provider of such service" to download (intercept) the communication. As Congress noted H.R. REP. NO. 99-647, at 62 (1986) :

> The Committee believes that where communications are readily accessible to the general public, the sender has, for purposes of Section 2701(a), extended an "authorization" to the public to access those communications. [2]

---

[1] Available at https://www.justice.gov/sites/default/files/jmd/legacy/2014/08/10/senaterept-99-541-1986.pdf

[2] Available at https://www.justice.gov/sites/default/files/jmd/legacy/2013/10/16/houserept-99-647-1986.pdf

3

[Referencing the ECPA companion SCA] and that "[t]o access a communication on such a system should not be a violation of the law." *Id.* For communications for which no password is required, nor any "higher level of security," Congress indicated, the law "would impose no liability for access to features [of a remote access communications system] configured to be readily accessible to the general public." *Id* at p. 63. This is in line with the principle that, "when a computer network generally permits public access to its data, a user's accessing that publicly available data will not constitute access without authorization..." *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 1003 (9th Cir. 2019), *aff'd on reh'g*, 31 F.4th 1180 (9th Cir. 2022)(referencing the CFAA provisions).

Therefore, Burke was, under the wiretap statute, a "user" who used his "device" in the "ordinary course of his business" to "acquire communications" that the provider "authorized" him to acquire when they made the communications available to the public. For the millions of casual users who "acquire the contents" of communications containing the human voice every day, but do not do so "in the ordinary course of their business" their First Amendment protected acts of merely accessing publicly available information still subject them to criminal prosecution under the statute. Accordingly, the Court should invoke the remedy of dismissal of the indictment.

Respectfully submitted,

| | |
|---|---|
| s/*Michael P. Maddux* | s/*Mark D. Rasch* |
| Michael P. Maddux, Esquire | Mark D. Rasch |
| Florida Bar # 964212 | Law Office of Mark Rasch |
| Michael P. Maddux, P.A. | Member, MD, MA, NY Bar |
| 2102 West Cleveland Street | MDRasch@gmail.com |
| Tampa, Florida 32606 | (301) 547-6925 |
| Phone: (813) 253-3363 | Admitted Pro hac vice |
| Fax: (813) 253-2553 | |
| Email: | COUNSELS FOR TIMOTHY BURKE |
| mmaddux@madduxattorneys.com | |
| ctonski@madduxattorneys.com | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of July 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

s*/Michael P. Maddux*
Michael P. Maddux, Esquire