AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 8:24-CR-00068-KKM-TGW |
| TIMOTHY BURKE | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To: National Basketball Association (NBA)

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: Michael P. Maddux, PA, 2102 W. Cleveland St., Tampa, FL 33606 | Date and Time: |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Timothy Burke
_____, who requests this subpoena, are:

Michael P. Maddux, Esq. Michael P. Maddux, PA, 2102 W. Cleveland St., Tampa, FL 33606; mmaddux@madduxattorneys.com; 813-253-3363

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  8:24-CR-00068-KKM-TGW

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE
_____/

## SUBPOENA ATTACHMENT A

TO:   Custodian of Records
      National Basketball Association (NBA)
      645 Fifth Avenue
      New York, NY 10022

**YOU ARE COMMANDED** to produce at the time, date, and place set forth in the attached Subpoena the following books, papers, documents, data, or other objects:

1. All employment records, personnel files, contracts, credentialing documents, and related correspondence regarding Timothy Burke's employment, freelance work, media credentials, or any other professional engagement with any NBA-affiliated team or entity.

2. All records concerning the NBA's use, deployment, and management of FTP (File Transfer Protocol) sites or servers, including network architecture documents, security configurations, administrative manuals, and user onboarding materials.

3. Documentation and system architecture showing how the NBA's FTP servers are configured and integrated into its internal and external network infrastructure, including IP address allocations, firewall rule sets, NAT configurations, and VLAN segmentation.

4. All policies, protocols, standard operating procedures (SOPs), training materials, and internal guidelines relating to the creation, authorization, management, and sharing of FTP credentials.

5. Specific records showing how FTP credentials are generated, who is authorized to issue and use them, how credentials are stored and transmitted, and how shared access is monitored or restricted.

6. Internal policies on password security and sharing, including those specific to FTP sites and more general corporate or IT policy documents addressing password reuse, group access accounts, and individual user accountability.

7. FTP access control logs, authentication logs, and user session logs showing any and all access activity from any IP address associated with Timothy Burke (IP address 47.197.207.14) during the period from January 1, 2022 through December 31, 2023.

8. All system logs, audit trails, investigative memos, and internal reports regarding the user account "flipfactory," including its creation date, access history, administrative actions, changes to user permissions, login activity, IP origin history, and deactivation or investigation status, during the period from January 1, 2022 through December 31, 2023.

9. Logs showing all FTP users between 1/1/2022 and 12/31/2023, including user associations and IPs.

10. Documents confirming whether "flipfactory" credentials were shared and how access was controlled.

11. Records of when the NBA first became aware of the flipfactory credential use, including any reports or emails.

12. FTP server access and password management policies.

13. Communications or memos indicating whether NBA discovered the issue internally or only after FBI notification.

14. Organizational documentation confirming no Seattle-based NBA team existed during the relevant period.

15. Communications with forensic consultants or legal counsel on FTP credential management or misuse.