AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 8:24-CR-00068-KKM-TGW |
| TIMOTHY BURKE ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To: The Rutherford Group, Inc

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: Michael P. Maddux, PA, 2102 W. Cleveland St., Tampa, FL 33606 | Date and Time: |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Timothy Burke
_____, who requests this subpoena, are:

Michael P. Maddux, Esq. Michael P. Maddux, PA, 2102 W. Cleveland St., Tampa, FL 33606; mmaddux@madduxattorneys.com; 813-253-3363

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  8:24-CR-00068-KKM-TGW

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

   **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

   **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

   **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

   **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

   **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE
_____/

## SUBPOENA ATTACHMENT A

TO:   Custodian of Records
      Rutherford Group, Inc./WGNS
      306 South Church Street
      Murfreesboro, TN 37130

**YOU ARE COMMANDED** to produce at the time, date, and place set forth in the attached Subpoena the following books, papers, documents, data, or other objects:

1. Records related to WGNS' use of StreamCo Inc. services, contracts and agreements regarding use of StreamCo credentials, including credential selection and password sharing.

2. Communications between Rutherford Group, Inc. and/or WGNS and the DOJ, FBI, the DRIR firms and law firms hired by Broadcaster-2.

3. Information regarding the posting by WGNS of the StreamCo credentials to the web and to the Internet archive on 1/16/2022.

4. WGNS Computer Use Policy

5. WGNS Data Classification Policy

6. StreamCo System Logs for user WGNS -matrix-demo between 1/1/2022 through 12/31/2023.

7. StreamCo Inc. sales and marketing materials received by Rutherford Group, Inc and/or WGNS.

8. Internal communications, memoranda, and policies regarding issuance and sharing of LiveU demo credentials.

9. Logs or metadata showing how many users/devices accessed the credential-containing web page.

10. Records of when CBS or WGNS first became aware of the exposed credentials and steps taken.

11. Documentation of any decision not to restrict/revoke the credentials after exposure.

12. Communications with LiveU or other stakeholders concerning credential exposure or remediation.

13. Incident response logs, policies, or meeting notes—or acknowledgment of none.

14. All communications with Stroz Friedberg regarding forensic investigation.

15. All communications with Holland & Knight, Norton Rose Fulbright, or Wilson Sonsini regarding the incident or forensic work.