AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 8:24-CR-00068-KKM-TGW |
| TIMOTHY BURKE | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To: Fox Corporation

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: Michael P. Maddux, PA, 2102 W. Cleveland St., Tampa, FL 33606 | Date and Time: |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Timothy Burke
_____ , who requests this subpoena, are:

Michael P. Maddux, Esq. Michael P. Maddux, PA, 2102 W. Cleveland St., Tampa, FL 33606; mmaddux@madduxattorneys.com; 813-253-3363

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 8:24-CR-00068-KKM-TGW

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)**

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE
_____/

**SUBPOENA ATTACHMENT A**

TO:   Custodian of Records
      Fox Corporation
      462 South 4th Street
      Suite 1600
      Louisville, KY 40202

**YOU ARE COMMANDED** to produce at the time, date, and place set forth in the attached Subpoena the following books, papers, documents, data, or other objects:

1. Unprivileged versions of all investigative reports created by Stroz Friedberg on behalf of or in collaboration with Fox News, including any versions provided to or shared with the United States Attorney's Office for the Middle District of Florida (USAO MDFL) or other law enforcement agencies.

2. All records, memoranda, reports, and internal correspondence concerning damages, expenses, remediation costs, or losses alleged to have been incurred by Fox News as a result of any unauthorized access to its systems or communications, including any financial documentation supporting such claims.

3. All contracts, agreements, NDAs, releases, editorial control terms, and privacy-related provisions entered into between Fox News and Tucker Carlson and/or Kanye West, including any provisions addressing on-air appearances, recorded communications, or expectations of confidentiality or privacy.

4. Documents, communications, or other records addressing the existence or scope of any "reasonable expectation of privacy" for individuals participating in the allegedly intercepted communications, including policies, producer notes, emails, or legal opinions.

5. Communications between Fox News and LiveU Inc. concerning user access, content delivery, streaming configuration, demo credentials, or any technical issue relevant to the security or accessibility of the LiveU Matrix platform.

6. All contracts, master services agreements, or license agreements between Fox News and LiveU Inc. governing the use, access, and credentialing structure for the LiveU Matrix platform.

7. Internal records, technical diagrams, system architecture documentation, and change control logs detailing Fox News' configuration of its LiveU Matrix access, including any local network settings or administrative privileges enabled.

8. Communications between Fox News and its outside counsel, and between Fox News and Stroz Friedberg, that were shared in whole or in part with the DOJ, FBI, or USAO MDFL regarding the scope, intent, findings, or progress of any forensic or legal investigation involving access to Fox News content through the LiveU Matrix platform.

9. Identity documents, segment logs, production call sheets, or show notes identifying all participants in the allegedly intercepted communications, including staff, guests, producers, hosts, or other third parties.

10. Policies in effect from January 1, 2022 through December 31, 2023 governing computer use, information security, acceptable use, and internal data classification.

11. All LiveU sales, marketing, or training materials provided to Fox News regarding the Matrix platform.

12. Documents or memos showing Fox's awareness that broadcast content was accessible via open transponders or online mirrors.

13. Contracts, NDAs, and editorial control agreements concerning the Tucker/Kanye interview and Maine studio operations.

14. Planning documents and editorial records related to Ye's statements and decision not to air them.

15. Logs showing visitors or guests to Carlson's Maine facility.

16. Internal policies or absence of policies addressing the confidentiality of off-air material.

17. Internal archive records showing possession or lack of possession of off-air materials.

18. Communications between Fox and Stroz Friedberg related to investigation or credential usage.

19. Communications with legal counsel (Holland & Knight, Norton Rose Fulbright, Wilson Sonsini) related to any legal or investigative action.

20. Any and all information regarding the editorial decision about how and why the interview between Tucker Carlson and Kanye West was edited.