**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.     CASE NO.: 8:24-cr-00068-KKM-TGW

**TIMOTHY BURKE**
_____/

**DEFENDANT'S MOTION TO CONTINUE TRIAL**
**DUE TO MAGISTRATE'S SCHEDULED HEARING**
**ON DEFENDANT'S RULE 17(c) SUPOENAS**

**COME NOW**, Defendant, TIMOTHY BURKE, by and through their undersigned Counsel, and move this Honorable Court to continue the September 8, 2025 trial term in this matter, pursuant to Title 18, United States Code 3161(h)(7). The grounds for this Motion are as follows:

1.      On February 15, 2024, a Grand Jury in the Middle District of Florida returned an indictment against the Defendant and one (1) other individual. (Doc. 1).

2.      The Indictment alleges that Timothy Burke conspired with an unnamed co-conspirator (later identified in discovery as Marco Gaudino) to obtain and use login credentials associated with Broadcaster-1 to access StreamCo's protected video streaming service. According to the charges, Burke used those credentials to access the StreamCo computer, and later to obtain the contents of live-streamed audiovisual

communications—classified as oral, wire, and electronic communications under the Wiretap Act—and later disclosed or published portions of those communications. The Indictment further alleges that Burke unlawfully accessed a File Transfer Protocol (FTP) server operated by a National Sports League and downloaded video content stored there.

3. As such, the critical legal and factual issues include whether the credentials allegedly used were demonstration credentials routinely shared with, and publicly disclosed by, their owner and used by multiple individuals; the privacy and security configurations and policies of StreamCo's servers; the manner in which those servers operated and delivered content at the time of the alleged access; and the extent to which the participants in the allegedly intercepted communications had a reasonable expectation of privacy.

4. At the August 6, 2025 sentencing hearing for Marco Gaudino, the government contended that employees of Broadcaster-2 had a reasonable expectation of privacy in the internal communications that were filmed and transmitted by their own employer. That claim places Broadcaster-2's personnel policies and StreamCo's network configuration and disclosure policies squarely at issue. Further, the affidavit supporting the search warrant indicates that the forensic analysis and related

investigation were largely conducted not by law enforcement, but by a private digital forensics firm retained by outside counsel, whose findings were selectively summarized and shared with the government. The full results of that investigation, including methodology and scope, are therefore material.

5. Additionally, the government has invoked Federal Rule of Evidence 404(b) to present other allegedly unauthorized access incidents, elevating the importance of obtaining records regarding the privacy practices, access control mechanisms, and data handling procedures of all purported "victims." These records are directly relevant to whether the accessed communications were truly private and whether any interception occurred within the meaning of 18 U.S.C. § 2511.

6. Finally, at Gaudino's sentencing, the government claimed that the conduct resulted in hundreds of thousands of dollars in loss, principally in the form of investigative costs. Burke is entitled to challenge the accuracy and basis for those figures. The subpoenaed materials go to each of these issues and are thus relevant, material, and necessary to the preparation of the defense.

7. Mr. Burke's arraignment began on March 11, 2024 (Doc. 17) but was continued to April 2, 2024 (Doc. 19) so counsel could be secured. Mr.

Burke waived arraignment upon filing of counsel's notice of appearance. (Doc. 24, 25, and 26)

8. Mr. Burke is not incarcerated.

9. This matter is set for a pretrial conference on August 28, 2025 and a date-certain trial date of September 8, 2025. (Doc 112)

10. To date, Defendant's Motion to Dismiss is pending before this Honorable Court. (Doc 135, 138, 163) If granted, it would be dispositive on many of the counts, and would alter the nature of the trial and the nature of the evidence relevant to the trial.

11. On July 30, 2025, Defendant filed a Motion to Compel Early Production Pursuant to Rule 17(c)(1)("The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence."). (Doc 164)

12. On August 4, 2025, the Honorable Judge Wilson granted the Motion, but, upon the Government's objection, subsequently vacated the Order. (Doc 165, 167) A hearing on the Motion has been scheduled for September 2, 2025, which does not provide sufficient time before the scheduled trial date for the service of the subpoenas, many of which will need to be served out of state, and for the defense to prepare witnesses for the trial. (Doc 168) It also makes it impossible for the defense to

adequately prepare for trial without knowing what witnesses will be available. (Doc 168)

13. In accordance with Federal Rule of Criminal Procedure 17(c) and consistent with the guidance of *United States v. Nixon*, 418 U.S. 683 (1974), Defendant Burke served notice upon the Government of his intent to seek Rule 17(c) subpoenas for specific categories of evidentiary materials from clearly identified third-party sources. As early as July 8, 2025, defense counsel engaged with the Government to disclose, in good faith, the general nature of the materials sought, the identity of the third-party recipients, and the intended evidentiary use of the documents. This notice complied with both Rule 17(c) and Local Rule 3.02 of the Middle District of Florida, which requires meaningful conferral between the parties. Defendant included the Government's response to receiving and reviewing the draft Motion in the Motion which was filed with the Court.

14. Upon receipt of the Defendant's detailed draft subpoena attachments, which were attached to the Motion, the Government objected, arguing the subpoenas seek materials that are irrelevant, privileged, and potentially procurable through other means and the Motion for Subpoenas does not contain any meaningful explanation about how or why the materials sought are relevant nor does it address the issue of admissibility.

15. After these objections were communicated, the parties convened again on August 5, 2025, in a continued good faith effort to resolve any disputes without unnecessary involvement of the Court. During this conference, counsel for Mr. Burke voluntarily agreed to pause service of the subpoenas pending the Government's provision of more specific objections to individual items it sought to subpoena. The defense proposed that once the Government specified the particular items to which it objected, the parties would then revisit each item in an attempt to resolve the disputes cooperatively. It was only if that process proved unsuccessful that the defense indicated a willingness to seek judicial resolution.

16. The trial in this matter is currently scheduled to commence on September 8, 2025. Defendant Burke has made every reasonable effort to avoid delay and minimize burden on third parties and the Court. He has approached the Rule 17(c) process transparently, disclosing both the recipients and categories of materials in advance, and offering to refine or withdraw requests in response to Government objections. Defendant has not sought to conduct a fishing expedition or to circumvent the reciprocal discovery rules. To the extent that the Government challenges the propriety of any particular subpoena request, Defendant stands ready to discuss those objections in a further meet and confer. However, Defendant

respectfully submits that it is not for the Government to assert wholesale objections to discovery from third parties based on speculation or policy disagreements. The government lacks standing to bring its arguments.

17. In sum, Defendant Burke has complied with the procedural and substantive requirements of Rule 17(c), and has acted in good faith to resolve objections without judicial intervention. He respectfully requests that the Court deny the Government's premature objection and permit him to proceed with his subpoenas that are critical to his receiving a fair trial, as the government retains the right to object to the relevance of any evidence offered by the defense at trial, and lacks standing to assert wholesale objections to discovery from third parties based on speculation or policy disagreements.

18. Mr. Burke does not seek to delay the trial, but the subpoenaed materials are necessary for the defense. The subpoenas are targeted at relevant information necessary for trial. However, the trial cannot proceed until the issue related to the subpoenas is resolved.

19. Given this outstanding discovery dispute and the pending Motion to Dismiss, the desire to free the Court's time when being properly prepared for trial by September seems impracticable, the desire to free up witnesses for other important activities, and the impact the discovery may

have on the need for pretrial motion practice, the Defendant respectfully requests that the trial date be struck and the matter set for a status conference in September to assess the progress of the case at that time or in the alternative, an emergency hearing being scheduled as soon as possible to resolve the discovery dispute.

20. This present Motion is submitted in good faith and without any intention to cause unnecessary delay or inconvenience to any party. The ends of justice would be served by the granting of the motion to continue the trial and outweigh the best interest of the public and the defendant in a speedy trial, in accordance with 18 U.S.C. Section 3161(h)(7)(A) and (B).

21. A Waiver of Speedy Trial will be filed as is necessary.

22. Pursuant to the parties' conferral obligations, the government's position on this motion is that the government does not object to an emergency status conference and wants the normal time allotted under the rules for a response to the motion for 17(c) subpoenas.

## **MEMORANDUM OF LAW**

"Because of the great latitude that must be afforded a trial judge in scheduling matters, a trial court has broad discretion in ruling on requests for continuances. [citation omitted]." See *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir.1985).

**WHEREFORE**, Mr. Burke requests this trial date be continued, and a Status Conference be scheduled in September or an emergency hearing be scheduled at the earliest time possible regarding the subpoenas.

Respectfully Submitted,

*s/Michael P. Maddux*
Michael P. Maddux, P.A.
Florida Bar No.: 0964212
2102 West Cleveland Street
Tampa, Florida 33606
Attorney for Defendant
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail:mmaddux@madduxattorneys.com

*s/Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted Pro hac vice

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of **August 2027**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire