UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.	CASE NO. 8:24-cr-68-KKM-TGW

TIMOTHY BURKE

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE
IMPROPER LEGAL ARGUMENTS AND EVIDENCE**

The United States respectfully requests this Court to preclude Burke in advance of trial from making any argument or statement or offering any testimony or other evidence that directly or indirectly suggests Burke's claimed status as a "journalist" somehow impacts the legal implications of his charged conduct in this case. As explained below, this Court is the sole arbiter of any questions of law that arise at trial. Any arguments, statements, or evidence made or offered by the defense in this case that invade this Court's role in that regard will create not only a danger, but a certainty, of injecting confusion into the proceedings and misleading the jury. This Court therefore should preclude Burke pretrial from making or offering such improper arguments or evidence in the interests of justice and a fair proceeding. Indeed, "it is not just the defendant, but also the government, that is entitled to a fair trial." *United States v. McDade*, 827 F. Supp. 1153, 1191 (E.D. Pa. 1993).

I.   **Introduction**

On February 15, 2024, a federal grand jury returned an indictment, charging Burke with conspiracy, in violation of 18 U.S.C. § 371, and related substantive violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(2)(C)) and the Wiretap Act (18 U.S.C. § 2511(1)(a) and (1)(c)). Doc. 1. From the outset of this case, Burke has repeatedly raised his claimed status as a "journalist" to suggest or argue that he could not properly be charged for certain conduct alleged in the indictment.

As one example, Burke's initial motion to dismiss, Doc. 64 at 6-7, argued that the United States was barred from prosecuting Burke for willfully disclosing the contents of an unlawfully intercepted communication as charged in Counts Thirteen and Fourteen, asserting that any such act by Burke as a journalist was pure and protected speech that could not be criminalized. This Court, upon consideration of Burke's argument for dismissal and the United States' response in opposition, Doc. 71 at 13-15, denied Burke's motion to dismiss, explaining that the law cited by Burke as supporting his proposition, *Bartnicki v. Vopper*, 532 U.S. 514 (2001), does not control this case. Doc. 110 at 6-12. While Burke may raise such arguments or offer related evidence during the pretrial stages of litigation in this case, any arguments, statements, or evidence made or offered by Burke at trial that suggest Burke's claimed status as a journalist impacts the legal implications of his charged conduct are wholly inappropriate and should be barred.

## II. Argument

A. <u>Burke should be precluded from making arguments or statements or offering evidence at trial that would invade this Court's province as the sole arbiter of the relevant law in this case</u>.

It is well established that a district court is the sole authority at trial on the law. *See, e.g., United States v. Viotrobek*, 847 F.3d 1335, 1344-45 (11th Cir. 2017); *and see, United States v. Billue*, 994 F.2d 1562, 1568 (11th Cir. 1993). "It is the district court's peculiar province to instruct the jury on the law. . ..." *United States v. Mann*, 884 F.2d 532, 538 (10th Cir. 1989). As explained by the Tenth Circuit in *United States v. Willie*:

> The law is given to the jury by the court and not introduced as evidence. . ..
> Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be. The law is the singular province of the judge. Juries only decide facts, to which they apply the law given to them by the judge. They may not decide what the law is and should not be given the opportunity to do so.

*United States v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991), *cert. denied*, 502 U.S. 1106 (1992) (cleaned up). Indeed, one of the first statements district courts in the Eleventh Circuit typically make to a jury after it has been sworn at trial is that: "At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law." *See* Eleventh Circuit: Pattern Jury Instructions Committee, Pattern Jury Instructions, Criminal Cases (2024 Revision), Preliminary Instruction P1.

Furthermore, it is critical to remain mindful that: "irrelevant evidence is not admissible." Fed. R. Evid. 402. And, evidence is "relevant" only if it has a "tendency

to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401; *see, e.g., United States v. Matthews*, 431 F.3d 1296, 1309 (11th Cir. 2005). Thus, the determination of relevance has two parts: the evidence must tend to prove the matter sought to be proved, but the matter sought to be proved must also be one that is of consequence to the determination of the action. *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981).[1]

Here, the facts of consequence in this case at trial are those that concern ***Burke's conduct and interactions with co-conspirator Marco Gaudino, and others, from in or around February 2022 and continuing into May 2023 in furtherance of the goals, efforts, and acts alleged in Count One of the charged conspiracy*** and related substantive counts. Doc. 1. Whether Burke was or was not a journalist is not of consequence to a determination of the charges raised by the indictment in this case. Thus, to introduce arguments or statements or other evidence about Burke's claimed "journalist" status in a manner that directly or indirectly suggests that status somehow impacts the legal implications of his charged conduct would, in effect, inject irrelevant and unrelated information into the trial proceedings.

Moreover, even if such evidence is arguably "relevant," the Court should exclude the evidence "if its probative value is substantially outweighed by the danger

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207–09, (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

4

of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Terebecki*, 692 F.2d 1345, 1350 (11th Cir. 1982) (court did not abuse discretion in excluding evidence which could easily confuse and mislead the jury); *and see, e.g., Willie*, 941 F.2d at 1395-96 (tax protester's exhibits excluded because they were confusing, because the danger of the jury's misuse was great, and because the relevant point was provable by other evidence). Thus, the jury should not be exposed to the aforesaid inadmissible arguments, statements, or evidence, which concern the law, or are irrelevant or run afoul of Fed. R. Evid. 403.

> B. <u>If the defendant injects any such evidence or arguments in the jury's presence, the Court should immediately give a limiting instruction</u>.

If, for any reason, Burke, at trial, makes any argument or statement or attempts to offer any testimony or evidence that, directly or indirectly, suggests Burke's claimed status as a "journalist" somehow impacts the legal implications of the conduct charged against him, this Court should immediately give the jury a limiting instruction. The effect of that instruction should be to: (1) inform the jury that they have heard an argument or testimony or seen material that could suggest the defendant was, during the period charged, a journalist and that such status somehow impacts the law in this case; (2) instruct the jury as to the correct state of the law and remind them that this Court is the sole judge of the law; and (3) inform the jury that the argument or evidence is either being made or offered for another

(proper) purpose and not to prove the actual requirements of the law, or give another cautionary and limiting instruction as this Court deems appropriate. *See, e.g., United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991); *United States v. Hairston*, 819 F.2d 971, 973 n.4 (10th Cir. 1987).

### C. A motion *in limine* excluding the evidence is the proper vehicle by which to address the problem.

Under Fed. R. Evid. 103(d), "[t]o the extent practicable," the trial should be conducted so that "inadmissible evidence is not suggested to the jury by any means." Here, as explained above, any argument, statement, or evidence during trial that suggests Burke's claimed status as a "journalist" somehow impacts the legal implications of his charged conduct in this case should be precluded from the trial proceedings. It therefore is appropriate to exclude such argument or evidence *in limine* now rather than on a time-consuming and wasteful per-proffer basis at trial. Moreover, a ruling that excludes that argument or evidence now will significantly facilitate the trial and benefit the jury. *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) ("Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues."). Even if Burke believes he has related arguments or evidence outside the scope of this motion that may be relevant and admissible, a ruling *in limine* at least will serve as a touchstone for discussion and therefore will greatly aid debate.

The United States therefore respectfully requests the Court to preclude *in limine* any argument and evidence during trial that suggests Burke's claimed status as a "journalist" somehow impacts the legal implications of his charged conduct in this case. Such argument and evidence would be contrary to law and irrelevant under Fed. R. Evid. 401 and 402. In addition, any potential probative value (which does not exist here) is substantially outweighed by the threat of confusing and misleading the jury, inevitable delay, and would be a waste of time and resources, and should be excluded under Fed. R. Evid. 403 regardless.

### III. CONCLUSION

Wherefore, the United States requests that this Court grant this motion *in limine* for all of the reasons set forth above.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

/s/ *Adam J. Duso*
Adam J. Duso
Assistant United States Attorney
Florida Bar No. 1026003
400 N. Tampa St., Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Email: adam.duso@usdoj.gov

U.S. v. Timothy Burke                        Case No. 8:24-cr-68-KKM-TGW

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Michael Maddux, Esq.

    Mark Rasch, Esq.

                                                 */s/ Jay G. Trezevant*
                                                 Jay G. Trezevant
                                                 Assistant United States Attorney