UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cr-68-KKW-TGW

TIMOTHY BURKE

**UNITED STATES' RESPONSE TO BURKE'S
MOTION TO CONTINUE TRIAL**

The United States of America hereby responds to *Defendant's Motion to Continue Trial Due to Magistrate's Scheduled Hearing on Defendant's Rule 17(c) Subpoenas* ("Motion to Continue"), filed August 7, 2025. Doc. 169. As explained below, Burke's request to issue Fed. R. Crim. P. 17(c) subpoenas is not a proper basis upon which to continue the trial in this case. To the extent Burke's Motion to Continue is requesting a **brief continuance** to allow for the resolution of outstanding motions and for the parties to adjust and organize their anticipated case-in-chiefs, the United States does not object.

I. Introduction

On February 15, 2024, a federal grand jury returned an indictment charging Burke with conspiracy and related substantive violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(2)(C)) and the Wiretap Act (18 U.S.C. § 2511(1)(a) and (1)(c)). Doc. 1. Trial in this case is presently scheduled to begin September 8, 2025. Doc. 112.

Other than the instant Motion to Continue, there are four pending motions in this case:

i. Burke's Third Motion to Dismiss, filed May 19, 2025 (Doc. 125); United States' Opposition, filed June 23, 2025 (Doc.138); Defendant's Reply, filed July 18, 2025 (Doc. 163); and related amicus briefs (Docs. 143, 145, 146, 153, and 158).

ii. Burke's Motion for Rule 17(c) subpoenas, filed July 30, 2025 (Doc. 164); United States' Opposition, filed August 13, 2025 (Doc. 173); hearing scheduled for September 2, 2025 (Doc. 167).

iii. United States Motion in *Limine* to Preclude Legal Argument and Evidence, filed August 7, 2025 (Doc. 170); Burke's response due on or before August 21, 2025.

iv. United States Motion in *Limine* to Exclude Aspects of Proposed Defense Expert Opinion Testimony, filed August 7, 2025 (Doc. 172); Burke's response due on or before August 21, 2025.

Burke's Third Motion to Dismiss, Doc. 125, "raise[s] novel questions with potential wide-reaching impact," and the United States' arguments and response thereto "implicate[] technical questions about how the Wiretap Act applies to this case and much of modern technology…." *See* Doc. 128 at 4. A ruling on that motion therefore is, at least at present, the most significant matter pending in this case, as that ruling will inevitably impact significant decisions by both parties, including decisions concerning trial preparation and presentation. This Court has now scheduled a Status Conference to occur on August 20, 2025. Doc. 171.

## II.  Burke's Motion to Continue

As filed, Burke's Motion to Continue trial in this case describes various topics or categories of information that Burke argues are necessary for him to adequately

2

prepare for trial. *See* Doc. 169 at 4-5. Those categories include: (1) a broadcaster's personnel privacy policies, (2) StreamCo's network configuration and disclosure policies, (3) work product associated with a digital forensics firm's public-source investigation, (4) potential Fed. R. Evid. 404(b) information, and (5) victim loss information. *Id.* at 2-3. Thus, as Burke sees it, he should be permitted to issue Rule 17(c) subpoenas (at this late date) because he "has complied with the procedural and substantive requirements of Rule 17(c)" and "[t]he subpoenas are targeted at relevant information necessary for trial." *Id.* at 7.

Further, Burke's motion also notes that his outstanding Third Motion to Dismiss, "[i]f granted, would be dispositive on many of the counts, and would alter the nature of the trial and the nature of the evidence relevant to the trial." *Id.* at 4.

### III. Response and Argument

As explained in the United States' response in opposition to Burke's motion for Rule 17 (c) subpoenas, that motion seeks permission to issue thirteen subpoenas to various third-party entities, including multiple victim entities, for a vast array of materials. Doc. 173 at 1. The United States therefore has opposed that motion on multiple grounds, including Burke's failure to: (1) comport with his obligations under Rule 17(c) and relevant case law; (2) comply with the victim protection safeguards of Rule 17(c)(3); (3) articulate any information supporting relevancy of desired subpoena productions; and (4) properly tailor his subpoena requests and thereby avoid an improper "fishing expedition." *Id.* at 1-2. Burke's motion for Rule 17(c)

3

subpoenas therefore should be denied and is not a proper basis upon which to continue the trial in this case.

Burke's Motion to Continue, which is largely premised upon Burke's purported need for the (unspecified and irrelevant) materials, offers nothing new of substance in support of Burke's effort to issue subpoenas. Indeed, and for example, Burke referenced in his motion for subpoenas that an unremarkable statement by the United States to the Court during co-conspirator Marco Gaudino's sentencing hearing (Case No. 8:24-cr-165-CEH-SPF)—that by covertly monitoring and recording the conduct and communications of persons who were unaware that their conduct and conversations were being observed, Gaudino (and co-conspirator Burke) had intruded upon those persons' privacy—somehow placed "Broadcaster-2's" personnel policies squarely at issue. Doc. 169 at 2. That argument is nonsensical. Congress designed the wiretap statute to protect "the security and privacy of business and personal communications…." *See, e.g.,* S.Rep. 99-541 at 2-3. The protection of secure and private business and personal communications is at the heart of the Wiretap Act and violations of that Act inevitably threaten businesses' and individuals' privacy. That the United States would raise the invasion of others' privacy during Gaudino's sentencing hearing should have been expected, not a surprise that somehow triggered Burke's claimed sudden need to issue and serve a subpoena for documents upon a victim entity.

Likewise, Burke erroneously claims in his Motion to Continue that "the search warrant indicates that the forensic analysis and related investigation [into his

4

criminal conduct] were largely conducted not by law enforcement, but by a private digital forensics firm retained by outside counsel, whose findings were selectively summarized and shared with the government." Doc. 169 at 2-3. Building upon this baseless claim, Burke argues that "the full results of that investigation, including methodology and scope, are therefore material" to Burke's defense. *Id*. Of course, as was demonstrated by the United States in earlier filings, the confirmation by the FBI of certain open-source information was just one initial step in a much more extensive investigation conducted by the FBI prior to seeking the warrant referenced by Burke. *See* Doc. 72-1 at ¶¶ 31-56. Other claims made by Burke in his Motion to Continue are similarly without merit. Thus, at this point, Burke has failed to meet the requirements and obligations attendant to the issuance of Rule 17(c) subpoenas, and his claimed need for the subpoenaed material is not a proper basis to continue the trial. Notwithstanding, should this Court determine that Burke has met the requirements and obligations of Rule 17(c) and so is permitted to issue one or more subpoenas, that process—issuance, service, any resulting litigation (motions to quash, etc.), and production—would inevitably extend beyond the currently scheduled trial date and would require, at least, a brief continuance of several weeks.

    Next, Burke's Motion to Continue further notes that Burke's Third Motion to Dismiss is pending and that resolution of that motion could materially alter the nature of the trial and the evidence relevant at the trial. Doc. 169 at 4. Here, the United States does not object, in part, with Burke's Motion to Continue trial. As has been documented in court filings and discussed during hearings, this case raises

5

unusually complex issues, which will require the use at trial of exhibits in multiple formats, including .pdfs, Excel worksheets (including system log data extracts), .txt files, .jpgs, screenshots, and audio-video streams. Composing and organizing the use of such exhibits in a manner that is accessible and easily understood at trial presents logistical challenges and takes time. The United States therefore believes that a ***brief continuance*** would significantly benefit the parties, this Court, and, importantly, any resulting jury, in that the resolution of the outstanding motions would allow both parties to appreciate the expected trial landscape and thereby appropriately adjust and organize their resulting anticipated case-in-chiefs (testimony, exhibits, arguments, etc.).

## IV. Conclusion

WHEREFORE, the United States submits that Burke's request to issue Rule 17(c) subpoenas is not a proper basis upon which to continue the trial in this case. Notwithstanding, the United States does not object to a ***brief continuance*** of trial to

allow for the resolution of outstanding motions and for the parties to adjust and organize their anticipated case-in-chiefs.

        Respectfully submitted,

        GREGORY W. KEHOE
        United States Attorney

        */s/ Jay G. Trezevant*
        Jay G. Trezevant
        Assistant United States Attorney
        Florida Bar No. 0802093
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: jay.trezevant@usdoj.gov

        */s/ Adam J. Duso*
        Adam J. Duso
        Assistant United States Attorney
        Florida Bar No. 1026003
        400 N. Tampa St., Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Email: adam.duso@usdoj.gov

U.S. v. Timothy Burke                    Case No. 8:24-cr-68-KKW-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael P. Maddux, Esq.
Mark D. Rasch, Esq.

                                                */s/ Jay G. Trezevant*
                                                Jay G. Trezevant
                                                Assistant United States Attorney