UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE

_____/

**DEFENDANT'S MOTION TO STRIKE "OBJECTIONS TO THE ISSUANCE OF RULE 17(c) SUBPOENAS" (DOC. 190)**

The government's most recent filing submitted by the government in Doc. 190, on August 29, 2025 after 3PM, styled as a "Notice of Victims' Objections to the Issuance of Rule 17(c) Subpoenas," should be struck. The government lacks standing to challenge subpoenas to third parties as explained in the Motion to Permit Submission ExParte and Under Seal. The pleading attempts to circumvent well-established constitutional and procedural safeguards by preemptively blocking the Defendant's right to compulsory process. That right, secured by the Sixth Amendment and implemented through Federal Rule of Criminal Procedure 17(c), cannot be so easily nullified by a non-party objection raised <u>before any subpoena has been issued or been served.</u>

At the outset, it is important to underscore that no subpoenas have yet been issued or served. The Defendant has merely filed an application with the

Court under Rule 17(c), seeking authorization to issue trial subpoenas to third-party custodians of evidence. The government's filing, purporting to raise "objections" on behalf of the "victims," is premature: there is no pending subpoena to quash, no recipient has been served, and no recipient has filed a motion to quash or modify.

Ultimately, the Defendant has a constitutional right under the Sixth Amendment's Confrontation Clause and the Fifth Amendment's guarantee of due process to gather, present, and confront evidence relevant to his defense. These rights are meaningless if third parties, through the government, can file objections before the Defendant even has a chance to engage in a good-faith meet-and-confer process with the recipients.

Any subpoena recipient wishing to object must do so individually, through a motion to quash or modify, supported by particularized claims of burden or privilege. The victim objections presented through the government are moot because they are non-parties to the subpoenas who lack standing to object to the production and no subpoenas have been issued or served.

Respectfully submitted,

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553
Email: mmaddux@madduxattorneys.com

*s/Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted Pro hac vice

COUNSEL FOR TIMOTHY BURKE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire