UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 8:24-cr-00068-KKM-TGW

TIMOTHY BURKE

_____/

### DEFENDANT TIMOTHY BURKE'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S DENIAL OF EARLY PRETRIAL PRODUCTION PURSUANT TO F.R. CRIM. P. 17(c)

COMES NOW, Defendant Timothy Burke, by and through the undersigned counsel, pursuant to Fed. R. Crim. P. 59(a) and moves for reconsideration of the order of Magistrate Judge Thomas Wilson (Doc. 198) reversing his previous decision to grant the Defendant's motion for the issuance of subpoenas *duces tecum* for production of materials relevant for trial from third parties. The ruling is a non-dispositive ruling on discovery, which **will significantly impact and delay this court's trial schedule**. This motion goes only to the *timing of production,* not the scope of what is produced. This motion is timely in that it is filed within 14 days of the rendering of the denial on September 5, 2025.

While the defendant has a constitutional *right to compel third parties to produce* by subpoena materials which are "evidentiary and relevant," there is no

absolute right to compel the production of these materials *before trial,* and the Magistrate Judge's ruling is examined, therefore, for "abuse of discretion."

Pretrial production is necessary because Mr. Burke "cannot properly prepare for trial without production and inspection of the documents in advance of trial, and failure to obtain the documents may tend unreasonably to delay the trial." *United States v. Nixon,* 418 U.S. 683, 699-700 (1974). Granting Mr. Burke's request is within the Court's discretion and appropriate for the foregoing reasons.

### 1. Pretrial Production is Necessary to Litigate Issues of Scope, Privilege, and Privacy Before Trial

The proposed subpoena recipients, the NBA, Fox News, CBS, and LiveU, have jointly raised concerns about the scope of the materials sought, whether they are "evidentiary and relevant," whether they invade the corporate entities' "privacy and dignity," and whether some of the materials sought are attorney-client privileged or attorney work-product protected.  The Court struck those objections (Doc. 196) as an unauthorized memorandum.  Nonetheless the issue of subpoenas that may issue in the future lingers.  In the end, it is more efficient for the trial process for these issues to be determined before trial, rather than after a jury has been empanelled.  If the subpoenas call for production at trial, these issues may have to be litigated on the cusp of trial, which hardly promotes judicial economy.  The best time to do this is now.

## 2. Pretrial Production is Necessary to Avoid Trial Delay Because the Documents May be Voluminous

While the subpoenas were drafted to call for production only of materials that are evidentiary and relevant, they may, of necessity, call for a large volume of records. Indeed, it is the hope of the defense team that only a narrow set of relevant and evidentiary materials is produced, as Mr. Burke has no interest in engaging in a "fishing expedition." We fully expect to negotiate with the subpoena recipients before production to receive only those documents essential to develop and present Mr. Burke's defense, and to protect his fundamental constitutional rights to a fair trial and the effective assistance of counsel. However, this speaks of focus, not volume. The government asserts that the entities here - Fox News, CBS, LiveU, etc., spent more than $800,000 collecting and processing information related to the alleged "unauthorized access." They retained law firms, investigative firms, and forensic firms, which reviewed data logs, Internet accounts, and the like, and then presumably prepared reports, memos, and summaries of the information and their investigation. Once their production is appropriately made under Rule 17(c), the defense team needs a reasonable amount of time to sort through the evidence. Ultimately, pretrial production is essential to prevent trial delay.

### 3. Pretrial Production is Necessary to Avoid Trial Delay Because the Documents Are Highly Technical

This computer-related case raises complex legal and technical issues about webpage configurations, access controls, audit logging, permissions, privacy rights and expectations, electronic and Internet evidence, website behavior, and whether websites' streaming communications are configured so that those communications are "readily accessible to the general public." The data relating to these issues, which was not subpoenaed by the grand jury, is in the exclusive possession, custody, and control of the parties Mr. Burke seeks to subpoena. Pretrial production of these highly technical records is necessary so that the defense experts (and, to the extent the records are covered by reciprocal discovery requirements under Rule 16, the government experts) can adequately review the materials. This is not merely a case with electronic evidence. This is a case where the entire prosecution concerns how the subject Internet and webpages work and are secured, how data flows across the Internet, and how the data is commonly used. Pretrial production will not only prevent trial delay, but it will also focus the issues for trial, allow experts to review the materials, narrow the scope of the trial, and may even convince the government not to proceed at all.

**Conclusion**

All parties, the government, the defendant, the witnesses, and the subpoena recipients, want any trial of this case to be focused and efficient. If the issues of privilege and scope must be litigated with a jury in the box, and if the subpoenaed records are only examined by counsel in between calling witnesses, this will invariably result in, at best, substantial trial delay, and at worst, due process, fair trial, and confrontation clause issues. There is no downside to ordering pretrial production of materials that must be produced, and to allow evidentiary and privilege issues to be addressed in an efficient and timely manner. Many of these issues likely can be resolved by conversations with counsel for the various entities. In the end, pretrial production is best practice for the jury, the District Court, and the subpoena recipients.

The parties are engaged in ongoing discussions regarding the subpoenas and the scope of the materials requested therein. These efforts are directed toward narrowing the breadth of the requests, with the goal of focusing only on materials that are relevant, proportional, and necessary to the issues presented in the indictment. The parties intend to at least minimize any areas of disagreement through this process, thereby reducing and even eliminating if possible the need for court intervention.

WHEREFORE, Defendant respectfully requests that this Court revisit and reconsider its denial of the motion to compel the early production of documents pursuant to Federal Rule of Criminal Procedure 17(c).

## LOCAL RULE 3.01 CERTIFICATION

In accordance with Middle District Local Rule 3.01(g), the undersigned certifies that he has conferred, in good faith, with counsel for the Government who does object to the requested relief.

Respectfully submitted,

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553
Email: mmaddux@madduxattorneys.com
ctonski@madduxattorneys.com

*s/Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted *Pro hac vice*

COUNSEL FOR TIMOTHY BURKE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of September, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

s/*Michael P. Maddux*
Michael P. Maddux, Esquire