UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  CASE NO. 8:24-cr-68-KKW-TGW

TIMOTHY BURKE

**UNITED STATES'** *UNOPPOSED* **MOTION FOR CLARIFICATION OF COURT'S ORDER DISMISSING COUNTS EIGHT THROUGH FOURTEEN, THE WIRETAP ACT COUNTS**

The United States of America respectfully files this *unopposed* motion requesting clarification of one aspect of this Court's Order dismissing the Wiretap Act counts charged by the indictment—Counts Eight through Fourteen—namely, this Court's "conclusion that the livestreams Burke allegedly intercepted are likely electronic communications, not oral or wire." Doc. 217 at fn 10. The United States submits:

1.      This Court entered an Order on September 25, 2025, dismissing Counts Eight through Fourteen of the indictment (the "Wiretap Act counts"), without prejudice. *Id.* That Order further explained that the United States could, at its option: (1) proceed to trial on the remaining counts and abandon the Wiretap Act counts, (2) pursue an appeal of the Order, or (3) pursue a superseding indictment that cures the Wiretap Act counts, consistent with the Order. *Id.* at 36-37.

2.      In the Order, this Court also discussed whether the audio-video livestreams that Burke allegedly intercepted are "electronic communication[s], []

wire communication[s], or both." *Id*. at 6. In that regard, the Court likened the livestreams in this case to satellite television signals and explained that "livestreams appear to be best understood as electronic communications, not a mixture of wire and electronic communications broken apart into human voice and video aspects." *Id*. (citing *United States v. Herring*, 993 F.2d 784, 785, 787 (11th Cir. 1993)). And, as noted above, the Court added that the livestreams Burke allegedly intercepted are "likely" electronic communications, not wire communications. *Id*. at fn 6. This Court also made clear that, if charging "wire" communications, the United States must plead and prove the party-to-the-communication exception, as an element. *See Id*. at 23-32.

      3.     The United States is presently considering all options this Court provided, including whether to pursue a superseding indictment that cures the Wiretap Act counts, in accordance with this Court's determinations and ruling. The United States therefore respectfully requests clarification of the Court's Order dismissing without prejudice those counts, in light of the Court's additional directions regarding "wire" communications. Should the United States seek to supersede the counts regarding intentional interceptions of audio-video livestream communications, in violation of 18 U.S.C. § 2511(1)(a), the United States intends to pursue a superseding indictment concerning, at least in part, the "wire" portion of the streams—i.e., the portion of the streams that contain a human voice (and therefore cannot be charged or proven as "electronic" communications). If, however, this Court's Order instead dismisses with prejudice the Wiretap Act counts with

respect to "wire" communications, the United States respectfully requests clarification on that point.

4. This Court has inherent authority to clarify or reconsider its September 25, 2025 Order. See, e.g., *Ferro v. Doctors Healthcare Plans, Inc.*, 2021 WL 5408968 at *1 (unpublished) (citing *Flintlock Const. Services, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1225 (11th Cir. 2013)).

5. The United States has consulted with Burke's counsel, Michael Maddux and Mark Rasch, who do not object to the motion but do not believe the Order needs clarification.

## CONCLUSION

WHEREFORE, the United States of America, respectfully requests that this Court clarify whether this Court's Order foreclosed treating the pertinent audio-video livestreams as "wire communications" and "electronic communications," under 18 U.S.C. § 2510(1) and (12), respectively.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Jay G. Trezevant*
      Jay G. Trezevant
      Assistant United States Attorney
      Florida Bar No. 2012221
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6358
      E-mail: jay.trezevant@usdoj.gov

*/s/ Adam J. Duso*
Adam J. Duso
Assistant United States Attorney
Florida Bar No. 1026003
400 N. Tampa St., Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Email: adam.duso@usdoj.gov

U.S. v. Timothy Burke                                    Case No. 8:24-cr-68-KKW-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Michael P. Maddux, Esq.
    Mark D. Rasch, Esq.

                                              */s/ Jay G. Trezevant*
                                              Jay G. Trezevant
                                              Assistant United States Attorney