UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                                CASE NO. 8:24-cr-68-KKW-TGW

TIMOTHY BURKE

**UNITED STATES' RESPONSE IN OPPOSITION TO BURKE'S MOTION
TO TERMINATE OR MODIFY CONDITIONS OF RELEASE**

The United States of America hereby responds to *Defendant's Motion to Terminate or Modify Conditions of Release* ("Motion to Modify"), filed March 27, 2026. Doc. 236. As explained below, Burke has provided no information or detail to support his motion, and his pretrial release conditions as originally ordered by this Court are reasonable and appropriate. His Motion to Modify therefore should be denied.

## I.    Introduction

On February 15, 2024, a federal grand jury returned a fourteen-count indictment charging Burke in Count One with conspiracy, in violation of 18 U.S.C. § 371; in Counts Two through Seven with intentionally accessing a protected computer without authorization, in violation of 18 U.S.C. § 1030(a)(2)(C); and in Counts Eight through Fourteen with intentionally intercepting communications and illegally disclosing some of them, in violation of the Wiretap Act, 18 U.S.C. § 2511(1)(a) and (c).

Burke was arrested on February 22, 2024, and brought before this Court for his initial appearance, pursuant to Fed. R. Crim. P. 5(a)(1)(A), (c), and (d)(3) (the court "must detain or release the defendant as provided by statute or these rules"). After considering the charges against Burke, the pretrial report, and argument from both parties, this Court, pursuant to 18 U.S.C. § 3142(c), released Burke from custody on the standard conditions of release and added certain special conditions. Those special conditions include that while on pretrial release Burke is required to: (1) restrict his travel to the Middle District of Florida, (2) undergo substance abuse testing and mental health evaluation, (3) surrender his passport, (4) make no efforts to secure new travel documents, and (5) have no contact with co-conspirator Marco Gaudino, witnesses, or victims in the case. Doc. 9.

## II.     Burke's Motion to Modify and Argument

Burke's Motion to Modify requests that this Court terminate his pretrial release or modify his conditions of release to a "call-in basis only." Doc. 236 at 1 and 4. As support, Burke cites to 18 U.S.C. § 3482(c)(3), *see id*. at 2-3, which permits a judicial officer to "amend the [release conditions] to impose additional or different conditions of release." Notably, while that provision permits ***modification*** of Burke's conditions of release, it offers no support for his request to ***terminate*** pretrial release. In any event, Burke's Motion to Modify appears to focus on his desire that the pretrial conditions relating to any travel restrictions be lifted, claiming *ipse dixit* that they "substantially interfere with his ability to work and earn a living." *Id*.

2

Burke's motion also includes two references to the Court's Order of September 25, 2025, which dismissed the Wiretap Act counts, Counts Eight through Fourteen. Doc. 236 at 1 and 3. Said dismissals did not address the weight of the evidence against Burke but were instead based upon the Court's First Amendment concerns regarding the Wiretap Act and determination that the United States must charge and prove additional element(s) to remedy those concerns. Doc. 217 at 35-36. The United States has filed a Notice of Appeal regarding the dismissal. Doc. 229. That appeal is pending. *See* 25-13969-DD.

Burke's Motion to Modify does not contain any specific information to support his request. Rather, the motion only summarily asserts that Burke is now working as a "journalist"—he was identifying himself as a "consultant" during the period charged in this case—and that his pretrial release conditions are somehow interfering with his work. He does not provide any explanation about his journalism efforts, identify any employer or publication with whom he claims association, nor explain how or why his pretrial release conditions somehow interfere with those efforts.

Indeed, Burke has only made a few requests to the Court to permit travel outside the Middle District of Florida during the pendency of this case. The first such request was at his March 2024 arraignment, during which he orally requested a modification of his pretrial release conditions to permit travel to Gainesville, Florida to help care for a sick family member. The United States did not oppose that request and the Court modified his conditions of release to permit travel to the

3

Northern District of Florida, provided he gain the approval of Pretrial Services. Doc. 17. In June 2025, Burke filed a second motion to travel to permit him to travel to Minnesota to visit an older family member. Doc. 133. The United States again did not oppose that request, which was quickly granted by the Court. Doc. 134. Burke filed a third motion to travel in January 2026, this time to Pennsylvania to attend a funeral. Doc. 234. Again, the United States did not oppose, and the motion was granted. Doc. 235. The undersigned does not believe that Burke has ever requested permission to travel for any work-related purposes (for journalism or otherwise). Had Burke done so, the United States likely would have quickly provided notice that we did not oppose the request.

## III.   Conclusion

Burke has offered no information to support his claim that his pretrial release conditions "substantially interfere with his ability to work and earn a living." Burke is charged by the grand jury in this case with serious federal felonies in which he is alleged to have accessed the protected computers of a national sports league and a technology company's streaming platform, and then exploiting some of the information obtained and stolen from the technology company's platform to wiretap the communications of multiple media companies. Doc. 1. The pretrial release conditions originally ordered in this case under 18 U.S.C. § 3142(c) were reasonable and appropriate, and Burke has provided no basis upon which they should be modified.

WHEREFORE, the United States submits that Burke's Motion to Modify should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 0802093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

**U.S. v. Timothy Burke**                    **Case No. 8:24-cr-68-KKW-TGW**

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael P. Maddux, Esq.
Mark D. Rasch, Esq.

*/s/ Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney