UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:24-cr-68-KKW-TGW

TIMOTHY BURKE

**_TIME-SENSITIVE_ UNITED STATES' MOTION FOR CONTINUANCE OF PROCEEDINGS PURSUANT TO 18 U.S.C § 3161(h)(7)(A)-(B) AND FOR STATUS CONFERENCE**

The United States of America respectfully moves for a continuance of the proceedings in this case for the purpose of excluding time under the Speedy Trial Act ("STA"), pursuant to 18 U.S.C. § 3161(h)(7)(A)-(B), to permit a reasonable amount of time, or 60 days following jurisdiction over this case being returned to this Court from the Eleventh Circuit,[1] for the United States to pursue a superseding indictment that conforms to the requirements set forth in this Court's orders dismissing without prejudice the Wiretap Act counts charged in Counts Eight through Fourteen, Docs. 1, 217, and 226, and to thereafter prepare for trial in this case.

The United States additionally requests that this Court hold an in-person or Zoom status conference as soon as is practicable, schedule a trial date certain, and establish a related scheduling order. Pursuant to Middle District of Florida Local Rule 3.01(f), this motion has been designated as "Time Sensitive" to ensure

---

[1] *See United States v. Timothy Burke* (Case No. 25-13969).

compliance with the mandates set forth in the STA, discussed further below. In support of this motion, the United States submits:

## I. Introduction and Pertinent Procedural Background

A grand jury returned a fourteen-count indictment against Burke alleging that he violated various provisions of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, and the Wiretap Act, 18 U.S.C. § 2511, and conspired to do the same. On May 19, 2025, Burke filed his third motion to dismiss Counts Eight through Fourteen ("the Wiretap Act counts"), arguing that those charges were brought pursuant to a fatally "overbroad" statute,[2] Doc. 125, and the United States responded in opposition. Doc. 138. This Court entered an Order on September 25, 2025, granting Burke's motion and dismissing the Wiretap Act counts without prejudice. Doc. 217. The Court elaborated in its Order that the United States could, at its option: (1) proceed to trial on the remaining counts and abandon the Wiretap Act counts, (2) pursue an appeal of the Order, or (3) pursue a superseding indictment that cures the Wiretap Act counts, consistent with the Order. *Id.* at 36-37.

The Court also discussed in its Order whether the audio-video livestreams that Burke allegedly intercepted are "electronic communication[s], [] wire communication[s], or both." *Id.* at 6. In that regard, the Court likened the livestreams in this case to satellite television signals and explained that "livestreams appear to be best understood as electronic communications, not a mixture of wire

[2] The motion was titled, "*Defendant's Replacement Memorandum of Law in Support of Motion to Dismiss Counts 8, 9, 10, 11, 12, 13, and 14*."

and electronic communications broken apart into human voice and video aspects." *Id*. (citing *United States v. Herring*, 993 F.2d 784, 785, 787 (11th Cir. 1993)). The Court added that the livestreams Burke allegedly intercepted are likely electronic communications, not wire communications. *Id*. at fn 10.

On September 30, 2025, the Court held a status conference during which the Court continued trial in this case to the January 2026 trial calendar and scheduled a follow-on status conference for October 30, 2025. Doc. 222. The Court also determined that the period from September 30, 2025, through February 1, 2026, was excludable time, articulating that the ends of justice outweighed the interests of the defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Docs. 222 and 224.

The United States, on October 7, 2025, filed an unopposed motion for clarification of one aspect of the Court's Order dismissing the Wiretap Act counts, namely the Court's conclusion that the livestreams Burke allegedly intercepted are electronic communications, not oral or wire. Doc. 225. The United States respectfully requested that this Court clarify whether the Court's Order dismissed with prejudice the Wiretap Act counts with respect to "wire" communications. *Id*. at 2-3. Thereafter, on October 20, 2025, this Court granted the United States' motion for clarification explaining that, as to the United States' inquiry, "the answer [was] yes[,]" in that "those communications that Burke allegedly intercepted and disclosed are 'electronic communication[s]' under the Wiretap Act." Doc. 226 at 2-3 and 9.

The United States then filed a notice of appeal, Doc. 229, appealing to the Eleventh Circuit the orders entered in this action on September 25 and October 20, 2025. Docs. 217, 226, and 229. This Office received notice on September 7, 2026, that the Solicitor General has not authorized said appeal to proceed. The United States therefore moved the Eleventh Circuit on September 8, 2026, to dismiss the pending appeal. *See United States v. Timothy Burke*, Case No. 25-13969, Doc. 26. Dismissal of the appeal returns jurisdiction to this Court.

## II. Argument

The STA requires a defendant's trial to begin within 70 days of his indictment or appearance "before a judicial officer of the court in which such charge is pending, whichever date last occurs." *See* 18 U.S.C. § 3161(c)(1). Certain periods, however, are automatically excluded from the 70-day period, including any delay resulting from any interlocutory appeal. 18 U.S.C. § 3161(h)(1)(C).

The Solicitor General "[d]etermin[es] whether, and to what extent, appeals will be taken by the Government … ." 28 C.F.R. § 0.20(b); *Justice Manual* § 2-1.000(b). The United States Attorney must report each adverse, appealable decision to the responsible component of the Department of Justice and must recommend whether the decision should be appealed. *Id.* §§ 2-2.110, 2.2.111, 9-2.170. That component—the Criminal Division, Appellate Section, in this case—then makes its own recommendation. *Id.* § 9-2.170(6). Attorneys in the Office of the Solicitor General also make recommendations to the Solicitor General, who decides whether to authorize the appeal. 28 C.F.R. § 0.20(b); *Justice Manual* § 9-2.170(6). The United

States' appeal therefore cannot proceed further without the Solicitor General's authorization, which was not granted. The United States therefore timely moved the Eleventh Circuit to dismiss the appeal, which was granted on September 14, 2026. *United States v. Timothy Burke*, Case No. 25-13969, Docs. 26 and 27. Dismissal of the appeal returns jurisdiction over this case to this Court for further proceedings. The undersigned calculates that approximately 64 speedy-trial days will have passed when this Court assumes jurisdiction. *See* Doc. 34 at 4-5. The United States has designated this motion as "Time Sensitive" to ensure proceedings in this case occur within the mandates of the STA.

Further, and in addition to certain periods of delay that are automatically excluded from the 70-day period, *see, i.e.* § 3161(h), a district court can, on its own motion or at the request of the defense or the United States, grant an excludable continuance if the court determines "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *and see United States v. Ogiekpolor*, 122 F.4th 1296, 1303, 1313 (11th Cir. 2024) (district court did not abuse discretion in granting United States' motion for continuance where, among other factors, United States planned to seek a superseding indictment, the case was complex, and the parties needed additional time to prepare for trial); *United States v. Dunn*, 83 F.4th 1305, 1314 (11th Circuit 2023).

An ends-of-justice continuance has both procedural and substantive components. Procedurally, the STA requires the court to "set[] forth, in the record of

the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see Zedner v. United States*, 547 U.S. 489, 506-07 (2006). Factors which a court shall consider in making its decision include: (i) whether the failure to grant such a continuance would likely make a continuation of the proceedings impossible or result in a miscarriage of justice; and (ii) whether the case is so unusual or complex, due to the nature of the prosecution or the existence of novel questions of fact or law, that it would be unreasonable to expect adequate preparation for pretrial proceedings or trial itself within the time limits established by the STA. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii); *and see Ogiekpolor*, 122 F.4th at 1312-1313. Thus, as explained by the Eleventh Circuit:

> Trial judges deciding [whether to grant an ends-of-justice continuance] must consider those elements set forth in the [STA]. Appropriate consideration must always be given to a multiplicity of factors, i.e. adequate time for defense counsel [and the government] to prepare, …, pending motions, anticipated trial time, …, conflicts in schedules of judges and trial counsel, etc. Such a list is possibly endless.
> -

*United States v. Henry*, 698 F.2d 1172, 1174 (11th Circuit 1983). District courts therefore are given "broad discretion … when attempting to comply with the mandates of the [STA] and the exclusions thereto." *Ogiekpolor*, 122 F.4th at 1313 (cleaned up).

With respect to this case, the "nature of the prosecution" warrants a continuance because the case is both unusual and complex due to the incredible

volume and technical aspects of discovery and the existence of novel questions of fact and law. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(ii). As explained above, the Wiretap Act charges brought by the indictment in this case were dismissed without prejudice. Doc. 217. The United States now intends to pursue a superseding indictment that comports with this Court's pertinent September 25 and October 20, 2025 Orders—clarifying that the audio-video livestreams at issue in this case do not fall within the definition of "wire communication" under 18 U.S.C. § 2510 but instead may fit only "within the Wiretap Act's 'very broad' definition of an electronic communication," Doc. 226 at 7-8—requiring that the United States must plead and prove two additional elements when bringing a charge that a defendant has intercepted an electronic communications, in violation of 18 U.S.C. § 2511(1)(a):

1. that the defendant was not a "party to the communication" intercepted, Doc. 217 at 23-32; and

2. that the electronic communication was not made through an electronic communication system configured so that the electronic communication was readily accessible to the general public, *id.* at 32-35.

That effort will require the United States to prepare multiple documents that fully consider and account for any implications of this Court's September 25 and October 20, 2025 Orders in the context of existing evidence, engage in one or more inter-Department consultations, secure certain approvals, coordinate with multiple corporate victims, and make one or more presentations to a grand jury. Thereafter, the parties will need to prepare for trial in this case in accordance with any pretrial scheduling order entered by this Court. Denying this ends-of-justice motion therefore

would "deny the [United States] the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and would result in a "miscarriage of justice." 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (iv); *see, e.g., Ogiekpolor*, 122 F.4th at 1313.

**III. Conclusion**

WHEREFORE, the United States of America respectfully requests that this Court grant this motion, pursuant to 18 U.S.C. § 3161(h)(7)(A)-(B), and permit a reasonable amount of time, or 60 days following jurisdiction being returned to this Court, for the United States to pursue a superseding indictment that conforms to the requirements set forth in this Court's orders dismissing without prejudice the Wiretap Act counts charged in Counts Eight through Fourteen, Docs. 217 and 226, and to thereafter prepare for trial in this case.

The United States also requests that this Court hold an in-person or Zoom status conference as soon as is practicable, schedule a trial date certain, and establish a related scheduling order.

Undersigned counsel has conferred in good faith with counsel for Burke who does not oppose this Court scheduling a hearing to determine the schedule going forward in this case but does oppose any United States' efforts to pursue any of the dismissed Wiretap Act counts.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 2012221
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

**U.S. v. Timothy Burke** **Case No. 8:24-cr-68-KKW-TGW**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael P. Maddux, Esq.
Mark D. Rasch, Esq.

*/s/ Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney