OCT 8 2026 PM4:01
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:24-cr-68-KKM-SPF
18 U.S.C. § 371
TIMOTHY BURKE 18 U.S.C. § 1030(a)(2)(C)
18 U.S.C. § 2511(1)(a)
18 U.S.C. § 2511(1)(c)

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

SEALED

**COUNT ONE**
**(Conspiracy)**

**A. Introduction**

At times relevant to this Superseding Indictment:

The Conspirators and Their Roles

1. Defendant Timothy Burke ("BURKE") resided in Tampa, Florida in the Middle District of Florida. BURKE played multiple roles in the conspiracy, including using compromised credentials to gain unauthorized access to protected computers, scouring those protected computers for electronic items and information, obtaining and stealing electronic items and information deemed desirable, organizing and exploiting some of those electronic items and information, and intercepting and disclosing the contents

of electronic audio-video communications. Such electronic audio-video communications are also referred to herein as "streams."

2. To facilitate BURKE's conspiratorial conduct, BURKE maintained and used the website ilovecitr.us, multiple computers, and electronic communications services, including his Twitter account @b—og and the Google accounts associated with email addresses t—ke@gmail.com and tim@b—ns.com. BURKE accessed the Internet from his Tampa residence via Internet Protocol addresses ("IP addresses"), namely IPv4 addresses 47.197.207.86 and 47.197.207.14.

3. Conspirator Marco Gaudino ("Gaudino") resided in Washington. Gaudino also played multiple roles in the conspiracy, including securing and using compromised credentials to gain unauthorized access to protected computers, scouring those protected computers for electronic items and information, obtaining and stealing electronic items and information deemed desirable, organizing and exploiting some of those electronic items and information, and intercepting the contents of electronic audio-video communications.

4. To facilitate Gaudino's role in the conspiratorial conduct, Gaudino maintained and used computers, the Twitter account @E—es, and the Google account associated with email address m—99@gmail.com.

Gaudino accessed the Internet from his Washington residence via IPv4 address 67.183.179.97 and at least two other IPv6 addresses.

The Companies

*The National Sports League*

5. A national sports league, referred to herein as the "NSL", was a professional sports league founded in New York City, New York. The NSL operated in North America and was composed of teams based in states across the United States and in Canada.

6. As one of the major sports leagues in North America, the NSL had long-standing contracts and partnerships with television and radio network broadcasters in the United States, Canada, and elsewhere.

7. As part of its business operations, the NSL used computers in or affecting interstate and/or foreign commerce, including those that made use of one or more file transfer protocol ("FTP") servers, such as an FTP server located at ftp://ftp01.[NSL].com. Access to that FTP server required the use of a username and password (hereinafter, also "credentials").

*StreamCo*

8. A video contribution technology company with offices in the United States, referred to herein as "StreamCo", provided a technology platform allowing media and other customers the means to effectively create,

transmit, store, and publish secure audio-video streams as part of their operations. StreamCo used computer network systems in or affecting interstate and/or foreign commerce.

9. "StreamCo-Net" was a paid subscription-based StreamCo service that allowed its broadcaster-customers to electronically record and transmit high-resolution audio-video communications over the Internet. The StreamCo-Net offered a preview function that enabled its broadcaster-customers to access and review, at a lower resolution, the audio-video communications being streamed across the StreamCo-Net for quality assurance and for other business-related purposes. The StreamCo-Net preview function was viewable by accessing specific uniform resource locaters ("URLs") that were composed of letters, numbers, and symbols and included a unique StreamCo-assigned "BID", generated by an algorithm, that functioned much like a Social Security number.

10. The BIDs ranged from 9-16 characters and were associated with the StreamCo devices used by StreamCo and its customers to capture, transmit, and record streamed content. In other words, a camera used to capture and stream events, including in-studio productions, was plugged into a StreamCo device that had an assigned unique BID. Each StreamCo device

was typically only associated with a discrete StreamCo customer and was not typically shared between StreamCo customers.

11. Each StreamCo Internet audio-video stream transmission was encoded by a StreamCo device at the event location and sent in a high-resolution format via a StreamCo proprietary streaming point-to-point protocol to a StreamCo receiving device capable of decoding that transmission, which also had an assigned unique BID.

12. The StreamCo-Net was configured to limit access to only authorized customers through the Internet via a secured password-protected website, which required customers to enter assigned credentials before gaining access.

*Network #1*

13. A media company headquartered in New York City, New York, referred to herein as "Network #1" or "NW-1", produced and distributed content through multiple brands, including NW-1 News Media and NW-1 Sports. NW-1 used computers in or affecting interstate and/or foreign commerce.

14. NW-1 was a StreamCo broadcaster-customer and owned and used multiple StreamCo devices to develop and internally transmit NW-1 content through the StreamCo-Net service.

*Network #2*

15. A commercial broadcast network, headquartered in New York City, New York, referred to herein as "Network #2" or "NW-2", produced and distributed content through multiple divisions, including NW-2 News and the NW-2 Sports Network. NW-2 used computers in or affecting interstate and/or foreign commerce.

16. NW-2 was a StreamCo broadcaster-customer and owned and used multiple StreamCo devices to develop and internally transmit NW-2 content through the StreamCo-Net service.

Definitions

17. A "computer" was an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and included any data storage facility or communications facility directly related to or operating in conjunction with such device.

18. A "protected computer" was a computer which was used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that was used in a manner that affected interstate or foreign commerce or communication of the United States.

19. A "server," including an FTP server, was a computer that provided services for other computers connected to it via a computer network—i.e., a set of computers connected together locally for the purpose of sharing resources—or the Internet. Servers could be physically located and accessed anywhere with a network or Internet connection. A server could have been a physical or virtual machine. A physical server was a piece of computer hardware configured as a server. Multiple virtual servers could be located on a single physical server, but each virtual server's data would be segregated from the data of the other virtual servers.

20. An "Internet protocol address" or "IP address" was a unique identifier assigned to every computer on the Internet or a local network, much like a phone number. An IP address could at times be used to identify the location of the computer connected to the Internet. Internet service providers could assign two different formats of IP addresses to the same account, an IPv4 address and an IPv6 address. IPv6 is the next generation IP address standard intended to supplement and eventually replace IPv4, which format convention does not allow for enough available IP addresses due to the proliferation of Internet-connected devices.

**B. The Conspiracy**

21. Beginning on an unknown date, but no later than in or around February 2022, and continuing into May 2023, in the Middle District of Florida and elsewhere, the defendant,

TIMOTHY BURKE,

did knowingly and voluntarily combine, conspire, confederate, and agree with Marco Gaudino and other persons, both known and unknown to the Grand Jury, to commit the following offenses against the United States:

a. to intentionally access a protected computer without authorization to obtain information therefrom, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii);

b. to intentionally intercept, endeavor to intercept, and procure any person to intercept and endeavor to intercept, an electronic communication, in violation of 18 U.S.C. § 2511(1)(a) and (4)(a); and

c. to intentionally disclose, and endeavor to disclose, to any other person the contents of any electronic communication, knowing and having reason to know that the information was illegally obtained through the interception of an electronic communication, in violation of 18 U.S.C. § 2511(1)(c) and (4)(a).

**C. The Manner and Means of the Conspiracy**

22. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

a. It was part of the conspiracy that BURKE and Gaudino would and did use Twitter direct messages and their Google accounts to exchange information and to coordinate their conduct;

b. It was further part of the conspiracy that BURKE and Gaudino would and did use the Internet to search protected computers and otherwise to secure credentials (usernames and passwords), which had been issued to other entities and individuals with whom BURKE and Gaudino had no affiliation;

c. It was further part of the conspiracy that BURKE and Gaudino would and did secure, share, and save credentials found or otherwise obtained that enabled access to protected computers owned or used by the NSL, StreamCo, NW-2, and other entities (collectively, the "Victim Entities"), without having been authorized to possess or share said compromised credentials by the Victim Entities or associated individuals to whom those credentials had been issued;

d. It was further part of the conspiracy that BURKE and Gaudino would and did repeatedly use the compromised credentials to gain unauthorized access to the Victim Entities' protected computers;

e. It was further part of the conspiracy that, after gaining unauthorized access to the Victim Entities' protected computers, BURKE and

Gaudino would and did scour the protected computers for electronic items and information they deemed desirable;

f. It was further part of the conspiracy that BURKE and Gaudino would and did obtain and steal electronic items and information found on the Victim Entities' protected computers without securing any authorization or permission from the Victim Entities to observe, possess, or use said items or information;

g. It was further part of the conspiracy that BURKE and Gaudino would and did use their respective computers to organize and exploit electronic items and information obtained and stolen from the StreamCo-Net, including StreamCo-Net BIDs and other proprietary information, to intercept, and to endeavor to intercept, the contents of electronic audio-video communications as they were being transmitted across the StreamCo-Net (the "intercepted contents") by its broadcaster-customers;

h. It was further part of the conspiracy that BURKE and Gaudino would and did download and save to their respective computers the intercepted contents retrieved via the StreamCo-Net;

i. It was further part of the conspiracy that BURKE and Gaudino would and did exchange direct messages about disclosing some of the intercepted contents retrieved via the StreamCo-Net;

j. It was further part of the conspiracy that BURKE would and did disclose some of the intercepted contents to other persons or entities;

k. It was further part of the conspiracy that, prior to disclosing some of the intercepted contents, BURKE took steps to conceal that the intercepted contents had been originally retrieved from the StreamCo-Net;

l. It was further part of the conspiracy that BURKE and Gaudino would and did engage in multiple virtual exchanges, perform acts, and make statements to promote and achieve the objects of the conspiracy and to misrepresent, hide, and conceal the conspiracy and the acts committed in furtherance thereof.

## D. Overt Acts

23. In furtherance of the conspiracy, and to effect its objects, BURKE and Gaudino committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

a. On or about February 20, 2022, Gaudino and BURKE exchanged direct messages via their Twitter accounts, each of which constitutes a separate overt act, regarding compromised credentials that would enable them to access a protected computer, namely the NSL FTP server located at ftp://ftp01.[NSL].com, without having been authorized by the NSL to use those credentials or to access that FTP server:

| Overt Act | Direct Message | Message From | Message To |
|---|---|---|---|
| a.1 | ftp://ftp01.[NSL].com<br>f—ry<br>H—s1<br>It's the main [NSL] FTP for all of their footage they post to social, send to partners, etc. | E—es | b—og |
| a.2 | i see | b—og | E—es |

b. On or about each of the dates (and times) set forth below, each of which constitutes a separate overt act, BURKE used compromised credentials to gain unauthorized access from the specified IP address to a protected computer, namely to the NSL FTP server located at ftp://ftp01.[NSL].com:

| Overt Act | Date (UTC) | Conduct | IP Address |
|---|---|---|---|
| b.1 | 02-21-2022 (05:40:03) | Successful FTP log in using NSL credentials | 47.197.207.86 |
| b.2 | 09-08-2022 (05:04:14) | Successful FTP log in using NSL credentials | 47.197.207.14 |
| b.3 | 09-14-2022 (23:09:21) | Successful FTP log in using NSL credentials | 47.197.207.14 |
| b.4 | 11-02-2022 (01:43:39) | Successful FTP log in using NSL credentials | 47.197.207.14 |

c. On or about each of the dates set forth below, each of which constitutes a separate overt act, BURKE sent a direct message via his Twitter account to Gaudino, regarding BURKE's unauthorized access of a protected computer, namely the NSL FTP server located at ftp://ftp01.[NSL].com, and BURKE's efforts to obtain, download, and steal electronic items and information found therein:

| Overt Act | Date | Direct Message | Message From | Message To |
|---|---|---|---|---|
| **c.1** | 05-08-2022 | I kind of gave up on the NSL FTP because the transfers were so slow. Are they slow for you? | b—og | E—es |
| **c.2** | 06-22-2022 | for whatever reason when i try to download multiple at a time it ends up in like an 80 GB broken file of garbage | b—og | E—es |
| **c.3** | 06-22-2022 | i figured it out, it's the way the segmenting works in cyberduck i turned it off and the transfers are way slower but they work now | b—og | E—es |

d. On or about August 22, 2022, Gaudino and BURKE exchanged direct messages via their Twitter accounts, each of which constitutes a separate overt act, regarding compromised NW-2 credentials that would enable the conspirators to access a protected computer, namely the StreamCo-Net, without having been authorized by either NW-2 or StreamCo to use those credentials or to access that computer network:

| Overt Act | Date | Direct Message | Message From | Message To |
|---|---|---|---|---|
| **d.1** | 08-22-2022 | Oh, also [NW-2]-net-demo [NW-2]news!! https://t.co/BW30vuhCoT | E—es | b—og |
| **d.2** | 08-22-2022 | >1080i lol. fun though thanks | b—og | E—es |

e. On or about each of the dates (and times) set forth below, each of which constitutes a separate overt act, BURKE and Gaudino, as specified, used compromised NW-2 credentials to gain unauthorized access

from the specified IP address to a protected computer, namely the StreamCo-Net:

| Overt Act | Date (UTC) | Conduct | IP Address Conspirator |
|---|---|---|---|
| **e.1** | 08-22-2022 (19:43:04) | Log in to StreamCo-Net | 67.183.179.97 Gaudino |
| **e.2** | 08-22-2022 (19:45:26) | Log in to StreamCo-Net | 47.197.207.14 BURKE |
| **e.3** | 08-23-2022 (13:56:26) | Log in to StreamCo-Net | 47.197.207.14 BURKE |
| **e.4** | 08-24-2022 (17:25:23) | Log in to StreamCo-Net | 47.197.207.14 BURKE |
| **e.5** | 09-13-2022 (19:40:38) | Log in to StreamCo-Net | 47.197.207.14 BURKE |
| **e.6** | 09-25-2022 (16:43:27) | Log in to StreamCo-Net | 47.197.207.14 BURKE |
| **e.7** | 09-28-2022 (18:54:57) | Log in to StreamCo-Net | 47.197.207.14 BURKE |
| **e.8** | 10-13-2022 (23:27:10) | Log in to StreamCo-Net | 67.183.179.97 Gaudino |

f. On or about August 22, 2022, BURKE created and saved to his computer system automated scripts named "[NW-1]new.py" and "download.php" to organize and exploit the electronic items and information obtained and stolen from a protected computer, namely the StreamCo-Net.

g. On or about August 22, 2022, BURKE edited and saved to his Google drive associated with t—ke@gmail.com an Excel file named "locals.csv" to organize and exploit the electronic items and information obtained and stolen from a protected computer, namely the StreamCo-Net.

h. On or about each of the dates set forth below, each of which constitutes a separate overt act, BURKE created and saved to his computer system the specified file, which contained information found on and stolen from a protected computer, namely the StreamCo-Net:

| Overt Act | Date | File Name | File Description |
|---|---|---|---|
| **h.1** | 08-22-2022 | feeds1 (2).m3u | File containing 1,184 unique StreamCo-Net URLs |
| **h.2** | 08-23-2022 | feeds1 (1).m3u | File containing 1,578 unique StreamCo-Net URLs |
| **h.3** | 08-24-2022 | feeds1 (5).m3u | File containing 1,859 unique StreamCo-Net URLs |
| **h.4** | 09-13-2022 | feeds1 (7).m3u | File containing 3,015 unique StreamCo-Net URLs |

i. On or about each of the dates set forth below, each of which constitutes a separate overt act, BURKE saved to his computer system the specified file, which contained the contents of electronic communications that had been intercepted by the conspirators during transmission by StreamCo broadcast-customers across the StreamCo-Net:

| Overt Act | Date Saved | File Name | File Description |
|---|---|---|---|
| **i.1** | 08-23-2022 | [NW-2]TM.ts | NW-2 stream capturing off-camera production team conversations, pre-recording for a planned news segment, off-air production conversations and makeup applications to news correspondent |
| **i.2** | 09-03-2022 | [NW-2]N—ah91.ts | NW-2 stream capturing news anchor pre-recording introductions for planned news segments and pre-and-post-production conversations and activity |
| **i.3** | 09-03-2022 | 2022-09-03_01-57-25_[NW-2].ts | NW-2 stream capturing news correspondent hosting off-camera conversation with multiple participants concerning their political views in preparation for a segment of a planned broadcast |
| **i.4** | 09-14-2022 | 2022-09-14_14-06-04_[NW-1]NEWS1.ts | NW-1 stream capturing pre-production conversations and references to Outlook email |
| **i.5** | 09-26-2022 | 2022-09-26_10-08-02_[S.H.CAM].ts | NW-1 stream capturing pre-production conversation by weather correspondent and camera crew in vehicle and on scene reporting about approaching hurricane |

j. On or about the date set forth below, BURKE disclosed the below, which had been culled from electronic communications intercepted by the conspirators during transmissions by a StreamCo broadcast-customer across the StreamCo-Net:

| Date | Description |
|---|---|
| 04-24-2023 | Excerpt from NW-1 stream intercepted on 09-28-22 (together with false and misleading caption), which originally captured pre-production statements by show host expressing concern about potential impact to host's house from approaching hurricane |

All in violation of 18 U.S.C. § 371.

**COUNTS TWO AND THREE**
**(Intentionally Accessing Protected Computer Without Authorization)**

1. The Grand Jury realleges and incorporates by reference the paragraphs contained in Section A and Section C of Count One of this Superseding Indictment as though fully set forth herein.

2. On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

TIMOTHY BURKE,

intentionally accessed a protected computer used in and affecting interstate and foreign commerce and communication, namely, the NSL FTP server located at ftp://ftp01.[NSL].com, without authorization, and thereby obtained information from that protected computer, as further detailed below:

| COUNT | LOG IN DATE (UTC) | IP ADDRESS (LOCATION) | INFORMATION OBTAINED |
|---|---|---|---|
| TWO | 09-08-22 | 47.197.207.14 (BURKE Residence) | Multiple files, beginning with file named: /data/aspera/footage/ /[NSL]edit/20REM-EDIT_SC/media/0000035250_239076.mxf |
| THREE | 11-02-22 | 47.197.207.14 (BURKE Residence) | Multiple files, beginning with file named: /data/aspera/footage/ /content_network_source_format /production_feed4_part1_1101222.mov |

In violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2), and 18 U.S.C. § 2.

**COUNTS FOUR THROUGH SEVEN**
**(Intentionally Accessing Protected Computer Without Authorization)**

1. The Grand Jury realleges and incorporates by reference the paragraphs contained in Section A and Section C of Count One of this Superseding Indictment as though fully set forth herein.

2. On or about the date (and time) set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

TIMOTHY BURKE,

intentionally accessed a protected computer used in and affecting interstate and foreign commerce and communication, namely, the StreamCo-Net, without authorization, and thereby obtained information from that protected computer in furtherance of a criminal act, in violation of 18 U.S.C. § 2511(1)(a), as further detailed below:

| COUNT | LOG IN DATE (UTC) | IP ADDRESS (LOCATION) | INFORMATION OBTAINED |
|---|---|---|---|
| **FOUR** | 08-22-2022 (19:45:26) | 47.197.207.14 (BURKE Residence) | StreamCo-Net BIDs |
| **FIVE** | 08-23-2022 (13:56:26) | 47.197.207.14 (BURKE Residence) | StreamCo-Net BIDs |
| **SIX** | 08-24-2022 (17:25:23) | 47.197.207.14 (BURKE Residence) | StreamCo-Net BIDs |
| **SEVEN** | 09-13-2022 (19:40:38) | 47.197.207.14 (BURKE Residence) | StreamCo-Net BIDs |

In violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii), and 18 U.S.C. § 2.

**COUNTS EIGHT THROUGH TWELVE**
**(Intentional Interception of an Electronic Communication)**

1. The Grand Jury realleges and incorporates by reference the paragraphs contained in Section A and Section C of Count One of this Superseding Indictment as though fully set forth herein.

2. On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

TIMOTHY BURKE,

intentionally intercepted, endeavored to intercept, and procured another person to intercept and to endeavor to intercept, the contents of an electronic communication as it was occurring, through the use of a device, namely a

computer, via an electronic communication system that was not configured so that the communication was readily accessible to the general public, when BURKE was not a party to the communication and had not been given prior consent to such interception by a party, as further detailed below:

| COUNT | DATE | IP ADDRESS (Device Location) | INTERCEPTED COMMUNICATION |
|---|---|---|---|
| **EIGHT** | 08-23-2022 | 67.183.179.97 (Gaudino Residence) | NW-2 stream capturing off-camera production team conversations, pre-recording for a planned news segment, off-air production conversations and makeup applications to news correspondent |
| **NINE** | 09-01-2022 | 67.183.179.97 (Gaudino Residence) | NW-2 stream capturing news anchor pre-recording introductions for planned news segments and pre-and-post-production conversations and activity |
| **TEN** | 09-03-2022 | 47.197.207.14 (BURKE Residence) | NW-2 stream capturing news correspondent hosting off-camera conversation with multiple participants concerning their political views in preparation for a segment of a planned broadcast |
| **ELEVEN** | 09-14-2022 | 47.197.207.14 (BURKE Residence) | NW-1 stream capturing pre-production conversations and references to Outlook email |

| COUNT | DATE | IP ADDRESS (Device Location) | INTERCEPTED COMMUNICATION |
|---|---|---|---|
| **TWELVE** | 09-26-2022 | 47.197.207.14 (BURKE Residence) | NW-1 stream capturing pre-production conversation by weather correspondent and camera crew in vehicle and on scene reporting about approaching hurricane |

In violation of 18 U.S.C. § 2511(1)(a), and 18 U.S.C. § 2.

**COUNT THIRTEEN**
**(Intentionally Disclosing Illegally Intercepted Electronic Communication)**

1. The Grand Jury realleges and incorporates by reference the paragraphs contained in Section A and Section C of Count One of this Superseding Indictment as though fully set forth herein.

2. On or about the date set forth below, in the Middle District of Florida and elsewhere, the defendant,

TIMOTHY BURKE,

intentionally disclosed, and endeavored to disclose, to another person, the contents of an electronic communication, knowing and having reason to know that the information was obtained through the interception of an electronic communication, in violation of 18 U.S.C. § 2511(1)(a), as further detailed below:

| DATE | DISCLOSED COMMUNICATION |
|---|---|
| 04-24-2023 | Excerpt from NW-1 stream intercepted on 09-28-22 (together with false and misleading caption), which originally captured pre-production statements by show host expressing concern about potential impact to host's house from approaching hurricane |

In violation of 18 U.S.C. § 2511(1)(c), and 18 U.S.C. § 2.

## FORFEITURE

1. The allegations contained in Counts One through Thirteen of this Superseding Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1030(i), and 2513, and 28 U.S.C. § 2461.

2. Upon conviction of a violation of 18 U.S.C. § 1030, the defendant, TIMOTHY BURKE, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation and, pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit or to facilitate the commission of such violation.

3. Upon conviction of a violation of 18 U.S.C. § 2511, the defendant, TIMOTHY BURKE, shall forfeit to the United States, pursuant to 18 U.S.C. § 2513, any electronic, mechanical, or other device used, sent,

carried, manufactured, assembled, possessed, sold, or advertised in violation of section 2511.

4. The property to be forfeited includes, but is not limited to, the $1,500.00 in proceeds BURKE obtained as a result of the commission of one or more offenses, the website domain ilovecitr.us, and the following items seized from BURKE on May 8, 2023:

| Reference Number | Description of Asset |
|---|---|
| 4.a | One gray iPhone |
| 4.b | One gray Apple laptop, Model A1278, Serial number C1MH3DJ9DV13 with power cord |
| 4.c | One gray Macbook Air, Model A1466, Serial number C02MM0SNFLCG with power cord |
| 4.d | One black rackmount PC - NVMe |
| 4.e | One black rackmount PC - HDD |
| 4.f | One black rackmount PC - Samsung NVMe |
| 4.g | One black rackmount PC - SSD |
| 4.h | One black rackmount PC - RAID |
| 4.i | One white computer tower - RALLY RAID |
| 4.j | One white computer tower - NVMe 960 |
| 4.k | One white computer tower - NVMe 970 |
| 4.l | One white computer tower - HDD RAID (8 Drives) |
| 4.m | One white computer tower - HDD 9 |
| 4.n | One white computer tower - HDD 10 |
| 4.o | One gray Lacie external hard drive |
| 4.p | One black PC tower |
| 4.q | One Apple iPhone Model A1660, black |
| 4.r | One black ASUS PC Serial number CCPDCG0019WM - HDD |
| 4.s | One black ASUS PC Serial number CCPDCG0019WM - SSD |
| 4.t | One black Hitachi 500GB hard drive S/N 80G3XZLC with two cords |

5. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By: ______________________
Jay G. Trezevant
Assistant United States Attorney

By: ______________________
Michael Kenneth
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
October 26

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

TIMOTHY BURKE

SUPERSEDING INDICTMENT

Violations: 18 U.S.C. § 371, 18 U.S.C. § 1030, 18 U.S.C. § 2511

A true bill,

Foreperson

Filed in open court this 8th day

of October 2026.

Clerk

Bail $____________________

GPO 863 525