**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO.: 8:24-cr-00068-KKM-TGW**

**TIMOTHY BURKE**
**______________________________/**

**DEFENDANT'S REPLY MEMO RE *BARKER V WINGO***

The government's response notes it is "unsurprising that, during the interlocutory appeal, the United States required the 323 days at issue—between the United States Attorney's Notice of Appeal and the Solicitor General's final decision on whether, and to what extent, the appeal should proceed." Doc. 257 at 14. It was not "unsurprising"; it was unprecedented. Each factor under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), weighs against the government: the length of the delay, the reason for it, Mr. Burke's assertion of his right, and the prejudice to him.

**I. The Length of the Delay**

This case has been pending for 974 days, well past the one-year mark at which delay is presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Of that time, 323 days, from the notice of appeal (Doc. 229, Oct. 27, 2025) to the mandate (Sept. 14, 2026), were consumed by an appeal the government never briefed, despite the requirement that a brief be filed within 40 days after

filing the record. Fed. R. App. P. 31(a)(1); 11th Cir. R. 12-1, 31-1(a). Federal Judicial Center data show that period is the longest in recent memory. (See, Exhibit A, Chart Documenting the Time Between the Government's Filing of Its Interlocutory Appeal and Its Dismissal of That Appeal; and Exhibit B, Chart Documenting the Timing Between the Government's Filing of Its Interlocutory Appeal and the Filing of Its Initial Brief). Since 2010 (when records are freely available online), the United States has been a party in 20,028 criminal cases appealed to the Eleventh Circuit and was appellant of an interlocutory appeal in 53 of them; one of those is Mr. Burke, and one is sealed. The government has voluntarily dismissed 24 other interlocutory criminal appeals in the Eleventh Circuit without filing a brief and without other intervention; the time from docketing to dismissal averaged 53 days (longest 120). When the government filed a brief in an interlocutory appeal, the average time from notice of appeal to brief was 94 days (longest 148). Here, the Government's dismissal took 301 days—twice as long as the next-longest and nearly six times the average. *Id.* Across all circuits in the past 15 years, the longest of 205 such appeals over the same period took 226 days. *Id.*

The government first mentioned the Solicitor General's approval *was required* on January 21, 2026, 86 days after its notice of appeal and only as a statement of policy. USCA Doc. 9 at 2. It only disclosed *the appeal had not been authorized* on June 15, 2026, 231 days after its notice. USCA Doc. 19 at 2–3. In the

two cases in the 11th Circuit where the government requested a delay because of required OSG approval (interlocutory appeals of suppression motions in MDFL), it formally requested a stay in the appeal by motion. *United States v. Moore*, No. 12-13315 (11th Cir.) Mot. for Stay at 2 (Aug. 1, 2012) (Doc. 18)(66 day delay until dismissal); *United States v. Chu*, No. 12-15850 (11th Cir.) Mot. for Stay at 1–2 (Dec. 20, 2012) (Doc. 18); Docs. 22, 29 (99 day delay). Not so here.

**II. The Reason for the Delay**

Delay caused by a government interlocutory appeal may be weighed under *Barker*, and courts examine the appeal's "purpose and reasonableness." *United States v. Loud Hawk*, 474 U.S. 302, 315–16 (1986). The government bears the burden of establishing valid reasons for the delay. *United States v. Villarreal*, 613 F.3d 1344, 1351 (11th Cir. 2010); *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006). In each case the government cites, the record showed why the appeal took the time it did. The government won its appeals in *Loud Hawk*, 474 U.S. at 316. The appeal was briefed, argued, and decided in *United States v. Herman*, 576 F.2d 1139, 1146 (5th Cir. 1978). And in *United States v. Saintil*, 705 F.2d 415, 418–19 (11th Cir. 1983), the government had negligently appealed a non-appealable order and moved to dismiss when it realized the error resulting in a "relative[ly] short[]" delay of five months. *Id.*

Here, the government offers only that it was awaiting OSG approval. Doc. 257 at 11–12, 14–15. There is no declaration from the OSG, no chronology, and no document showing when the request arrived, what was done with it, *or why no decision was issued for most of a year*. Nothing in the record shows good faith, bad faith, or any other justification, particularly where, as here, high-level DOJ approval for the indictment was required by regulation. 28 C.F.R. § 50.10(b)(2)(ii)(A), (m)(1) (2022). Nor were the issues new: Mr. Burke raised them in July 2024, and they were briefed, argued, and decided here over the following fourteen months. Doc. 257 at 13–14. In opposing the *Barker* motion, the government observes that Burke noted the "factual complexity of this case" Doc 257 at 13, but never states that this in any way contributed to the OSG's delay.

The delay traces to the government's own choice. It Indicted on a reading of the Wiretap Act that this Court found raised "significant First Amendment concerns," Doc. 217 at 32, and a superseding indictment was available to it throughout. Doc. 217 at 36–37. Without a factual record of *why the Solicitor General took 323 days*, the Court cannot presume good faith or justification. Unexplained delay is at least negligence, which "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution." *Doggett*, 505 U.S. at 657. Condoning it "would . . . simply encourage

the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority." *Id.*

**III. Mr. Burke's Assertion of His Right**

Mr. Burke asserted his constitutional right as soon as jurisdiction returned to this Court. The mandate issued September 14, 2026, and he moved to dismiss eight days later. Doc. 255. The government says his failure to assert the right earlier "is weighed heavily against him." Doc. 257 at 19. But while the appeal was pending, this case was stayed, Doc. 230, and it is not clear that the Court of Appeals could have dismissed the indictment on constitutional grounds without a remand, because a *Barker* claim turns on *facts found in the trial court*. Even so, Mr. Burke asked the Court of Appeals in January to limit any extension, USCA Doc. 10. Once the government disclosed the appeal was unauthorized, he opposed further extension and moved to dismiss the appeal for want of prosecution. USCA Docs. 20, 23. A defendant's assertion of the right "is entitled to strong evidentiary weight." *Barker*, 407 U.S. at 531–32.

**IV. Prejudice**

Because the first three factors weigh heavily against the government, Mr. Burke need not show actual prejudice. *Ingram*, 446 F.3d at 1336. The prejudice here is nonetheless extraordinary. The government seized a journalist's newsroom, materials Congress generally protects from search and seizure even under a

warrant, 42 U.S.C. § 2000aa(a)–(b). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion). Over Mr. Burke's objection, Doc. 39, the government obtained a protective order under which he may not review what it designated as "Covered Materials," including files seized from his own computer, without supervision, and may not disseminate them. Doc. 69 ¶¶ 1, 4. The government argued that he should not be "allowed to publish pending trial." Doc. 63 at 10. And under the Eleventh Circuit's ruling, he cannot seek return of his property until this prosecution ends. *Burke v. United States*, No. 23-13649, slip op. at 3 (11th Cir. May 24, 2024). In *In re Search of the Real Property & Premises of Hannah Natanson*, the court ordered that the government could not even review materials seized from a reporter and ordered the bulk of the materials to be returned, even though the case related to classified information not protected by 42 U.S.C. § 2000aa(b)(1)(A) Mem. Op. & Order at 16, 21–22, No. 1:26-sw-00054 (E.D. Va. Feb. 24, 2026), ECF No. 62, aff'd, ECF No. 122 (E.D. Va. May 4, 2026) (Trenga, J.).

The Court may also consider effects of the prosecution on "the defendant's employment, his financial resources, public obloquy, and the anxiety experienced by him, his family, and friends." *United States v. Bailey*, 399 F. Supp. 526, 531 (M.D. Fla. 1975), *citing Moore v. Arizona*, 414 U.S. 25, 27 (1973)("this Court can take judicial

notice that the pendency of a criminal indictment against one engaged in the practice of law would have a devastating effect on such person's professional standing and his ability to earn a livelihood as an attorney") *Id.* Mr. Burke's work depends on full access to files the government holds as well as his ability to assure confidentiality to his sources. Furthermore, due to Mr. Burke's financial situation he has contributed significant research to his own defense through his own labor; now, a year later, his wife has been diagnosed with a rare form of breast cancer and his ability to contribute work toward his defense is hampered by his role as her primary caretaker, driver, and home nurse.

**CONCLUSION**

The Court should dismiss the Indictment with prejudice. *Strunk v. United States*, 412 U.S. 434, 439–40 (1973). Alternatively, it should order a sworn chronology from the Office of the Solicitor General and set an evidentiary hearing before ruling.

Respectfully submitted,

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar # 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 32606
Phone: (813) 253-3363
Fax: (813) 253-2553
Email:
mmaddux@madduxattorneys.com

*s/ Mark D. Rasch*
Mark D. Rasch
Law Office of Mark Rasch
Member, MD, MA, NY Bar
MDRasch@gmail.com
(301) 547-6925
Admitted pro hac vice

COUNSEL FOR TIMOTHY BURKE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of October, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire