**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO.: 8:24-cr-00068-KKM-SPF**

**TIMOTHY BURKE**
**______________________________/**

## MOTION TO CONTINUE TRIAL

**COME NOW**, Defendant, TIMOTHY BURKE, by and through his undersigned Counsel, and move this Honorable Court to continue the December 7, 2026 trial term in this matter, pursuant to Title 18, United States Code, Section 3161(h)(7)(A). The grounds for this Motion are as follows:

1. On October 8, 2026, a Grand Jury in the Middle District of Florida returned a Superseding Indictment against the Defendant. (Doc. 260).

2. Mr. Burke waived arraignment on the Superseding Indictment upon the filing of counsel's notice of appearance (Doc. 265), and the arraignment was conducted on October 21, 2026 (Doc. 269).

3. Mr. Burke filed a Motion to Dismiss on September 22, 2026, before the new indictment issued (Doc. 255) based on statutory and constitutional speedy trial grounds. The government did not issue the current Superseding Indictment until October 8, 2026. The Court denied the motion

on October 28, 2026, after the government responded. (Doc. 270)

4. Mr. Burke is not incarcerated.

5. This matter is set for a status conference on November 3, 2026 and a date-certain trial date of December 7, 2026. (Doc 253, 254)

6. Defendant anticipates filing a Motion to Dismiss parts, if not all, of the Superseding Indictment and may file additional motions related to changes in the Superseding Indictment.

7. Defense Counsels and Counsel for the USA conferred on October 30, 2026, regarding outstanding discovery. Mr. Trezevant agreed Defendant would be entitled to Brady information regarding the Government's cooperating co-conspirator, Marco Gaudino, and would work on producing that information.

8. The Superseding Indictment changes the nature of allegations and potentially the theory of defense. The new counts change how the Government treats Mr. Burke's conduct and how the defense intends to respond. Additional time is necessary to obtain expert review of the current Superseding Indictment allegations, prepare potential Rule 17 subpoenas, and otherwise prepare for the unique issues presented by the case. While the focus on the original indictment - and the impetus for the investigation was the alleged download and rebroadcast of an interview between a high-

profile and controversial network news correspondent and a high-profile former Presidential candidate and rapper, and anti semetic comments allegedly concealed from the public, the Superseding Indictment removes this completely - at least from the substantive counts and the stated overt acts.

9. The charged conduct also determines the witnesses. The alleged victims whose communications were intercepted are Network - 2 (Counts Eight through Ten) and Network - 1 (Counts Eleven through Thirteen); the NSL is the alleged victim of Counts Two and Three; and StreamCo's engineers and records custodians are essential to establish how the preview system, the "BIDs," and access to them were configured in 2022. The production and on-air personnel whose pre-production conversations are described in Counts Eight through Thirteen are potential witnesses. And the cooperating co-conspirator, Marco Gaudino, whose IP address is the one attributed to Counts Eight and Nine, is central: the Government must prove those counts, as to Mr. Burke, on a theory that he procured another person's interception, and Mr. Gaudino's statements, credibility, and capacity as a witness bear directly on that proof.

10. The defense must therefore identify the files and download records tied to each count; obtain independent technical review of the

StreamCo-Net platform, the NSL file-transfer server, and the preview streams; prepare Rule 17(c) subpoenas to third parties such as Network - 2, Network - 1, StreamCo, and the NSL; and obtain Brady and Giglio material concerning Mr. Gaudino. While the case was in the Court of Appeals, from the Government's notice of appeal on October 27, 2025 until the appeal was dismissed in September 2026 (Doc. 229; Doc. 230; Doc. 270 at 2), the defense continued to investigate, but it could not compel the production of evidence from third parties under Federal Rule of Criminal Procedure 17(c) because the case was stayed in this Court. That evidence remains outstanding. The Government returned the Superseding Indictment sixty days before the December 7, 2026 trial date, and the arraignment occurred forty-seven days before it.

11. Lead Trial Counsel, Michael P. Maddux, will not be at the status conference due to making closing arguments in a case before the Honorable Judge William Jung and co-counsel, Jennifer Szymczak, will be handling the status conference. Moreover, he will be out of the country on a previously planned vacation from November 14-24, 2026.

12. Given the forthcoming Motion to Dismiss, the impracticability of adequate preparation for a December trial in light of the new charges, and the effect that outstanding discovery may have on the need for further pretrial

motion practice, the Defendant respectfully requests that the trial date be struck and the matter set for a status conference in December to assess the progress of the case at that time. Counsel for the government has advised it has a date certain trial in February and otherwise is available and ready for trial. Counsel for the defense, Mr. Maddux, is on the Honorable Judge Virginia Covington's January docket for a drug and gun case expected to go to trial due to severe minimum mandatory penalties.

5. This present Motion is submitted in good faith and without any intention to cause unnecessary delay or inconvenience to any party. The ends of justice would be served by the granting of the motion to continue the trial and outweigh the best interest of the public and the defendant in a speedy trial, in accordance with 18 U.S.C. Section 3161(h)(7)(A) and (B).

## **MEMORANDUM OF LAW**

"Because of the great latitude that must be afforded a trial judge in scheduling matters, a trial court has broad discretion in ruling on requests for continuances. [citation omitted]." See *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir.1985).

Speedy Trial Act. The Act expressly authorizes the Court to exclude any period of delay resulting from a continuance granted on the Court's findings that "the ends of justice served by" the continuance "outweigh the

best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court has already alluded to the fact that the case is "so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section," *id.* § 3161(h)(7)(B)(ii), and whether the failure to grant the continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," *id.* § 3161(h)(7)(B)(iv). The Court has itself described the First Amendment and technology issues in this case as "novel" and "complex." Order (Doc. 270) at 2; see *id.* at 4. The Court must place its ends-of-justice findings on the record, *Zedner v. United States*, 547 U.S. 489, 506–07 (2006), and Defendant asks that it do so here. In addition, the time between the filing of Defendant's anticipated motion to dismiss and its disposition is independently excludable. 18 U.S.C. § 3161(h)(1)(D).

Sixth Amendment. In light of the Court's denial of Mr. Burke's constitutional speedy trial claim (Doc. 270), the current motion to change the trial date would likely foreclose a constitutional speedy trial claim for the period requested by the defendant. See *Barker v. Wingo*, 407 U.S. 514, 530–31 (1972); *United States v. Loud Hawk*, 474 U.S. 302, 316 (1986); *United*

*States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006); *United States v. Twitty*, 107 F.3d 1482, 1490 (11th Cir. 1997).

**WHEREFORE**, Defendant requests this trial date be struck, and a Status Conference be scheduled in December.

Respectfully Submitted,

*s/Michael P. Maddux*
Michael P. Maddux, P.A.
Florida Bar No.: 0964212
2102 West Cleveland Street
Tampa, Florida 33606
Attorney for Defendant
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail:mmaddux@madduxattorneys.com

## LOCAL RULE 3.01 CERTIFICATION

In accordance with Middle District Local Rule 3.01(g), the undersigned certifies that he has conferred, in good faith, with counsel for the Government who objects to the requested relief. If the Court is inclined to grant the Motion, Mr. Trezevant requests the Trial not be set in February 2027 because of another trial conflict he has during that time.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of November 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire